**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-1152-MEH

BENJAMIN S. CARSON, Secretary of Housing and Urban Development,

  Plaintiff/Counterclaim Defendant,

v.

ESTATE OF VERNA MAE GOLZ and
WILLIAM J. GOLZ,

  Defendants/Counterclaim Plaintiffs,

MARCUS J. GOLZ,
MATTHEW J. GOLZ, and
UNKNOWN HEIRS AND CLAIMANTS OF THE ESTATE OF VERNA
  MAE GOLZ,

  Defendants.

---

**[PROPOSED] JOINT CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

---

**1. APPEARANCES OF PARTIES AND COUNSEL**

  **A. For Plaintiff/Counterclaim Defendant Benjamin S. Carson, Secretary of Housing and Urban Development:**

Shiwon Choe, Assistant United States Attorney.

  **B. For Defendants/Counterclaim Plaintiffs the Estate of Verna Mae Golz and William J. Golz:**

Daniel Vedra, Esq. and Katherine Russell, Esq.

**C.     For Defendant Marcus J. Golz:**

Marcus J. Golz is pro se.  Mr. Marcus Golz has not answered the Complaint or appeared in this action, and on August 15, 2017, the Clerk of the Court entered default against him.  ECF No. 30.

**D.     For Defendant Matthew J. Golz:**

Matthew J. Golz is pro se.  Mr. Matthew Golz has not answered the Complaint or appeared in this action, and on August 15, 2017, the Clerk of the Court entered default against him.  ECF No. 30.

**E.     For Defendants Unknown Heirs and Claimants of the Estate of Verna Mae Golz:**

None of the named parties are aware of any unknown persons or entities other than the named parties with an interest in the real property at issue in this case (the "Property").  Out of an abundance of caution, however, Plaintiff named as defendants all Unknown Heirs and Claimants of which the parties may not be aware that might have an interest in the Property.  No such Unknown Heir or Claimant has answered the Complaint or appeared in the litigation, and on August 23, 2017, the Clerk of the Court entered default against them.  ECF No. 33.

**2.     STATEMENT OF JURISDICTION**

This is an action brought by Plaintiff pursuant to 28 U.S.C. § 1345 and 42 U.S.C. § 3535(i) to foreclose on the Property, which is the subject of a deed of trust held by the Department of Housing and Urban Development ("HUD"), together with counterclaims brought by Defendants/Counterclaim Plaintiffs the Estate of Verna Mae Golz and William J. Golz under the Administrative Procedure Act ("APA") pursuant to 5 U.S.C. §§ 706(1) and (2)(A).

3.      **DATES OF FILING OF RELEVANT PLEADINGS**

Plaintiff's Complaint was filed on May 9, 2017.  ECF No. 1.

Plaintiff's Amended Complaint was filed on August 18, 2017.  ECF No. 31.

Defendants/Counterclaim Plaintiffs' Answer to the Amended Complaint and

Counterclaims under the APA was filed on September 25, 2017.  ECF No. 46.

4.      **CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE**

Plaintiff/Counterclaim Defendant and Defendants/Counterclaim Plaintiffs have consented

to the exercise of jurisdiction of a United States Magistrate Judge.  At a Rule 26(f) conference

between the parties on June 27, 2017, at which Defendants Marcus J. Golz and Matthew J. Golz

attended via telephone, such Defendants also consented to the exercise of jurisdiction of a United

States Magistrate Judge.

**DEFENDANTS/COUNTERCLAIM PLAINTIFFS'
ADMINISTRATIVE PROCEDURE ACT COUNTERCLAIMS**

5.      **STATEMENT REGARDING WHETHER DEFENDANTS/COUNTERCLAIM
        PLAINTIFFS' APA COUNTERCLAIMS RAISE UNUSUAL CLAIMS OR
        DEFENSES**

None.

6.      **OTHER MATTERS**

Defendants/Counterclaim Plaintiffs assert as the final agency action at issue in their APA

counterclaims a letter HUD sent to William J. Golz on May 18, 2015.  Counterclaims ¶ 37.

Plaintiff/Counterclaim Defendant will file the administrative record thereto as set forth in

Paragraph 7.B, below.  Defendants/Counterclaim Plaintiffs have indicated that they may file

amended counterclaims, but the parties agree that any such amendment will not alter or expand

the scope of the administrative record to be filed.  Nothing herein shall be construed as an

admission or agreement by Plaintiff/Counterclaim Defendant that the May 18, 2015 letter in fact constitutes final agency action.

7.   **SCHEDULE WITH RESPECT TO DEFENDANTS/COUNTERCLAIM PLAINTIFFS' APA COUNTERCLAIMS**

    A.   **Deadline for Plaintiff/Counterclaim Defendant to respond to Defendants/ Counterclaim Plaintiffs' APA counterclaims:**

Sixty days from the date that Plaintiff/Counterclaim Defendant was served with Defendants/Counterclaim Plaintiffs' counterclaims.  Should Defendants/Counterclaim Plaintiffs file amended counterclaims, Plaintiff/Counterclaim Defendant shall have sixty days from the date of service of that pleading to file a response.

    B.   **Deadline for filing administrative record:**

Seventy-five days from the date that Plaintiff/Counterclaim Defendant was served with Defendants/Counterclaim Plaintiffs' counterclaims.  Should Defendants/Counterclaim Plaintiffs file amended counterclaims, Plaintiff/Counterclaim Defendant shall have seventy-five days from the date of service of that pleading to file the administrative record.

    C.   **Deadline for parties to confer on record disputes:**

Thirty days from the date the administrative record is filed.

    D.   **Deadline for filing motions to complete and/or supplement the administrative record:**

Thirty days from the deadline for parties to confer on record disputes.

    E.   **Defendants/Counterclaim Plaintiffs' opening brief with respect to their APA claims due:**

Thirty days after the deadline for filing motions to complete and/or supplement the administrative record.  If there are challenges to the record, the briefing schedule will be modified accordingly.

**F.      Response briefs due:**

Thirty days after the filing of Defendants/Counterclaim Plaintiffs' opening brief.

**G.      Reply briefs (if any) due:**

Fifteen days after the filing of Plaintiff/Counterclaim Defendant's response brief.

**8.      STATEMENTS REGARDING ORAL ARGUMENT**

The parties request oral argument.  The primary issue in this case concerns a question of interpretation of a HUD regulatory scheme, and the parties respectfully request the opportunity to present oral arguments and believe that such arguments may assist the Court in reaching its decision.

<u>**PLAINTIFF'S FORECLOSURE CLAIM**</u>

**9.      STATEMENT OF CLAIMS AND DEFENSES**

**A.      Plaintiff:**

On January 18, 2002, Verna Mae Golz entered into a "reverse mortgage" loan agreement with a reverse mortgage lender.  HUD provided the lender with Federal Housing Administration ("FHA") insurance on its loan under the Home Equity Conversion Mortgage program.  *See* 12 U.S.C. § 1715z-20.  In 2011, the lender submitted an insurance claim to HUD, and HUD paid out $242,013.06 to the lender.  In exchange, the lender assigned its rights and interests under the mortgage to HUD.

Ms. Golz's obligations to pay back her loans were secured by promissory notes (the "Notes") and deeds of trust (the "Deeds of Trust") that she executed on the Property, found at 130 Beaver Creek Drive, Nederland, Colorado 80466, with a legal address of Lot 19, Beaver Valley Estates, County of Boulder, State of Colorado.

The Notes and Deeds of Trust provide that Ms. Golz's loans would become due and payable in full upon certain triggering events ("events of default"), including Ms. Golz's death or Ms. Golz's ceasing to principally reside on the Property.  The Deeds of Trust further provide that if an event of default occurs and the loan is payable in full, the lender and HUD may foreclose on the Property and "may invoke the power of sale and any other remedies permitted under applicable law," and "shall be entitled to collect all expenses incurred in pursuing [such] remedies . . ., including, but not limited to, reasonable attorneys fees and costs of title evidence."

Ms. Golz passed away on May 16, 2014.  Per the Notes and Deeds of Trust, this was an event of default on the loan, and the total balance of Ms. Golz's loans became fully due and payable.

Neither Ms. Golz, her Estate, nor any other person or entity, has repaid the balance that Ms. Golz accrued on her loan.  HUD brings this action to recover on the outstanding loan balance, including as necessary through a foreclosure on the Property.

**B.** **Defendants:**

**1.** **Estate of Verna Mae Golz and William J. Golz:**

The Estate of Verna Mae Golz, by and through William Golz as duly appointed personal representative, and William Golz submit that HUD is not permitted to commence a foreclosure because HUD has failed to comply with its own regulations with respect to reverse mortgages. The lien that HUD is attempting to foreclose is a "Home Equity Conversion Mortgage" or "HECM."  HUD insured the HECM under a program created under the National Housing Act for the purposes of assisting elderly borrowers.  The original lender assigned the HECM to HUD in

exchange for a payment of insurance benefits.  After the assignment, Ms. Golz passed away and therefore, defaulted on the mortgage.

Following Ms. Golz's passing, William Golz promptly notified the HECM servicer that Ms. Golz had passed away, and that he intended to purchase the property from the Estate.  Under 12 C.F.R. § 206.125(b), the mortgagee is required to appraise the property within thirty (30) days of the mortgagor's death.  After the appraisal, the mortgagor (or the estate), may sell the property for 95% of the appraised value, and the mortgagee shall release all encumbrances of record securing any obligation to the mortgagee.  As the assignee of the mortgagee, HUD is and was the current and relevant mortgagee, and was bound to honor HUD's regulations, appraise the property, and permit the Estate to sell the Property for 95% of the appraised value.

Neither party disputes that HUD did not appraise the property within thirty (30) days of Ms. Golz's death and permit the Estate to sell the property for 95% of that appraised value. HUD submits that HUD's own regulations do not require HUD to appraise the property and sell the property for 95% of the appraised value.  Accordingly, the Estate and Golz filed their counterclaim under the Administrative Procedure Act for review of final agency action and to compel agency action unreasonably withheld or delayed.

Further, the Estate and Golz submit that HUD is not permitted to proceed to foreclosure based upon HUD's failure to comply with federal law.  The Estate and Golz also submit that HUD comes to the Court with unclean hands, and is not permitted to foreclose.

### 2.   Marcus J. Golz, Matthew J. Golz, and Unknown Heirs and Claimants of the Estate of Verna Mae Golz

None of these Defendants have answered the Complaint or asserted any defense, and the Clerk of the Court has entered default against each such Defendant.

**10.     UNDISPUTED FACTS**

The following facts are undisputed:

1.      The Property at issue is the real property found at 130 Beaver Creek Drive, Nederland, Colorado, 80466, with a legal address of Lot 19, Beaver Valley Estates, County of Boulder, State of Colorado.

2.      The Property is currently occupied by the Estate of Verna Mae Golz.

3.      The Property is subject of a federally-insured Home Equity Conversion Mortgage (HECM) loan, commonly referred to as a "reverse mortgage."

4.      The loan balance is secured by the Property.

5.      There are no other encumbrances on the Property and HUD is the only lienholder.

6.      On January 18, 2002, Verna Mae Golz entered into a loan agreement (the "Loan Agreement") with Financial Freedom Senior Funding Corp. ("Financial Freedom").  A copy of the Loan Agreement is attached as Exhibit 1 to the Amended Complaint, and all parties agree that this copy is true, correct, and authentic.

7.      Ms. Golz executed a promissory note with Financial Freedom (the "First Note") and a second promissory note with HUD (the "Second Note").  Copies of the Notes are attached as Exhibits 2 and 3 to the Amended Complaint, and all parties agree that these copies are true, correct, and authentic.

8.      Ms. Golz executed a deed of trust on the Property naming Financial Freedom as beneficiary (the "First Deed of Trust") and a second deed of trust naming HUD as beneficiary (the "Second Deed of Trust").  Copies of the Deeds of Trust are attached as Exhibits 4 and 5 to the Amended Complaint, and all parties agree that these copies are true, correct, and authentic.

The Deeds of Trust were recorded with the Boulder County Clerk on January 26, 2002 as Record Nos. 2246751 and 2246752, respectively.

9.      After issuing the reverse mortgage, Financial Freedom assigned the First Deed of Trust to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Financial Freedom on November 17, 2009.  A copy of this assignment is attached as Exhibit 6 to the Amended Complaint, and all parties agree that this copy is true, correct, and authentic.  The assignment was recorded with the Boulder County Clerk on November 18, 2009 as record No. 03042520.

10.     In December 2011, Financial Freedom had MERS assign the First Deed of Trust to HUD.  A copy of the assignment of the First Deed of Trust from MERS to HUD is attached as Exhibit 7 to the Amended Complaint, and all parties agree that this copy is true, correct, and authentic.  The assignment was recorded with the Boulder County Clerk on December 19, 2011 as Record No. 03190883.

11.     Ms. Golz passed away on May 16, 2014.

**11.    COMPUTATION OF DAMAGES**

As of the date that the Amended Complaint was filed (August 18, 2017), the balance owing, due, and payable under the Notes was $288,260.83.  Additional interest, fees, and costs may continue to accrue.  Plaintiff may seek costs and fees of prosecution.

The Estate and Golz do not seek damages, but do seek their reasonable attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.  The Estate and Golz further submit that HUD is not entitled to an award of damages, fees, or costs, as the HECM is a non-recourse loan, and HUD's only remedy is to foreclosure.

**12.     DISCOVERY LIMITATIONS**

The parties agree to forego discovery (including the exchange of Rule 26(a)(1)

disclosures).

The parties reserve the right, following the production of the administrative record, to

move for good cause to modify this limitation to allow discovery with respect to matters not

related to Defendants/Counterclaim Plaintiffs' APA counterclaims or any affirmative defenses

that HUD failed to comply with HUD regulations.  Matters related to Defendants/Counterclaim

Plaintiffs' APA counterclaims or any affirmative defenses that HUD failed to comply with HUD

regulations are excluded from the scope of discovery.

Dispositive motions shall be due thirty days after the date on which reply briefs are due

with respect to Defendants/Counterclaim Plaintiffs' APA counterclaims, as set forth in Paragraph

7.G, above.

**13.     OTHER SCHEDULING MATTERS**

**A.     Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:**

None.

**B.     Anticipated length of trial and whether trial is to the court or jury:**

Two days to the Court.

**C.     Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439:**

None.

*      *      *      *

14.     **NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the

moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of this

case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information

must be reported and filed with the Court pursuant to the applicable local rule.

15.     **AMENDMENTS TO JOINT CASE MANAGEMENT PLAN AND SCHEDULING
        ORDER**

This joint case management plan and scheduling order may be altered or amended only

upon a showing of good cause.


DATED at Denver, Colorado, this ____ day of _____, 2017.


BY THE COURT:


_____
United States Magistrate Judge

APPROVED:

ROBERT C. TROYER
Acting United States Attorney

*s/Shiwon Choe*
Shiwon Choe
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
(303) 454-0100
(303) 454-0411 (facsimile)
shiwon.choe@usdoj.gov
*Attorney for Benjamin S. Carson*

*s/Daniel J. Vedra*
Daniel J. Vedra, Esq.
Katherine Russell, Esq.
Vedra Law LLC
1435 Larimer Street, Suite 302
Denver, Colorado 80202
(303) 937-6540
(303) 937-6547 (facsimile)
dan@vedralaw.com
kate@vedralaw.com
*Attorneys for the Estate of Verna Mae Golz
    and William J. Golz*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 6, 2017, I filed the foregoing with the Clerk of Court

using the CM/ECF system, which will send notification of such filing to any party who has

entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

I hereby further certify that I will send the foregoing to the following non-CM/ECF

participants in the manner indicated by each non-participant's name:

> Marcus J. Golz (by U.S. mail and e-mail)
> 552 Hillsdale Street
> Helena, Montana 59601
> golzmj@gmail.com
>
> Matthew J. Golz (by U.S. mail and e-mail)
> 565 Congress Avenue
> Havre De Grace, Maryland 21078
> threecando@gmail.com

> *s/Shiwon Choe*
> SHIWON CHOE
> Assistant United States Attorney