IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01152-MEH

BENJAMIN S. CARSON, Secretary of Housing and Urban Development,

    Plaintiff,

v.

ESTATE OF VERNA MAE GOLZ,
WILLIAM J. GOLZ,
MARCUS, J. GOLZ,
MATTHEW J. GOLZ, and
UNKNOWN HEIRS AND CLAIMANTS OF THE ESTATE OF VERNA MAE GOLZ,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Defendant William J. Golz ("Golz") seeks reconsideration of a portion of the Court's February 5, 2018 minute order granting the withdrawal of defense counsel, Richard Marsh. *See* ECF No. 82. Specifically, Golz asks the Court to strike the language, "the Court will not permit any further undue delays in this case based on a change of attorneys." *See id.*

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Nevertheless, "motions for reconsideration are routinely entertained in one form or another, by federal courts." *United States ex rel. Superior Steel Connectors Corp. v. RK Specialities, Inc.*, No. 11–cv–01488–CMA, 2012 WL 3264296, at *1 (D. Colo. Aug. 10, 2012) (unpublished). The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citations omitted). Although Golz does not identify under which particular ground he brings his motion, the content and his request reveal Golz believes there is a "need to correct clear error or prevent manifest injustice."

The Court finds Golz has demonstrated neither clear error nor manifest injustice by the Court's admonition seeking to prevent further delay in this case. Three of the four attorneys who have represented the Estate and Golz in this matter moved for withdrawal informing the Court that Golz "discharged" them from representation. *See* ECF Nos. 36, 59, 82. In addition, this case was filed on May 9, 2017 and a scheduling order was entered October 13, 2017; however, when the Plaintiff moved to vacate the existing Scheduling Order and set a deadline for a proposed revised Scheduling Order, the Estate and Golz who were "without legal representation . . . oppose[d] setting *any* deadline for submitting an amended scheduling order." ECF No. 68 (emphasis added). The Court has since granted extensions of time to allow the parties to prepare and file an amended scheduling order, but eleven months after the case was filed, such order still has been neither proposed nor entered.[1] The delays in this case have been both unusual and disproportionate.

With that said, the Court finds that to the extent its language may be misinterpreted by potential counsel seeking to represent Golz and the Estate, the Court will amend its language in the February 5, 2018 minute order in the interests of justice and judicial economy as follows: "the Court will not permit any delays in this case based on circumstances it may find to be 'undue,' including

---

[1] The Court has set a Status Conference on April 16, 2018, at which the Court will discuss with the parties their objections to any proposed Scheduling Order.

but not limited to any unexplained repetitive changes of attorneys."

Accordingly, the Defendant's Motion for Partial Reconsideration of Minute Order Dated February 5, 2018 [filed April 5, 2018; ECF No. 90] is **granted in part and denied in part** as set forth herein.

Entered and dated this 9th day of April, 2018, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge