FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2018 APR 19  AM 10: 41

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-1152-RBJ-MEH

BENJAMIN S. CARSON, Secretary of
Housing and Urban Development,

      Plaintiff,

v.

ESTATE OF VERNA MAE GOLZ,
WILLIAM J. GOLZ,
MARCUS J. GOLZ,
MATTHEW J. GOLZ, and
UNKNOWN HEIRS AND CLAIMANTS
    OF THE ESTATE OF VERNA MAE
    GOLZ,

      Defendants.

---

### DEFENDANT'S MOTION TO STAY ALL FURTHER ACTION BY UNITED STATES MAGISTRATE JUDGE MICHAEL E. HEGARTY, TO STRIKE THE APRIL 16 STATUS CONFERENCE, AND TO VACATE THE ORDER OF REFERENCE

---

William J. Golz, Ph.D., ("**Defendant**" or "**Dr. Golz**") is the son of Verna Mae Golz

("**Verna Mae**"), personal representative and sole devisee of Verna Mae's estate (the "**Estate**"),

and, along with his family, an occupant of the Estate's property at 130 Beaver Creek Drive, Ned-

erland, Colorado (the "**Property**") which is security for a Home Equity Conversion Mortgage

loan (the "**loan**").  On April 11, 2018, the District Judge entered an Order of Reference (the "**Or-

der of Reference**"), ECF 97, to Magistrate Judge Michael E. Hegarty ("**Magistrate Hegarty**").

Defendant moves the District Judge to stay all further action by Magistrate Hegarty, to strike the

April 16, 2018 Status Conference (the "**Status Conference**") from the record, and to have the

Order of Reference vacated, in support of which Defendant states as follows:

## PRELIMINARY STATEMENT

Defendant's June-25 and June-27, 2016 letters, and their enclosures, notified Assistant United States Attorney ("AUSA") Kevin Traskos, Chief of the Civil Division for the United States Attorney's Office for the District of Colorado (the "USAO"), that Dr. Golz's family was occupying and maintaining the Property. In an August-2, 2016, letter, which enclosed an anno-tated section of the Colorado Criminal Code on criminal trespass, Dr. Golz advised AUSA Traskos that Housing and Urban Development ("HUD" or the "agency" ) and its agents must "cease and desist trespassing" and that the "July 6th [2016] trespass violated the Colorado crimi-nal-trespass statute." *See* ECF 81, Ex. G (ECF 81-7); *see also* ECF 64, ¶¶ 122-125.

In an October-9, 2016 letter to former AUSAs Shiwon Choe and Elizabeth Froehlke, De-fendant recounted HUD's agent's trespasses on "May 11th, June 6th and July 6th, ignoring my re-peated written instructions to cease and desist[.]" *See* ECF 64, ¶ 126. In October and November 2016, AUSAs Choe and Froehlke had been in regular contact with Defendant's Arizona Attorney Thomas Horne whom they did not advise that the agency was about to take an adverse action on December 2, 2016, when HUD's contractor BLM Companies LLC, using work orders that falsely stated that the Property was a HUD "Acquisition", hired two men from a distant metro-politan area who drove two vans to the Property, where they destroyed the storm door, caused other property damage, and installed a "HUD lock" on the front door (the "Forcible Entry"). ECF 64, ¶¶ 127-131; ECF 81 at 16, ¶ 4 to 19, ¶ 2.

Beginning on December 25, 2016, Dr. Golz and his wife, Annette Golz ("Mrs. Golz"), made a series of well-documented requests to (then Acting) United States Attorney Robert Troyer ("Mr. Troyer") for an investigation into the criminal trespass. Mr. Troyers' first reply

was a May-3, 2017 letter from AUSA J. Chris Larson denying Dr. and Mrs. Golz's April-27, 2017 request that Mr. Troyer refer the facts of the Forcible Entry to the Attorney General of the United States (the "**AG**") so that an impartial criminal-investigation could be conducted.

The instant foreclosure action was initiated on May 9, 2017. In their pleadings, the agency has stated that their Forcible Entry must be regarded as "a federal agency acting to protect a public interest." ECF 71 at 17, ¶ 2; *and see* ECF 81, at 19, ¶ 3. Plaintiff then goes on to state: "None of Defendants' claims [of violations of statute] have any merit for the simple reason that the Deeds of Trust expressly authorize HUD to enter upon and manage the property." ECF 71 at 18, ¶ 1. For reasons Defendant has detailed in his pleadings, it is not plausible to claim that HUD did not order the Forcible Entry, *see* ECF 81, at 18, ¶ 3 to 19, ¶ 2; and ECF 90, at 8, ¶ 3 to 9, ¶ 1. Moreover, as Plaintiff's attorneys know: "Even if the agency had the claimed contractual right to enter into the Property's dwelling if it was vacant or abandoned, *see* ECF 81, at 17, ¶¶ 3 and 4, any contract clause that requires, or purports to permit, a violation of any statute, particularly a criminal statute, would be void *ab initio*." ECF 90, at 6, ¶ 1.

On April 5, 2018, Defendant filed a Motion for Partial Reconsideration, ECF 90, wherein Defendant condensed facts and arguments from prior pleadings in support of the allegation that there is a reasonable inference of government-attorney misconduct concomitant to the Forcible Entry. ECF 90, at 6, ¶ 2 to 9, ¶ 2. As discussed in that Motion, that reasonable inference extends to AUSA Traskos and HUD Trial Attorney Zachary Mountin ("**Mr. Mountin**"), who Magistrate Hegarty mentored as a summer intern, from May through August 2008, and who, Court documents indicate, was the USAO's agency contact. *See* ECF 55, at 3.

**LEGAL STANDARD**

The Code of Conduct for United States Judges, Canon 3(C)(1)(a), provides, in relevant part: "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which: [ ] the judge has a personal bias or prejudice concerning a party." As D.C.COLO.LCivR 72.2(g) provides: "A reference of a civil matter to a magistrate judge may be vacated under 28 U.S.C. § 636(c)(4)[,]" which, in turn, provides: "Notwithstanding any provision of law to the contrary—[ ] The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection."

**FACTUAL BACKGROUND AND ARGUMENT**

As Defendant has noted in his pleadings, Dr. and Mrs. Golz documented their allegations of government-attorney misconduct to the Department of Justice Office of Professional Responsibility ("**OPR**") and in reply received a letter stating that it is "the policy of this Office to refrain from investigating issues that could have been or still may be addressed in the course of litigation." ECF 90, at 8, ¶¶ 1 and 2.  If, as now seems obvious on the face of the facts,  HUD did not have a contractual right to forcibly enter a dwelling they knew was occupied and to which they had no possessory right, an issue that is now before Magistrate Hegarty, any Attorney foreknowledge of, or other improper involvement in, that crime would not be amenable to resolution in this civil trial which would allow the OPR to resume its investigation.

On April 12, 2018, Defendant learned that Magistrate Hegarty had what appeared to be close professional relationships, one of some duration, with two attorneys whose professional careers could be adversely affected and their professional licenses subjected to sanction, suspen-

4

sion, or revocation, or they could enjoy a de facto immunity, as a direct consequence of the factual inquiries, findings, and recommendations that Magistrate Hegarty chooses to make, or not to make, with regard to the Forcible Entry.

Defendant was able to confirm some of the facts of those relationships only late on April 15 and believed the conclusions that arose inexorably therefrom were sufficiently compelling to request that the Court take them under advisement and vacate the April-16 Status Conference (the "**Status Conference**"). Defendant transmitted a memorandum to all parties to that effect on April 16, 2018 at about 3:00 a.m. MDT (the "**April-16 Memorandum**").[1] **Exhibit A**. The discussion below reproduces the substance of, but is not identical to, the text in the April-16 Memorandum:

The Amended Answer of Dr. Golz and the Estate, which was filed on November 29, 2017, notes: "On August 2, Dr. Golz sent a copy of the Cease and Desist Letter to the USAO Civil Division Chief Kevin Traskos." ECF 64, ¶¶ 124 and 125; *see also* ECF 81, at 3, ¶ 3; and ECF 81, Ex. G (ECF 81-7). Defendant's Response to Plaintiff's Motion to Strike, ECF 81, notes that: "HUD staff, while represented by counsel – [former] AUSAs Choe [*see* ECF 57] and Froehlke [*see* ECF 40] and, presumably, [former] HUD Trial Attorney Zachary Mountin [*see* ECF 55, at 3] – directed an agency contractor to commit the Forcible Entry in violation of agency policies and federal and state criminal codes. Am. Answer, at 19, fn. 19 and ¶ 131." ECF 81, at 18, ¶ 2. Defendant's Motion for Partial Reconsideration, ECF 90, provided additional dis-

---

1 The memorandum complied with Magistrate Hegarty's Practice Standards, where II.B.2 provides, in relevant part: "There are circumstances in which contacting Chambers by telephone or email is appropriate, with all parties conferenced together on the call or copied on the email."

cussion of the evidence to support a reasonable inference that there was misconduct by government attorneys concomitant to the Forcible Entry.

AUSA Traskos was a litigation associate in Arnold & Porter's Washington, DC office and transferred to their Denver office before leaving the firm in 2002 to join the Civil Division of the USAO.[2]  Magistrate Hegarty joined the federal judiciary in 2006 upon leaving the USAO where he had been Civil Division Chief and AUSA Traskos' supervisor from 2002-2006.  Like AUSA Traskos, Magistrate Hegarty had, albeit about a decade earlier, began at Arnold & Porter's Washington, DC office, then transferred to their Denver office, then left the firm to join the USAO Civil Division.[3]  Magistrate Hegarty's summer intern, Mr. Mountin, left HUD's Office of Regional Counsel in Denver in January 2018 for a position as Law Clerk to Justice Melissa Hart, AUSA Traskos' wife, at the Colorado Supreme Court.[4]

Given that the pleadings in this litigation make it clear that Dr. and Mrs. Golz made well-documented and credible complaints to the AG and the OPR, and given the potential professional, or collateral personal, consequences that could ensue, or be averted, for Mr. Mountin and AUSA Traskos, as a direct result of the factual inquiries, findings, and recommendations that Magistrate Hegarty elects to make, or chooses not to make, with regard to the Forcible Entry, Defendant proffers that serious questions are raised by the facts making it impossible for a reasonable person to believe that Magistrate Hegarty is capable of the uncompromised impartiality required.

---

2  *See Kevin T. Traskos,* Colorado Bar Association, CLE (April 15, 2018), http://cle.cobar.org/About/Faculty-Authors/Info/CUSTOMERCD/259440.

3  *See Michael E. Hegarty,* Colorado Bar Association, CLE (April 15, 2018), http://cle.cobar.org/About/Faculty-Authors/Info/CUSTOMERCD/30055.

4  *See Zach Mountin*, LinkedIn (April 15, 2018), https://www.linkedin.com/in/zmountin.

At the Status Conference, Defendant asked for, and received, Magistrate Hegarty's verification that he had received the April-16 Memorandum.  Defendant objected to the Status Conference going forward and was overruled by Magistrate Hegarty:

Defendant had two well-argued reasons for his objection to holding the Status Conference: (1) that Magistrate Hegarty's impartiality could reasonably be questioned, as stated in the April-16 Memorandum, and (2) Defendant had made a motion to vacate the Status Conference, ECF 92, to allow Defendant to file a motion for a protective order to obviate the points of fact and law upon which Plaintiff's counsel, in an email dated April 6, 2018, had advised he would be asking to depose Defendant, including, and in particular, Verna Mae's principal residency which is not only irrelevant to the matter now before the Court but can be obviated by public records.

Magistrate Hegarty, with no explanation of his legal rationale, *see* ECF 98, denied Defendant's well-articulated motion to vacate the Status Conference, which the Court then used to conduct discovery from Defendant on behalf of Plaintiff regarding HUD's newly stated, time barred, and factually insupportable breach of contract claim based upon whether the Property remained Verna Mae's principal residence up until her death.  Defendant explained to the Court, and to Plaintiff's counsel, that Colorado has a non-claim statute that bars any breach of contract claim against a decedent's Estate or heirs made more than one year after death. C.R.S. § 15-12-803.  In reply to Magistrate Hegarty's demands that Dr. Golz approximate the amount of time Verna Mae spent in Nederland – *i.e.,* to paraphrase, "more or less than six months" and "where was Verna Mae living in 2010" and "how much time in terms of days" – as Defendant explained to the Court: "Principal or primary home or place of abode is that home or place in which his habitation is fixed and to which a person, whenever he is absent, has the present intention of returning after

7

a departure or absence therefrom, regardless of the duration of absence." *Zivian V. Brooke-Hitching,* 28 P.3d 970, 973 (Colo. App. 2001). As Defendant also explained to the Court, had Dr. Golz been allowed to complete a motion for a protective order, *see* ECF Nos. 92 and 98, even though nothing in the law requires Defendant to establish his late-mother's intent and actions as to her principal residence, to answer Plaintiff's attempts to stain Verna Mae's memory, her son, Dr. Golz, would have provided to the Court public records that would have obviated any inquiry into Verna Mae's intent and actions in demonstration that her principal residence was always the Property.

Near the close of the Status Conference, Plaintiff's counsel announced to the Court that Plaintiff wanted to depose Defendant about withdrawals his late-mother had made on her loan in 2009, nine years ago, about the time Defendant purchased his current residence, to show the Court that "Defendant also has unclean hands." That tawdry ploy was a transparent effort on the part of the government to invoke, with insinuation, an atmosphere of intrigue and scandal. Nevertheless, Magistrate Hegarty issued no reproof to the government for its scurrilous tactic.

## CONCLUSION

For the reasons stated above, Defendant respectfully requests that all further action by United States Magistrate Judge Michael E. Hegarty be immediately stayed, that the April-16, 2018 Status Conference be stricken from the record, and that the Order of Reference, ECF 97, be vacated.

## DUTY TO CONFER

Pursuant to D.C.COLO.LCivR. 7.1(a), undersigned Defendant certifies that he consulted with Plaintiff's counsel who advised: "Plaintiff opposes your motion for reassignment."

8

DATED at Scottsdale, Arizona this 18th day of April, 2018

Respectfully submitted,

/s/ William J. Golz
William J. Golz
29714 N. 152nd Way
Scottsdale, AZ 85262
Phone/Fax: (480) 816-5019
Email: wgolz@alumni.lsu.edu
*Pro Se* Defendant

# Exhibit A

| | |
|---|---|
| **Subject:** | April-16 Status Conference re Vacating Order of Reference |
| **From:** | "wgolz" <wgolz@alumni.lsu.edu> |
| **Sent:** | 4/16/2018 1:53:08 AM |
| **To:** | "Hon. Michael E. Hegarty" <hegarty_chambers@cod.uscourts.gov>;"Mock, Jasand (USACO)" <Jasand.Mock@usdoj.gov> |
| **CC:** | "Marcus Golz, P.E." <golzmj@gmail.com>;"Matthew Golz" <threecando@gmail.com> |
| **BCC:** | |

**Attachments:** WJG Ltr to Mag Hegarty & JMock re Vacate Ordr Ref (April 16, 2018).pdf

Magistarte Hegarty and AUSA Mock:

As Magistrate Hegarty's Practice Standards, II.B.2, provide, in relevant part: "There are circumstances in which contacting Chambers by telephone or email is appropriate, with all parties conferenced together on the call or copied on the email." I believe that the facts detailed in the attached memorandum compel my bringing them to the attention of the Court prior to the Status Conference.

William Golz, Ph.D.
Email wgolz@alumni.lsu.edu

-IMPORTANT-
This email is covered by the electronic communications privacy act, 18 u.s.c. 2510-2521 and is legally privileged. The information contained in this message is confidential and is intended only for the use of the individual or entity named above. Any unauthorized disclosure or distribution of this information is prohibited. If you are not the intended recipient, please notify me immediately by returning it to me and deleting this copy from your system.

| | |
|---|---|
| **Date** | April 16, 2018 |
| **Via** | Email |
| **To** | US Magistrate Judge Michael E. Hegarty |
| | AUSA Jasand Mock, Esq. |
| **Cc** | Marcus Golz, P.E. |
| | Matthew Golz |
| **From** | William Golz, Ph.D. |
| **Re** | Critical issues that bear upon the Status Conference of April 16, 2018, at 10:00 a.m. (MDT), in the matter of *Benjamin S. Carson, Secretary of Housing and Urban Development v. Estate of Verna Mae Golz, et al.*, No. 17-cv-1152 (D. Colo.). |

Magistrate Hegarty's Practice Standards, II.B.2, provides, in relevant part: "There are circumstances in which contacting Chambers by telephone or email is appropriate, with all parties conferenced together on the call or copied on the email."

On April 12, 2018, I learned that Magistrate Hegarty may have had close professional relationships, one of some duration, with two attorneys whose professional careers could be adversely affected and whose professional licenses could be subject to sanction, suspension, or revocation as a direct consequence of the findings and recommendations that this Court is called upon to make in the instant matter. I was able to confirm some of the facts only late on April 15 and believe the conclusions that can be drawn therefrom are sufficiently compelling to demand that they be brought to the attention of the Court prior to the Status Conference.

The Amended Answer of William J. Golz, Ph.D. ("Defendant" or "Dr. Golz"), and the Estate of Verna Mae Golz (the "Estate"), filed on November 29, 2017, notes: "On August 2, Dr. Golz sent a copy of the Cease and Desist Letter to the USAO Civil Division Chief Kevin Traskos." *See* ECF 64, ¶¶ 124 and 125; *see also* ECF 81, at 3, ¶ 3 and ECF 81, Ex. G (ECF 81-7). Defendant's Response to Plaintiff's Motion to Strike, ECF 81, notes that: "HUD staff, while represented by counsel – [former] AUSAs Choe [*see* ECF 57] and Froehlke [*see* ECF 40] and, presumably, HUD Trial Attorney Zachary Mountin [*see* ECF 55, at 3] – directed an agency contractor to commit the Forcible Entry in violation of agency policies and federal and state criminal codes. Am. Answer, at 19, fn. 19 and ¶ 131." ECF 81, at 18, ¶ 2. Defendant's Motion for Partial Reconsideration, ECF 90, provided additional discussion of the evidence to support a reasonable inference that there was misconduct by government attorneys concomitant to the break-in and lock change at the Estate's property on December 2, 2016 (the "Forcible Entry").

AUSA Traskos was a litigation associate in Arnold & Porter's Washington, DC office and transferred to their Denver office before leaving the firm in 2002 to join the Civil Division of the United States Attorney's Office for the District of Colorado (the "USAO").[1] Magistrate Hegarty joined the federal judiciary in 2006 upon leaving the USAO where he had been Civil Division Chief

---

[1] *See Kevin T. Traskos,* Colorado Bar Association, CLE (April 15, 2018), http://cle.cobar.org/About/Faculty-Authors/Info/CUSTOMERCD/259440.

and AUSA Traskos' supervisor from 2002-2006. Like AUSA Traskos, Magistrate Hegarty had, albeit a decade earlier, also began at Arnold & Porter's Washington, DC office then transferred to their Denver office then left the firm to join the USAO Civil Division.[2] From May through August 2008, Magistrate Hegarty mentored, as his summer intern, Zachary Mountin ("Mr. Mountin"), who, in January 2018, left Housing and Urban Development's Office of Regional Counsel in Denver for a position as Law Clerk to Justice Melissa Hart at the Colorado Supreme Court.[3]

Given the potential professional, and collateral personal, consequences that could ensue for Mr. Mountin and AUSA Traskos from Magistrate Hegarty's findings and recommendations in this matter, and from the Court's obligation to uphold its responsibility for reporting misconduct by the attorneys that practice before this Court's bar, Defendant proffers to this Court that it would be impossible for anyone apprised of the facts noted above, and articulated more fully in the pleadings, to entertain the belief that Magistrate Hegarty could be impartial and unbiased in this case.

Consequent to the Code of Conduct for United States Judges, in particular Canon 3(C)(1)(a), Defendant respectfully requests that this Court take under advisement Defendant's well-pleaded facts and consider making a request, *sua sponte,* to the District Judge to vacate the Order of Reference, ECF 97. *See* D.C.COLO.LCivR 72.2(g) and 28 U.S.C. § 636(c)(4). Defendant further requests that this Court stay any further proceedings, including, but not limited to, the April 16, 2018 Status Conference, and that this Court refrain from issuing any further findings or recommendations until there is deliberation and a decision as to the court in which pretrial proceedings will be heard. In the alternative, Defendant respectfully requests that this Honorable Court vacate the Status Conference and stay any further proceedings and actions until Defendant can confer with Plaintiff and file a motion arguing that good cause exists for vacating the order of reference.

Dr. Golz, as a civil engineer, appreciates the difficulty faced by any professional when making decisions that can adversely affect another professional's license or employment. Professional reticence has, as discussed in Defendant's Motion for Partial Reconsideration, ECF 90, at 9, ¶ 3 to 11, ¶ 3, caused recurring discord between Defendant and his attorneys and has impinged upon these proceedings. Defendant does not take lightly the attorney misconduct he has alleged in this matter, but, whereas it involves an egregious abuse of government power and public resources, the facts merit a full, fair, and unbiased hearing.

---

[2] *See Michael E. Hegarty,* Colorado Bar Association, CLE (April 15, 2018), http://cle.cobar.org/About/Faculty-Authors/Info/CUSTOMERCD/30055.

[3] *See Zach Mountin*, LinkedIn (April 15, 2018), https://www.linkedin.com/in/zmountin.

## CERTIFICATE OF SERVICE

I hereby certify that I will transmit the foregoing via commercial carrier for April-19, 2018 delivery to the Clerk of Court, whom will send notification of such filing to any party who has entered an appearance in this matter to the email addresses provided in CM/ECF. I hereby further certify that I will send the foregoing to the following, named, non-CM/ECF participants (via the manner indicated in parentheses):

Marcus J. Golz (U.S. Mail and email)
552 Hillsdale Street
Helena, Montana 59601
golzmj@gmail.com

Matthew J. Golz (U.S. Mail and email)
565 Congress Avenue
Havre De Grace, Maryland 21078
threecando@gmail.com

DATED at Scottsdale, Arizona this 18th day of April, 2018.

/s/ William J. Golz
William J. Golz
*Pro Se* Defendant

| | |
|---|---|
| **Subject:** | Motion to Vacate Order of Reference. |
| **From:** | "wgolz" <wgolz@alumni.lsu.edu> |
| **Sent:** | 4/18/2018 1:35:23 PM |
| **To:** | "Hon. Michael E. Hegarty" <hegarty_chambers@cod.uscourts.gov>;"Mock, Jasand (USACO)" <Jasand.Mock@usdoj.gov> |
| **CC:** | "Marcus Golz, P.E." <golzmj@gmail.com>;"Matthew Golz" <threecando@gmail.com> |
| **BCC:** | |

**Attachments:** Motion to Vacate Order of Reference (Apr 18, 2018).pdf

Magistrate Hegarty and AUSA Mock:

During the Status Conference, Magistrate Hegarty stated that he would be issuing his findings and recommendations on the government's motion to strike, and issuing a scheduling order, forthwith. This is to request that the Magistrate hold those actions in abeyance until the attached Motion, which I anticipate will be filed by tomorrow, is ruled on by the District, or Chief, Judge.

William Golz, Ph.D.
Email wgolz@alumni.lsu.edu

fn. Per Magistrate Hegarty's Practice Standards, II.B.2: "There are circumstances in which contacting Chambers by telephone or email is appropriate, with all parties conferenced together on the call or copied on the email."

-IMPORTANT-
This email is covered by the electronic communications privacy act, 18 u.s.c. 2510-2521 and is legally privileged. The information contained in this message is confidential and is intended only for the use of the individual or entity named above. Any unauthorized disclosure or distribution of this information is prohibited. If you are not the intended recipient, please notify me immediately by returning it to me and deleting this copy from your system.

ATTN   **Civil Action No. 17-cv-1152-RBJ-MEH**

DATE   April 18, 2018

To   Clerk's Office
Alfred A. Arraj United States Courthouse
Room A-105
901 19th Street
Denver, Colorado 80294-3589
Phone:       (303) 844-3433

VIA   FedEx Overnight for delivery on April 19, 2018

FROM   William J. Golz, Ph.D.
Pro Se Defendant
29714 N. 152nd Way
Scottsdale, AZ 85262-6942
Phone/Fax: (480) 816-5019
Email: wgolz@alumni.lsu.edu

Re   *Benjamin S Carson, Secretary of Housing and Urban Development v. Estate of Verna Mae Golz, et al.,* No 17-cv-1152 (D Colo).

- **<u>I would appreciate your scanning this into the CM/ECF system as soon as practicable as it requires immediate action</u>**.

- The enclosed Motion was transmitted via an email of April 18, 2018 to Magistrate Hegarty; please scan the complete Motion in as it is collated, to **<u>include the page after the Certificate of Service, which is the April 18, 2018 email transmitting the Motion to Magistrate Hegarty</u>**.