FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2018 MAY -1 AM 10: 35

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-1152-RBJ-MEH

BENJAMIN S. CARSON, Secretary of Housing and Urban Development,

    Plaintiff,

v.

ESTATE OF VERNA MAE GOLZ,
WILLIAM J. GOLZ, MARCUS J. GOLZ, MATTHEW J. GOLZ, and
UNKNOWN HEIRS AND CLAIMANTS OF THE ESTATE OF VERNA MAE GOLZ,

    Defendants.

---

**DEFENDANT'S OBJECTION TO, AND MOTION TO STRIKE, THE COURT'S MINUTE ORDER CONVERTING DEFENDANT'S MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S TIME-BARRED CLAIM**

---

William J. Golz, Ph.D., (pro se "**Defendant**" or "**Dr. Golz**"), is the deed-holder and, along with his family, an occupant of the dwelling at 130 Beaver Creek Drive, Nederland, Colorado (the "**Property**"), which is security for a loan for which the Housing and Urban Development ("**HUD**" or the "**agency**") Secretary has been the mortgagee since 2011. In the Court's Minute Order, ECF 105, (the "**Order**"), Magistrate Judge Michael E. Hegarty (the "**Magistrate**" or "**Magistrate Hegarty**") advised that the "Court will convert the motion into a Motion for Summary Judgment", to which Defendant objects because it is improper: the Magistrate has misrepresented the clear intent of Defendant's pleadings in renewal of the Court's forceful advocacy on behalf of Plaintiff's time-barred claim over which the Court has no jurisdiction. In support of this objection, and request to strike, Defendant states as follows:

1

## PRELIMINARY STATEMENT

"Defendant's Operative Pleadings", *see* ECF 103, at 4, ¶ 1, have furnished the Court with well-pleaded facts in support of, *inter alia*, the following allegations: first, that HUD staff, with possible aid and advice from government attorneys, conspired to make felony false statements with the intent to cause agency funds to be misused for a federal contractor's committing of felony and misdemeanor crimes concomitant to a break-in at the Property on December 2, 2016 (the "**Forcible Entry**"); second, that Shiwon Choe and Elizabeth Froehlke, former attorneys in the United States Attorney's Office for the District of Colorado (the "**USAO**") Civil Division, and their Division Chief, Kevin Traskos, committed, or have knowledge of, crimes and acts of professional misconduct concomitant to the Forcible Entry; and third, that former HUD Trial Attorney Zachary Mountin ("**Mr. Mountin**") was in responsible charge of the Property, was the USAO's agency contact, and committed, or has knowledge of, crimes and acts of professional misconduct concomitant to the Forcible Entry.

Defendant only learned of, and verified from public data just prior to the April-16, 2018 Status Conference (the "**Status Conference**"), that Magistrate Hegarty had a close professional-relationship with Assistant United States Attorney ("**AUSA**") Kevin Traskos[1] and with Mr. Mountin[2]. Defendant, apprehending that any professional, and collateral-personal, consequences to AUSA Traskos and Mr. Mountin would be a direct result of the inquiries, findings, and recommendations that the Magistrate chose to make, or not to make, sent a memorandum by email in the early hours of April 16 to Magistrate Hegarty, Plaintiff's counsel, and co-defendants, asking

---

1  *See* ECF 100, at 2, ¶ 1, at 3, ¶ 3, at 5, ¶ 3, at 6, ¶¶ 2, 3, and Ex. A; *see also* ECF 90, at 5 , ¶ 1, at 7, ¶ 2, at 9, ¶ 2.
2  *See* ECF 100, at 3, ¶ 3, at 5, ¶ 3, at 6, ¶¶ 2, 3 and Ex. A; *see also* ECF 90, at 7, ¶ 1, at 9, ¶ 2.

the Court to: "vacate the Status Conference and stay any further proceedings and actions until Defendant can confer with Plaintiff and file a motion arguing that good cause exists for vacating the order of reference." ECF 100, Ex. A. Defendant objected at the outset to holding the Status Conference for the reasons stated in the memorandum but was overruled by Magistrate Hegarty, who stated, "I'm not going to recuse myself under any circumstances because these are just simply not conflicts."

During the Status Conference, AUSA Jasand Mock announced that Plaintiff intended to allege that the Property ceased to be Defendant's late-mother's ("**Verna Mae**"'s) principal residence in the years before her death which, as Defendant pointed out, and with which the Magistrate agreed, is a breach of contract claim against Verna Mae. The Court did not advise Defendant, who appeared not as party but as his own attorney, that it would pursue discovery at the Status Conference, and the Magistrate aggressively demanded Defendant's immediate responses to a series of quick questions phrased in different ways, apparently in an effort to determine if a contradiction could be elicited from Defendant about the amount of time Verna Mae lived in, or away from, her Property in certain years. As Defendant explained to the Magistrate at that time, the issue of Verna Mae's principal residence has no relevance to these proceedings because any contract claim against Verna Mae was time barred prior to the date the government filed its foreclosure action. "Dr. Golz," the Magistrate stated, "you brought in breaking into the house. I'm not sure that's relevant, but <u>**where [Verna Mae] lived, the United States has raised as completely relevant to the contract**</u>."

If one presumes, as one must, that the Magistrate's command of the law is authoritative in the area in which he makes affirmative statements or elects to elicit discovery, then, since Plain-

tiff's contract claim is barred by Colorado's nonclaim statute, one must conclude that the Magistrate knowingly misused the Status Conference to seek discovery from Defendant on behalf of a frivolous claim by Plaintiff. *See* ECF Nos. 99 and 100; *see also* ECF 103, "Position Paper," § IV.B. The Magistrate's conduct of the Status Conference is a demonstration of his bias against Defendant and for the USAO and its agency client.

Magistrate Hegarty's Order – which misrepresents the clear meaning of Defendant's pleadings and abandons the appearance of judicial impartiality to advocate on behalf of the USAO for the revival of Plaintiff's time-barred claim – is not only clearly erroneous and contrary to law but makes manifest an aggressive bias against Defendant whom, as would now be obvious to any impartial observer, is litigating not only against the USAO Civil Division and its agency client but against Michael E. Hegarty, former Civil Division Chief, close colleague of the current Chief, AUSA Traskos, and mentor to Mr. Mountin, now law clerk to AUSA Trasko's wife.

## LEGAL STANDARD

Fed. R. Civ. P. 72(a) provides, in relevant part: "A party may serve and file objections to [a magistrate judge's written] order within 14 days after being served with a copy. … The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

## FACTUAL BACKGROUND AND ARGUMENT

It is not difficult to conclude that what Magistrate Hegarty inveigles into his Order as a legal argument for converting Defendant's Motion to Dismiss the Estate as a Defendant into a motion for summary judgment, relies upon a material misrepresentation that is congruent neither with the pleadings nor the law, the only plausible purpose for which would be to serve the spe-

4

cious goal of resuscitating Plaintiff's time-barred claim to accommodate the USAO Civil Division's ardent pleas to the Court to conduct invasive and irrelevant discovery to harass Defendant:

Defendant's Motion to Dismiss requires no judgment as to any fact but only a ruling on a single point of law that admits of but one compelling conclusion: that, no matter what the facts, "all claims against the Estate were already time barred when Plaintiff filed this foreclosure[.]" Motion to Dismiss, at ¶ 1 (ECF 103, at 11, ¶ 2). In an apparent effort to obfuscate that logical incongruity, the Magistrate, using the artifice of invoking verbiage in superficial satisfaction of Fed. R. Civ. P. 12(d), misrepresents that Defendant "wishes to support his Motion to Dismiss ... with documents outside the pleadings[.]"

The simple, clear text of the Motion – and the paragraph immediately above it, which refers to the Personal Representative's Deed, pursuant to which the Estate is no longer the nominal owner and therefore not a proper defendant – are reproduced below:

> Whereas no valid claims were brought within the statutory time limit ... Defendant has the present right to, and intends to, close Probate by May 4, 2018[ ;] to facilitate closure of the Estate, the Property, which was the only asset in the Estate, was distributed to beneficiary William J. Golz with a Personal Representative's Deed that was recorded with the Boulder County Clerk on April 24, 2018 as Record No. 03651957. **Exhibit F**.

### MOTION

> For the reasons provided [immediately] above, and whereas Probate was held open for more than three years (September 2014 to April 2018) which spanned five calendar years (2014 to 2018), and whereas all claims against the Estate were already time barred when Plaintiff filed this foreclosure action in May 2017, at which time the Estate was a necessary Defendant only as the nominal owner of the Property, and whereas the Property has now been distributed to its intended beneficiary, and whereas Plaintiff's foreclosure claim attaches to the Property, and not to Verna Mae's person, the Estate is no longer a proper defendant, and Defendant therefore moves the Court for the immediate dismissal of the Estate as a party to this action.

ECF 103, at 11.

Magistrate Hegarty abrogated his clear duty to "promptly conduct the required proceedings and, when appropriate, issue a written order stating [his] decision[,]" Fed. R. Civ. P. 72(a), with regard to a simple point law, *see* C.R.S. § 15-12-803(1)(a)(III), by offering an erroneous reference to "documents outside the pleadings" in an apparent effort to drag in Exhibits A-E and to thereby resume his earlier conduct of the Status Conference wherein he attempted to assert and bring into the Court's jurisdiction Plaintiff's time-barred contract claim against Verna Mae.

It would be immediately obvious to anyone that, other than the Personal Representative's Deed, no other document has any logical connection to, nor is any referred to, nor is any necessary to Defendant's Motion to Dismiss, which rests upon a single point of law. *Supra*. One may, for corroboration, look to Defendant's other statements, including that:

> nothing in the law requires Defendant to establish his late-mother's intent and actions as to her principal residence, [but] to answer Plaintiff's attempts to stain Verna Mae's memory, her son, Dr. Golz, would have provided to the Court public records[,]

ECF 100, at 8, ¶1, which is consistent with all of Defendant's other statements, including at the Status Conference when Defendant made it clear that any claim against Verna Mae was barred and that any demonstration of Verna Mae's continuing intent as to what constituted her principal residence would be provided only in the context of preventing the agency from pursuing a scurrilous effort to stain Verna Mae's name under the pretense of fact finding for a frivolous, time-barred claim. During Verna Mae's lifetime, the agency illegally liened her $103,000 separate vacant-lot in 2002 depriving her of the means to drill a new well and repair her septic in 2004. For

the Court to now employ subterfuge to facilitate Plaintiff's frivolous claim and thus provide the USAO with the red herring of gratuitous attacks against Verna Mae is beyond the pale.

Apart from his special relationships with AUSA Traskos and Mr. Mountin, whose implication in misconduct in the matter now before the Court are sufficient to raise grave questions as to the Magistrate's ability to be impartial, his conduct of the Status Conference, as perpetuated in his Order, which misrepresent Defendant's pleadings to advocate for a frivolous claim by Plaintiff, preclude the Magistrate's making any credible claim of impartiality, pursuant to which the judicial Canon requires that the Magistrate recuse himself, or, in the alternative, that the District Judge bring before the Court, *sua sponte*, and vacate, the Order of Reference.

If the Magistrate and the District Judge remain unwilling to do what seems to be so clearly required by their own Canon, Defendant will be submitting a motion for reconsideration for ECF 101 with the request that the Court, in lieu of dismissively responding to Defendant's motion with a text entry, clearly detail its legal arguments, as Defendant has done, on the issue of Magistrate Hegarty's impartiality, which is necessary to the creation of a complete record for the higher courts, in the event that they are called upon to review this Court's ruling, which must address important public-policy questions and constitutional issues regarding the government's conduct, to include the agency's claim of a contractual right to force an entry into a dwelling that they, and their attorneys, have admitted to knowing was occupied, and, additionally, the agency's and their attorneys' claim that federal and state felonies committed when the government is acting to collect a public debt do not bar the government from later seeking a legal remedy in the federal courts to collect that same debt.

## CONCLUSION

Defendant objects to, and asks the District Judge to strike, Magistrate Hegarty's Order converting Defendant's Motion to Dismiss into a motion for summary judgment – which is clearly erroneous and contrary to law, and to exclude those "documents outside the pleadings" which the Magistrate, contrary to Defendant's clear intent, and improperly, tried to force upon Defendant's Motion to Dismiss. If the District Judge wishes to deny this Motion to Strike, Defendant respectfully requests that the District Judge clearly and completely articulate his legal arguments in his written order.

## DUTY TO CONFER

Pursuant to D.C.COLO.LCivR. 7.1(a), undersigned Defendant certifies that he sought Plaintiff's position on Defendant's intent to file a "Motion to Strike the Minute Order of April 27 as to Converting Defendant's Motion to Dismiss to a Motion for Summary Judgment." Plaintiff's counsel responded on April 30, 2018 that "Plaintiff takes no position on your proposed motion and reserves the right to oppose the motion."

DATED at Scottsdale, Arizona this 30th day of April, 2018.

Respectfully submitted,

s/William J. Golz
*William J. Golz, Ph.D.*
Defendant, pro se
29714 N. 152nd Way
Scottsdale, AZ 85262
Phone/Facsimile: (480) 816-5019
Email: wgolz@alumni.lsu.edu

## CERTIFICATE OF SERVICE

I hereby certify that I will transmit the foregoing, on April 30, 2018, by commercial carrier for delivery to the Clerk of Court whom will send notification of such filing to any party who has entered an appearance in this matter to the email addresses on file with CM/ECF. I hereby further certify that I will send the foregoing to the following, named, non-CM/ECF participants (via the manner indicated in parentheses):

    Marcus J. Golz (U.S. Mail and email)
    552 Hillsdale Street
    Helena, Montana 59601
    golzmj@gmail.com

    Matthew J. Golz (U.S. Mail and email)
    565 Congress Avenue
    Havre De Grace, Maryland 21078
    threecando@gmail.com

DATED at Scottsdale, Arizona this 30th day of April, 2018.

                                          s/William J. Golz
                                          ***William J. Golz, Ph.D.***
                                          Defendant, pro se

ATTN: **Civil Action No. 17-cv-1152-RBJ-MEH**

To: Clerk's Office
Alfred A. Arraj United States Courthouse
Room A-105
901 19th Street
Denver, Colorado 80294-3589
Phone: (303) 844-3433

FROM: William J. Golz, Ph.D.
Defendant, pro se
29714 N. 152nd Way
Scottsdale, AZ 85262-6942
Phone/Fax: (480) 816-5019
Email: wgolz@alumni.lsu.edu



