IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01152-RBJ-MEH

BENJAMIN S. CARSON, Secretary of Housing and Urban Development,

    Plaintiff,

v.

ESTATE OF VERNA MAE GOLZ,
WILLIAM J. GOLZ,
MARCUS, J. GOLZ,
MATTHEW J. GOLZ, and
UNKNOWN HEIRS AND CLAIMANTS OF THE ESTATE OF VERNA MAE GOLZ,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 8, 2018**.

    Before the Court is Defendant William J. Golz's "Motion for Clarification of the Court's April-27 [sic] Minute Order Converting Defendant's Motion to Dismiss to a Motion for Summary Judgment" [filed May 7, 2018; ECF No. 109].

    First, the Court disagrees that the minute order is, in any way, "ambiguous"; the Court cited the applicable rules and case law supporting its order and Dr. Golz mentions nothing about whether he reviewed such rules or case law. Nevertheless, because Dr. Golz is proceeding *pro se* in this matter, the Court will clarify its order and answer Dr. Golz' questions as follows:

    (i)    A detailed description of each of the "documents outside the pleadings" that the Magistrate [Judge] is referring to in the Minute Order, ECF 105 ¶ 2;

As set forth in the minute order, Dr. Golz "cit[es] to attached exhibits" when arguing the issues he raises in his motion to dismiss—that any claims against the Estate of Verna Mae Golz are time-barred and that the property belonging to the Estate has been transferred to himself. The "documents outside of the pleadings"—meaning any document submitted in support of a dispositive motion that may not be considered pursuant to Fed. R. Civ. P. 12(b)(6)—are the Plaintiff's A–F. *See* ECF No. 103 at 13–27.

    (ii)    A detailed description of "the materials already submitted by Dr. Golz[,]" ECF 105, ¶ 3;

See answer to (i).

      (iii)    A detailed specification of the claim, or issue, that Magistrate [Judge] Hegarty is bringing before the Court for "Summary Judgment pursuant to Fed. R. Civ. P. 56." ECF 105, ¶ 2.

      First, this Court brings no "claim" or "issue" "before the Court." Rather, Dr. Golz filed a motion to dismiss the Defendant Estate of Verna Mae Golz from this case, which motion can be liberally construed as a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) since the pleadings are "closed" in this case. Because such motions are typically analyzed under the same standard as a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the Court must follow Fed. R. Civ. P. 12(d) providing that, "if . . . matters [including documents] outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

In light of these answers, the motion is **granted** to clarify the Court's April 27, 2018 minute order as set forth herein. The Court notes, of course, that resolution of Dr. Golz's motion may be contingent on whether he may properly seek any relief on behalf of the Estate, which will be resolved with the Court's consideration of the Plaintiff's Statement [ECF No. 102] and Dr. Golz' response to the statement [*see* Minute Order, ECF No. 105].