IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01152-RBJ-MEH

BENJAMIN S. CARSON, Secretary of Housing and Urban Development,

    Plaintiff,

v.

ESTATE OF VERNA MAE GOLZ,
WILLIAM J. GOLZ,
MARCUS J. GOLZ,
MATTHEW J. GOLZ, and
UNKNOWN HEIRS AND CLAIMANTS OF THE ESTATE OF VERNA
    MAE GOLZ,

    Defendants.

---

**PLAINTIFF'S REPLY CONCERNING
*PRO SE* REPRESENTATION OF THE ESTATE**

---

On May 17, 2018, the Court issued a Minute Order seeking Plaintiff's position on information that Dr. Golz had provided bearing on the question of whether or not Dr. Golz can represent the Estate *pro se*. Doc. 114.

For the reasons set forth below, Plaintiff does not object to Dr. Golz proceeding *pro se* on behalf of the Estate in this case.

## BACKGROUND

During a status conference on April 16, 2018, the Court instructed Plaintiff to submit a position paper on whether the Estate could be represented by Dr. Golz.

Plaintiff submitted its statement concerning *pro se* representation of the Estate on April 25, 2018. Doc. 102. As noted in Plaintiff's submission, several circuit courts have recently

1

allowed estates to be represented by non-lawyers if the estate has no other beneficiaries or creditors. *See, e.g.*, *Bass* v. *Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (allowing non-lawyers to appear *pro se* on behalf of estates for which they were the only beneficiaries); *Guest* v. *Hansen,* 603 F.3d 15, 21 (2d Cir. 2010) (allowing non-lawyer to appear *pro se* on behalf of his daughter's estate); *McSwain* v. *Schrubbe*, 382 Fed.Appx. 500, 502 (7th Cir. May 12, 2010) (unpublished) (allowing non-lawyer parents of decedent to proceed *pro se* on behalf of estate).

The test applied in those cases asks whether the *pro se* representative is the sole beneficiary of the estate and whether the estate has any creditors. It is the *pro se* representative's burden to establish that he or she is the sole beneficiary and that there are no creditors. *See Guest*, 603 F.3d at 19-20 (briefs by *pro se* administrator to establish that there are no other beneficiaries or creditors); *Bass*, 788 F.3d at 230 (stipulations by the *pro se* representatives).

On April 27, 2018, the Court issued an order calling on Dr. Golz to "answer[] the questions posed by the relevant caselaw as to whether (1) Dr. Golz is the sole beneficiary of the Estate, and (2) there are creditors of the Estate other than the Plaintiff." Doc. 105.

Dr. Golz filed a response on May 7, 2018, in which he stated that the "Estate's property at 130 Beaver Creek Drive, which was the only asset in the Estate, was distributed to its intended beneficiary…" and that "no claims against the Estate had been presented…" Doc. 108 at 2. Dr. Golz also attached a Closing Statement that he had filed in Arizona probate court on May 2, 2018. Doc. 108, Ex. B.

*Sole beneficiary*—As Plaintiff noted in its initial statement concerning *pro se* representation of the Estate, Ms. Golz's last will and testament left all her property to Dr. Golz and expressly made no provision for Dr. Golz's brothers, such that it appeared that Dr. Golz

2

might be the sole beneficiary of the Estate. Doc. 102 at 6, Doc 102-1. At the time of Plaintiff's initial statement, probate remained open in Arizona. That probate is now closed, apparently with no challenge to the will from either of Dr. Golz's brothers. *See* Doc 108, Ex. B; *see also in re Estate of Verna Mae Golz,* PB2014-051759, Docket (Super. Ct. Maricopa Cnty., AZ) (attached hereto as Exhibit 1) (not showing any filing by either brother in the Arizona probate).

*Other creditors*—Dr. Golz's response states that "no claims against the Estate had been presented…." Doc. 108 at 2. Similarly, the Closing Statement that Dr. Golz filed includes a section attesting that notice to creditors had been published, and another section requiring disclosure of any claims that have not been paid or settled:

> 3. **Administration of Estate.** The Estate has been fully administered by making payment, settlement or other disposition of all expenses of administration, and all taxes and claims that have accrued against the Estate with the following exceptions: (List the exceptions.)
> _____
> _____
> _____

Dr. Golz did not list any exceptions. *See* Doc. 108, Ex. B at 1.[1]

## DISCUSSION

Plaintiff does not object to Dr. Golz proceeding *pro se* on behalf of the Estate in this case.

In cases allowing *pro se* representation of estates, the Second and Sixth Circuits have accepted statements by *pro se* representatives to show that there are no other beneficiaries or creditors. In *Guest*, the personal representative "filed a letter brief providing evidence that [the other beneficiary] was disclaiming all interest" and "an additional brief stating that the estate had no creditors." 603 F.3d at 19-20. In *Bass*, the court allowed *pro se* representation after the

---

[1] Plaintiff notes that Dr. Golz did not disclose the existence of Plaintiff's pending claim in this section. But it appears that no other creditor has brought claims against the Estate. *See also* Ex. 1 (not showing any filing by a creditor in the Arizona probate).

3

representatives "stipulated that they are the sole beneficiaries of their respective estates and that their estates lack creditors." 788 F.3d at 230.

Dr. Golz's response to this Court, and the sworn Closing Statement that he filed in the Arizona probate, may be considered as akin to the *pro se* representative's brief and stipulations that were accepted by the courts in *Guest* and *Bass*. Therefore, and in light of the closing of the Arizona probate, Plaintiff does not object to Dr. Golz representing the Estate *pro se* in this case.

Dated this 24th day of May 2018.

    ROBERT C. TROYER
    United States Attorney
    District of Colorado

    s/Jasand Mock
    ***Jasand Mock***
    Assistant United States Attorney
    1801 California Street, Suite 1600
    Denver, Colorado 80202
    (303) 454-0100
    (303) 454-0411 (facsimile)
    jasand.mock@usdoj.gov
    *Counsel for Benjamin S. Carson,*
    *Secretary of Housing and Urban Development*

# CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2018, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to any party who has entered an appearance in this matter to the e-mail addresses provided in CM/ECF.

I hereby further certify that I will send the foregoing and any unpublished cases cited therein to the following non-CM/ECF participants in the manner indicated by each non-participant's name:

> William J. Golz, Ph.D. (by U.S. mail and e-mail)
> 29714 N. 152nd Way
> Scottsdale, AZ 85262
> wgolz@alumni.lsu.edu
>
> Marcus J. Golz (by U.S. mail and e-mail)
> 552 Hillsdale Street
> Helena, Montana 59601
> golzmj@gmail.com
>
> Matthew J. Golz (by U.S. mail and e-mail)
> 565 Congress Avenue
> Havre De Grace, Maryland 21078
> threecando@gmail.com

s/Jasand Mock
*Jasand Mock*
Assistant United States Attorney