**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**JAN 0 8 2019**

JEFFREY P. COLWELL
CLERK

Civil Action No. 17-cv-1152-RBJ-MEH

BENJAMIN S. CARSON, Secretary of Housing and Urban Development,

      Plaintiff,

v.

ESTATE OF VERNA MAE GOLZ and WILLIAM J. GOLZ,

      Defendants.

---

## MOTION REQUESTING THAT DEFENDANT'S
## FILINGS BE READ LIBERALLY AND AS A WHOLE

---

    Defendant William J. Golz files this Motion solely in his capacity as a natural person for the reasons discussed in his prior pleadings. See Doc. 120, at 1; Doc. 121, Ex. A, at 1.

### DISCUSSION AND AUTHORITIES

    In *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991), this circuit, citing to its own prior opinion and to the U.S. Supreme Court, noted that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989)." *Hall,* 935 F.2d, at 1110. The *Hall* court went on to note that "[t]he Haines rule applies to all proceedings involving a pro se litigant ... *Overton v. United States*, 925 F.2d 1282 (10th Cir. 1990) (liberally construing pro se pleadings in review of summary judgment). In addition, pro se litigants are to be given reasonable opportunity to remedy

1

the defects in their pleadings. *See, e.g., Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985)." *Hall*, 935 F.2d, at 1110, n.3.

As noted in *Hamby v. Gentry*, Case No. 3:12-CV-01296, at *4 (M.D. Tenn. Jul. 1, 2013), "[b]ecause the same leniency inherent in liberally construing the complaint of a pro se plaintiff applies to all filings, the plaintiff's response opposing dismissal is to be construed as an amended complaint. *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) ('the District Court should have read all … filings together before dismissing this case . . .'); *Pearson v. Gatto*, 933 F.2d 521, 527 (7th Cir. 1991) (holding a letter submitted by a pro se plaintiff should have been construed as an amended complaint); *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1081 (5th Cir. 1991) (holding a pro se plaintiff's reply to the defendant's answer should have been construed as a motion to amend the complaint)."

As Defendant noted in his position paper on proceeding pro se, filed April 25, 2018, Doc. 103 (the "position paper"), the liberal construction to which a pro se litigant's filings are entitled includes having court documents read together as a single, seamless pleading. As *Hajjar–Nejad v. George Wash. Univ.*, 873 F.Supp.2d 1 (D.D.C. 2012), citing to the U.S. Supreme Court, noted: "While '[a]ll pleadings shall be so construed as to do substantial justice,' Fed.R.Civ.P. 8(f), a document filed by a party proceeding pro se must be 'liberally construed,' *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)(per curiam )(quotation marks omitted). For example," the *Hajjar–Nejad* court went on, "when a pro se party has filed multiple submissions, the district court must generally consider those filings together and as a whole. *Richardson*

*v. United States*, 193 F.3d 545, 548 (D.C.Cir.1999)[.]" *Hajjar–Nejad*, 873 F.Supp.2d, at 9. See Doc. 103, at 3 ¶ 3 to 4, ¶ 1.

## PARTIAL LIST OF FILINGS COMPRISING THE WHOLE

Defendant's position paper defined Document Numbers 64, 81, 86, 87, 90, 92, and 100, to include their exhibits, as "Defendant's Operative Pleadings." Documents that have been added since the position paper include 103, 106, 108, 109, 113, 116, 120, 121, 122, 124, 126, and 129, with their exhibits,[1] and this Motion wherein Exhibit A provides the following: proof of delivery (by email on May-31 and FedEx on June-4, 2018) to Housing and Urban Development of a Standard Form 95, a supplemental memorandum, and an enclosure documenting the claim amount for damages to Defendant and his family consequent to the government's acts of June-6, July-6, and December-2, 2016. Those documents estimate property damages, economic losses, and an amount for emotional distress for Defendant's wife Annette Golz (whom will be added, as appropriate, as a counter claimant). This satisfies the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, as to presentment, *ante litem* requirement, and sum certain, which is $316,177.02.

## CONCLUSION

Defendant requests that his filings be read liberally and as a whole and to be afforded notice and leave to amend that seamless filing to correct any deficiencies.

---

1  Caution must be exercised when reviewing the court docket and documents filed by Defendant. Many scans are of poor quality and are not in color as the documents were submitted (as required to provide important detail including, for instance, to differentiate Defendant's deletions and additions in amended filings, i.e, "blacklines"). Moreover, most exhibits do not appear on the docket notwithstanding Defendant's requests, including a January-2, 2019 request to scan Exhibits A–C and to note those exhibits on the docket separately from the main document. See Exhibit B of this Motion and Doc. 129.

## DUTY TO CONFER

Pursuant to D.C.COLO.LCivR. 7.1(a), undersigned Defendant certifies that (whereas he is not able to routinely check email) Annette transmitted a memorandum via email to AUSA Jasand Mock on January 2, 2019 and received an automated reply stating that AUSA Mock will be on furlough until funding is restored.  Defendant thus presumes that this motion is not unopposed. See Doc. 129.

DATED this 5th day of January, 2019.

Respectfully Submitted,

_____
William J. Golz, Ph.D.
*Defendant, Pro Se*
29714 North 152nd Way
Scottsdale, Arizona 85262
Phone: (480) 816-5019

# Exhibit A

From: "Tufts. Suzanne I" <Suzanne.Tufts@hud.gov>
To: "wgolz" <wgolz@alumni.lsu.edu>
Cc: "annette.golz@gmail.com" <annette.golz@gmail.com>; "Cruciani, Linda M"
<Linda.M.Cruciani@hud.gov>
Sent: 5/31/2018 5:08:51 AM
Subject: Re: FTCA Claim (Attached)

Dear Mr. Golz

I am not the General Counsel so suggest you direct emails about this matter to our Office of General
Counsel. If you go to the HUD web site you will find information on which division and where to
direct your materials. In the meantime I have looped in our OGC via this email.

Respectfully
Suzanne Tufts
Get Outlook for iOS

**From:** wgolz <wgolz@alumni.lsu.edu>
**Sent:** Thursday, May 31, 2018 2:41:13 AM
**To:** Tufts, Suzanne I
**Cc:** annette.golz@gmail.com
**Subject:** FTCA Claim (Attached)
Ms. Tufts:

> I am attaching an SF95 with a supplemental memo and enclosure to document an FTCA claim.
> I would appreciate it if you could acknowledge your receipt of, and ability to open, the attached
> 11-page document, as I could then send you the hard copy via US Certified Mail in lieu of
> transmitting it via FedEx.

Thank you.

Sincerely,
William Golz, Ph.D.
wgolz@alumni.lsu.edu

-IMPORTANT-
This email is covered by the electronic communications privacy act, 18 u.s.c. 2510-2521 and is legally privileged. The
information contained in this message is confidential and is intended only for the use of the individual or entity named
above. Any unauthorized disclosure or distribution of this information is prohibited. If you are not the intended recipient,
please notify me immediately by returning it to me and deleting this copy from your system.

**FedEx**

June 22, 2018

Dear Customer:

The following is the proof-of-delivery for tracking number **781217533190**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | M.HENERY | Delivery location: | WASHINGTON, DC |
| Service type: | FedEx Express Saver | Delivery date: | Jun 4, 2018 11:48 |
| Special Handling: | Deliver Weekday | | |

Signature image is available. In order to view image and detailed information, the shipper or payor account number of the shipment must be provided.

## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 781217533190 | Ship date: | May 31, 2018 |
| | | Weight: | 0.5 lbs/0.2 kg |

| | | |
|---|---|---|
| Recipient: | Shipper: | |
| WASHINGTON, DC US | SCOTTSDALE, AZ US | |

Thank you for choosing FedEx.

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| U.S. Department of Housing and Urban Development<br>Assistant Secretary for Administration<br>451 Seventh Street SW<br>Washington, DC 20410 | Annette T. Golz (DOB 12/19/1955)<br>William J. Golz, Ph.D., (DOB 11/13/1953)<br>29714 N 152nd Way<br>Scottsdale, AZ 85262 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.)<br>See Supplement |
|---|---|---|---|---|

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

June-6 and July-6, 2016 trespasses and a December-2, 2016 forced entry. See Supplement.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

See Supplement

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See Supplement

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| Boulder County (Colorado) Sheriff's Office | See Supplement for report-ordering information |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 11,228.22 | 304,948.80 | | 316,177.02 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE<br>05/30/2018 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?   ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

Insurance is non-applicable ("N/A") to this incident: Claimants did not file an insurance claim for damage to their home and are not seeking reimbursement from Housing and Urban Development for healthcare treatment for Mrs. Golz's emotional-distress. See Supplement.

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☐ No   17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance?   ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

N/A

**INSTRUCTIONS**

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

**PAPERWORK REDUCTION ACT NOTICE**

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) BACK

**Date**  May 30, 2018

**Via**  Email and Mail Carrier (Delivery Verified with Signature)

**To**  U.S. Department of Housing and Urban Development
Assistant Secretary for Administration
451 Seventh Street SW.
Washington, DC 20410

**From**  Annette Golz and William Golz, Ph.D.
29714 N. 152nd Way
Scottsdale, AZ 85262-6942[1]

**Re**  Supplement to Standard Form 95

## I. BASIS OF CLAIM AND POSSIBLE RECOURSE TO
## THE OFFICE OF INSPECTOR GENERAL FOR ADDITIONAL FACTS

This tort claim began with June-6 and July-6, 2016 trespasses by an agent, or agents, of Housing and Urban Development ("**HUD**" or the "**agency**") onto the property at 130 Beaver Creek Drive, Nederland, Colorado (the "**Golz Home**" or the "**Property**").[2]  Prior to those incursions, the Secretary and HUD's attorneys at the United States Attorneys Office for the District of Colorado had received constructive notice that Annette Golz ("**Mrs. Golz**") and William Golz, Ph.D., ("**Dr. Golz**"), were occupying the Property.[3]  HUD subsequently admitted to knowing that Dr. Golz was an occupant of the Property.[4]  On December 2, 2016, two individuals with a BLM Companies LLC ("**BLM**") work order were interdicted inside the Golz Home (the "**Forcible Entry**") and positively identified by an officer responding for the Boulder County Sheriff's Office ("**BCSO**").[5,6]  Facts and evidence are sufficient to the reasonable inference that attorneys in HUD's Office of General Counsel ("**OGC**") – Zachary Paul Mountin ("**Mr. Mountin**"), Matthew V. Mussetter, and Millicent Brown Potts ("**Ms. Potts**") – were involved in, or have a detailed knowledge of, crimes and the criminally negligent misuse of agency funds.[7]  Whereas, in 2017, Dr. and Mrs. Golz ("**Claimants**") provided HUD's Office of Inspector General (the "**OIG**") with facts and evidence of felony false statements and other crimes by HUD staff and contractors, the OIG may be in possession of additional facts relevant to the investigation of this Claim.

---

[1] Alternate Address: P.O. Box 328, 130 Beaver Creek Drive, Nederland, CO 80466.

[2] *See* Doc. 64, ¶ 122; and Doc. 90, at 5, ¶ 1; documents ("**Docs.**") are from the Electronic Case Files for *Benjamin S. Carson, Secretary of Housing and Urban Development v. Estate of Verna Mae Golz, et al.*, No. 17-cv-1152 (D. Colo.).

[3] *See* Doc. 64, ¶¶ 123-126; Doc. 81, Ex. G; and Doc. 90, at 5, ¶ 1.

[4] *See* Doc. 64, ¶ 127.

[5] *See* Doc. 64, ¶¶ 128-131; Doc. 81, at 16-19: §§ V.B and C.

[6] BCSO Case No. 16-7379 – which includes names of Sage Acquisition, BLM, and HUD employees that BCSO investigators contacted, or attempted to contact – can be ordered from the BCSO Records Section: Fax (720) 564-2674 or email sheriffrecords@bouldercounty.org.

[7] *See, e.g.,* Doc. 81, at 16-19, §§ V.B and C; and Doc. 90, at 6-9: Factual Background, § II.

## II. AUTHORITIES AND PRESENTMENT

### A. Authorities

This supplement and the Standard Form 95 to which it is attached (the "**Claim**") are provided to HUD pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (the "**FTCA**"). This Claim, for losses due to HUD's wrongful acts and trespasses on the Property on June-6, July-6, and December-2, 2016, will be transmitted for delivery to the appropriate office HUD within two years of the earliest of those trespasses. 28 U.S. Code § 2401(b). The amount stated on Line 12a, Property Damage,[8] includes approximations, and Line 12b, Personal Injury,[9] proffers a pecuniary value for Mrs. Golz's emotional-distress. Line 12d, Total, is the sum certain that Claimants will accept from HUD in full satisfaction and final settlement of this Claim.

### B. Presentment

This Claim is being filed with the Assistant Secretary for Administration, Department of Housing and Urban Development, 451 Seventh Street SW., Washington, DC 20410 as provided for in 24 CFR § 17.2(b): (i) Whereas Claimants do not know the identities of all HUD staff responsible for the wrongful acts, those individuals office of employment is "not reasonably known and not reasonably ascertainable"; (ii) Whereas the OGC may be the office of employment of the individuals primarily responsible for the wrongful acts, the OGC is disqualified from investigating this Claim because of the conflict of interest consequent to the reasonable inference that OGC attorneys (including Ms. Potts, whom has served in many positions in the OGC,[10] where she is currently Acting Deputy General Counsel for Housing Programs[11]) were directly involved in, or have detailed knowledge of, acts by agency staff and contractors that violated criminal statutes. *See* n.7, *supra*.

### III. LINE 12a. PROPERTY DAMAGE

Claimants extensive written correspondence to the Secretary, BCSO Case No. 16-7379, and the pleadings submitted by Dr. Golz in the *Estate of Verna Mae Golz, supra*, detail how HUD's trespasses caused Claimants' losses, which are itemized in the Enclosure for June 2016 to May 2018. Each "Damage/Loss" described is followed by an abbreviation in parentheses indicat-

---

[8] Claimants make no claim for Mrs. Golz's loss of wages; Claimants will provide documentation of property damage and economic losses, upon request, and as available, consistent with the constraints on Claimants' ability to travel and that some records relevant to the loss estimate may be at the Property.

[9] Claimants do not intend to make a claim for reimbursement of deductibles or medical expenses incurred for Mrs. Golz's emotional-distress which was covered by Claimants' insurance; medical records documenting Mrs. Golz's visits to her physician and a nurse practitioner for emotional distress will be provided upon request.

[10] *See Millicent Potts*, HUD.gov (May 28, 2018), https://www.hud.gov/program_offices/general_counsel/Millicent_Potts.

[11] *See OGC Headquarters Managers*, HUD.gov (May 28, 2018), https://www.hud.gov/program_offices/general_counsel/hq-managers.

ing the source of Claimants' cost-estimate for that item: Approximation ("**Approx**") is from a public or proprietary database, or from Claimants' personal knowledge; Credit Card Statement ("**Cr-CdStmt**") is self explanatory; Estimate ("**Estim**") is from a reputable business; Flights ("**SW-Points**") uses personal records and published internet fares to conservatively estimate the cost of each Southwest-Airlines' flight purchased with points; Hotel Night $100 ("**HPoints**") is a conservative estimate of the cost for one night at a Hilton property purchased with points; "Miles One Way" is the mileage driven to repair and check on the Property, and for Claimants' son to periodically return to Arizona, computed using an internet mapping application for mileage multiplied by the rate for the subject year, as provided by the Internal Revenue Service (the "**IRS**");[12] Parking expenses are from receipts from Parking Spot 1 in Phoenix ("**ParkgSpotRcpt**").

## IV. LINE 12b. PERSONAL INJURY

Dr. Golz's May-4, 2016 letter to the Secretary, copied by email to the Secretary's Chief of Staff, was critical of Ms. Potts' claim of legal authority to deny the estate a payoff balance on his late mother's loan, and of her threats of foreclosure, in 2015.[13]  On May 11, a door hanger was left demanding that Claimants call HUD's mortgage servicer, Novad Management Consulting ("**Novad**"), that day.  Dr. Golz's June-2, 2016 letter to Novad, copied to the Secretary via email to his Chief of Staff, had instructed Novad that "[a]ll future correspondence regarding the Property is to be sent to estate's counsel."  When the Golzs returned from a morning hike on June 6, they found another door-hanger demanding that they call Novad.  Claimants responded with an email to Novad at 11:26 a.m., again copying the Secretary's Chief of Staff by email, attaching the June-2 letter; the Golzs followed up with a facsimile to Novad at 1:56 p.m.  Because HUD was ignoring Claimants' demands to cease trespassing, Dr. Golz and his son resolved to remain in Nederland for the summer while Mrs. Golz flew from Phoenix to Denver on weekends, which was tiring and stressful for her.[14]  Persisting in its refusal to honor the Golzs' demands to cease and desist trespassing, on July 6, HUD had their agent again enter onto the Property to leave another door-hanger demanding that Claimants call Novad that day.[15]

Because Mrs. Golz had a scheduled biopsy of a lesion on her nose, with possible surgery soon after, the family had planned to spend the 2016 holidays in Scottsdale.  That changed when the Forcible Entry made it necessary for Dr. Golz to leave Arizona on December 2, 2016, to arrive at the Property on December 3 to effect emergency repairs.  Mrs. Golz, distraught and unable to sleep, sought help from her healthcare provider on December 12, 2016, and after her biopsy, on

---

[12] *See Standard Mileage Rates*, IRS (May 27, 2018), https://www.irs.gov/tax-professionals/standard-mileage-rates.

[13] The May-4 letter stated, *inter alia*: "Ms Potts' officious claims to the contrary, the agency cannot stretch its authority far enough to create an 'exercise of discretion' or a 'final determination' that would be dispositive of my late-mother's Property, or which would allow the agency to refuse my mother's estate, or any similarly situated mortgagor, an accurate payoff balance."

[14] Doc. 64, ¶¶ 122 and 123.

[15] Doc. 64, ¶¶ 124-126.

Friday, December 16, she flew to Colorado with her son.  On Sunday, December 18, she slipped on ice, fell, and broke her ankle.  Because her ankle did not heal properly, Mrs. Golz remained in Colorado until the end of January 2017 then returned to work, restricted to light duty and medically unable to operate a vehicle.  Her work requires her to drive throughout the states of Arizona and Nevada, and her inability to operate an automobile until the end of March 2017 had a materially adverse impact on her earnings. *But see* n.8, *supra*.  Mrs. Golz's ankle required therapy to heal properly which caused her to postpone her first major cancer surgery to June 2017.

Mrs. Golz's emotional distress during this time has been aggravated by the fact that her only child has had to live in Nederland to prevent HUD from orchestrating another break in, removing her belongings, and seizing her home, as HUD asserts it has a contractual right to do.  The agency's counsel, at that time Assistant United States Attorney ("**AUSA**") Shiwon Choe, advised in a June-6, 2017 letter to Dr. Golz:

> In response to your claim that HUD engaged in a federal criminal trespass by virtue of their entry onto the Property on December 2, 2016, we refer you to the Deeds of Trust on the Property which provide that "[u]pon acceleration under Paragraph 9 [of the Deeds of Trust]"–which occurred no later than May 16, 2014–HUD "(in person, by agent or by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the Property[.]" Deeds of Trust ¶ 23.

Notwithstanding that HUD's purported contractual right to forcibly enter the Golz Home violates statute, is illegal, and would thus have been void, *ab initio*, HUD has periodically reiterated its claim of having a contractual right to forcibly enter the Golz Home at any time.  While Mrs. Golz was recovering from a series of paramedian forehead flap surgeries, Dr. Golz sought some reassurance for her with a December-6, 2017 email to Mr. Mountin and AUSA Jasand Mock that explained:

> [M]y wife Annette [is] feeling anxious at a time when she needs respite from worry.  I will therefore appreciate your both replying to this email so that I can assure Annette that HUD will not repeat its actions of December-2, 2016.

Copying Mr. Mountin, AUSA Mock replied on December 7 to advise Dr. Golz that:

> HUD has a contractual right under the Deeds of Trust to enter upon and manage the property.

On December 7, 2017, Mrs. Golz again sought medical assistance for anxiety and inability to sleep.  On December 13, HUD once again publicized its perceived right to invade Mrs. Golz's home by force at any time:

> [Although Dr. Golz has claimed that] "HUD and their agents" committed a criminal trespass, forcible entry, and criminal mischief, and had intent to commit burglary under Colorado law.  None of Defendants' claims have any merit for the simple reason that the Deeds of Trust expressly authorize HUD to enter upon and manage the property.

Doc. 71, at 18, ¶ 1.

In summary, in spring and summer 2015, HUD made six foreclosure threats; in spring and summer 2016, HUD's agents trespassed upon the Property three times in defiance of Claimants' written demands to cease and desist; in December 2016, HUD's contractor broke into the Golz Home which HUD knew was occupied by Claimants; and since that time, HUD has repeatedly published its purported contractual right to return at any time and invade Mrs. Golz's home. By any civilized standard, HUD's actions constitute outrageous conduct. On February 6, 2018, Mrs. Golz was experiencing symptoms of long-term emotional distress, anxiety and an inability to sleep, and again found it necessary to seek help from her physician.[16]

## V. LINE 12d. TOTAL

The amount on Line 12a, $11,228.22, is the sum of the three years for which approximations of actual property damages and economic losses have been itemized and totaled: $6,041.58 in 2016; $3,056.68 in 2017; and $2,129.96 in 2018. The amount on Line 12b, $304,948.80, is computed using Mrs. Golz's gross annual salary in 2016 divided by 365 days, $421.20, multiplied by 724, the number of days from June 6, 2016 through May 30, 2018. As required by the FTCA, Line 12d, Total, $316,177.02, is the sum certain that Claimants will accept from HUD in full satisfaction and final settlement of this Claim, which is exclusive of any amount to which Claimants may be entitled to recover for Mrs. Golz's ongoing emotional distress or for any other, including exemplary, damages recoverable from other defendants.

## VI. OTHER DEFENDANTS

Prior to the date upon which the *ante litem* requirement will be satisfied as to HUD, 28 U.S. Code § 2401(b), Claimants anticipate that they will file a complaint naming other responsible parties in this matter. Given what is now known to them, Claimants' intent is to name only HUD in the June-6 and July-6 trespasses because facts now indicate that Novad and the agent who placed the door-hangers are witnesses while the trespasses were carried out consequent to an order from persons in HUD's OGC, including in Denver.[17]  Claimants intend to name the following BLM defendants: BLM, as a corporate entity; BLM manager Tracy Willingham;[18] the intruders that BCSO interdicted inside the Golz Home with a BLM work order and HUD Property Access Record – Phillip Cuizon and Wesley Scott;[19] and BLM "supervisor Zach" who falsely stated to the responding officer that "'the home had been foreclosed and HUD had taken possession of the [P]roperty. BLM then purchased it from HUD.'"[20]

---

[16] Colorado law provides for emotional distress inflicted negligently, *e.g., Hale v. Morris*, 725 P.2d 26, 28 (Colo. Ct. App. 1986), or intentionally. *E.g., Culpepper v. Pearl Street Building, Inc.*, 877 P.2d 877, 882 (Colo. 1994).

[17] *See* Doc. 81, at 16, ¶¶ 1 and 2; *and see* Doc. 90, at 6, ¶ 3 to 7 ¶ 1, and, at 9, n.9.

[18] *See* Doc. 64, ¶ 130 and n.18; Doc. 81, at 18 and 19: § V.C; and Doc. 90, at 8, ¶ 3 and n.7.

[19] *See, e.g.*, Doc. 64, ¶¶ 128 and 129 and Exs. A and B; *and see* BCSO Case No. 16-7379.

[20] *See* Doc. 64, ¶ 129, n.17; Doc. 90, at 8, ¶ 3 and n.8.

# Enclosure

## Supplement to SF 95, Line 12a. Property Damage/Economic Loss (2016)

| Damage/Loss | January | February | March | April | May | June | July | August | September | October | November | December | Totals (2016) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADT Alarm (CrCdStmt) | | | | | | | | 159.46 | | 32.18 | 27.99 | 27.99 | $247.62 |
| Locksmith (CrCdStmt) | | | | | | | | | | | | 100.92 | $100.92 |
| Larson Storm Door (Estim) | | | | | | | | | | | | 1057.00 | $1,057.00 |
| Depression Glass (Approx) | | | | | | | | | | | | 500.00 | $500.00 |
| Window Screen (Approx) | | | | | | | | | | | | 35.00 | $35.00 |
| Comp Desk (Approx) | | | | | | | | | | | | 200.00 | $200.00 |
| Lenovo G570 (Approx) | | | | | | | | | | | | 300.00 | $300.00 |
| Miles One Way (808*0.54) | | | | | | 436.32 | | | 436.32 | | | 436.32 | $1,308.96 |
| Hotel Night $100 (HPoints) | | | | | | 100.00 | | | | | | | $100.00 |
| Flights (SWPoints) | | | | | | 84.60 | 657.60 | 691.80 | 150.20 | | | 5.60 | $1,589.80 |
| Bus/Tips (Approx) | | | | | | 22.00 | 70.00 | 94.00 | 24.00 | | | 26.00 | $236.00 |
| Parking (ParkgSpotRcpt) | | | | | | | 30.17 | 106.14 | 81.65 | | | | $217.96 |
| Taxi (CrCdStmt) | | | | | | 148.32 | | | | | | | $148.32 |
| Totals | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $791.24 | $757.77 | $1,051.40 | $692.17 | $32.18 | $27.99 | $2,688.83 | $6,041.58 |

**Supplement to SF 95, Line 12a. Property Damage/Economic Loss (2017)**

| Damage/Loss | January | February | March | April | May | June | July | August | September | October | November | December | Totals (2017) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADT Alarm (CrCdStmt) | 27.99 | 27.99 | 27.99 | 27.99 | 27.99 | 27.99 | 27.99 | 27.99 | 27.99 | 27.99 | 27.99 | 27.99 | $335.88 |
| Miles One Way (808*0.535) | | 228.20 | | | | | | 864.56 | | | 432.28 | | $1,296.84 |
| Hotel Night $100 (HPoints) | | | | | | | | 200.00 | | | 100.00 | | $300.00 |
| Flights (SWPoints) | 65.20 | | | 75.80 | | 277.20 | | | | | | | $646.40 |
| Bus/Tips (Approx) | 26.00 | 26.00 | | 52.00 | | 26.00 | | | | | | | $130.00 |
| Parking (ParkgSpotRcpt) | 261.39 | 86.17 | | | | | | | | | | | $347.56 |
| **Totals** | $380.58 | $368.36 | $27.99 | $155.79 | $27.99 | $331.19 | $27.99 | $1,092.55 | $27.99 | $27.99 | $560.27 | $27.99 | $3,056.68 |

**Supplement to SF 95, Line 12a. Property Damage/Economic Loss (2018)**

| Damage/Loss | January | February | March | April | May | June | July | August | September | October | November | December | Totals (2018) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADT Alarm (CrCdStmt) | 27.99 | 27.99 | 27.99 | 30.78 | 30.78 | | | | | | | | $145.53 |
| Miles One Way (808*0.545) | | | | | 440.36 | | | | | | | | $440.36 |
| Hotel Night $100 (HPoints) | | | | | 100.00 | | | | | | | | $100.00 |
| Flights (SWPoints) | | | | 562.40 | | | | | | | | | $562.40 |
| Parking (ParkgSpotRcpt) | | | | 54.35 | | | | | | | | | $54.35 |
| Car Rental/Toll (CrCdStmt) | | | | 827.32 | | | | | | | | | $827.32 |
| **Totals** | $27.99 | $27.99 | $27.99 | $1,474.85 | $571.14 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | **$2,129.96** |

# Exhibit B

ATTN   **Civil Action No. 17-cv-1152-RBJ-MEH**

DATE   January 2, 2019

To   Clerk's Office
Alfred A. Arraj United States Courthouse
Room A-105
901 19th Street
Denver, Colorado 80294-3589
Phone: (303) 844-3433

VIA   FedEx Overnight

FROM   William J. Golz, Ph.D.
Defendant, Pro Se
29714 N. 152nd Way
Scottsdale, AZ 85262-6942
Phone/Fax: (480) 816-5019
Email: wgolz@alumni.lsu.edu

Re   *Benjamin S Carson, Secretary of Housing and Urban Development v. Estate of Verna Mae Golz, et al.,* No 17-cv-1152 (D Colo).

This will transmit the following:

**Defendant's Motion to Extend Time to Respond to
Plaintiff's Motion for Summary Judgment (DOC. 127)**

Please do as follows:

(1) List this Motion to Extend Time and each of its three Exhibits A–C separately on the Docket, see, e.g., Doc. 81, "(tsher, )(Entered: 02/02/2018)";

(2) Scan this Motion to Extend Time and each of its three Exhibits A–C separately such that they can be downloaded from PACER as individual documents, see, e.g., Doc. 81, "(tsher, )(Entered: 02/02/2018)".

## CERTIFICATE OF SERVICE

I hereby certify that I will transmit the foregoing by U.S. Priority Mail to the Clerk of Court whom will send notification of such filing to any party who has entered an appearance in this matter to the email addresses on file with CM/ECF.

DATED this 5th day of January, 2019.

William J. Golz, Ph.D.
*Defendant, Pro Se*
29714 N. 152nd Way
Scottsdale, Arizona 85262-6942
Phone/Facsimile: (480) 816-5019