**RECEIVED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**CERTIFICATE OF SERVICE**

JAN 31 2019

JEFFREY P. COLWELL
CLERK

This will certify that one copy of a letter to Ms. Mara Silver, Emergency

Applications Attorney, ten copies of a letter to the Honorable John G. Roberts, Jr.,

Chief Justice of the United States, and ten copies of Supplement (i) (to add

intervening matter) to Application for Stay 18A692 prepared pursuant to Rule 33.2

will be transmitted via email (c/o Thiel Press) to Roger N. Thiel for hand delivery to

the North Drive of the Supreme Court building.   I further certify that I will

transmit one copy of the letter to the Chief Justice with Supplement (i) to 18A692 to

each of the parties listed below (via the manner indicated in parentheses) consistent

with Rule 29.3:

Noel J. Francisco
Solicitor General of the United States
Department of Justice, Room 5616
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001
(E-mail and Priority Mail)

Hon. R. Brooke Jackson
United States District Judge
Alfred A. Arraj U.S. Courthouse, A938
901 19th Street
Denver, Colorado 80294
(E-mail and Priority Mail)

I further certify under penalty of perjury that to the best of my knowledge the

foregoing is true and correct.  Executed on this 28th day of January, 2019.



William J. Golz, Ph.D.
*Applicant, Pro Se*
29714 North 152nd Way
Scottsdale, Arizona 85262
E-mail: wgolz@alumni.lsu.edu
Phone: (480) 816-5019

**Date**  January 28, 2019

**To**  The Honorable John G. Roberts, Jr.
Chief Justice of the United States
United States Supreme Court
One First Street, N.E.
Washington, D.C. 20543

**Via**  Hand Delivery by Roger N. Thiel

**From**  William J. Golz, Ph.D.
29714 N. 152nd Way
Scottsdale, AZ 85262-6942

**Re**  Supplement to 18A692: Application to stay proceedings in *Benjamin S. Carson, Secretary of Housing and Urban Development v. Estate of Verna Mae Golz, et al.* (No. 17-cv-1152) (D. Colo.).

Dear Chief Justice Roberts:

The subject Application requests a stay in district court proceedings pending this Court's consideration of a petition for a writ of mandamus or prohibition addressing, as one of two questions, the disqualification of United States Magistrate Judge Michael E. Hegarty pursuant to 28 U.S.C. § 455. The Application has been distributed for the Court's February-15 conference. This letter provides a brief synopsis of intervening events material to the Application.

From December 18, 2018 through January 11, 2019, attorney Meredith Callan telephoned, sent an email and a letter, and left two voice messages attempting to recruit me as a client stating that she was acting at the behest of Magistrate Hegarty. ECF 144, Exs. A and B, see Supplement. I did not reply to Ms. Callan, and on January 16, 2019, the Magistrate scheduled a January-23 status-conference inviting "Meredith Callan, pro bono counsel contacted to represent the Estate of Verna Mae Golz." ECF 141, see Supplement, at 29. I did not request nor do I qualify for pro bono representation. The Magistrate's interests are in conflict with mine and his ex parte contact with Ms. Callan directly involved my defense, in violation of the Judicial Canon, the Colorado Rules of Professional Responsibility for attorneys, and the district court's rules for appointing pro bono counsel. D.C.Colo.LAttyR. 15, see Supplement, at 30–35.

This letter is to request that you distribute the enclosed Supplement prior to the Court's February-15 conference so that it may be considered as part of my request for a stay (except as to those proceedings that may be necessary to obtain evidence and testimony regarding Magistrate Hegarty's ex parte contacts and relationships with attorneys relevant to disqualification—Ms. Callan, Zachary Mountin, and Kevin Traskos).

Respectfully,

William J. Golz, Ph.D.

No. 18A692

# IN THE SUPREME COURT
### *of the*
# UNITED STATES

William J. Golz,

*Applicant,*

*V.*

Benjamin S. Carson, Secretary of Housing and Urban Development,

*Respondent.*

ON APPLICATION TO STAY AN ORDER AND PROCEEDINGS IN THE
FEDERAL DISTRICT COURT FOR THE DISTRICT OF COLORADO

## Application to Stay a District Court Order and Proceedings

*Pending Applicant's*

## Petitions to this Court

*for*

## Writs of Mandamus and Prohibition

## SUPPLEMENT (i)
### (TO ADD INTERVENING MATTER)

i

## CONTENTS

ECF 144 Def.'s Resp. in Opp'n to Pl.'s Mot. Summ. J. & Exs. A–C ........[Supp(i)]1–35

   ECF 144 Main, pp. 19–28 [Filed Jan. 28, 2019]......................................1–10

   ECF 144, Exhibit A.............................................................................11–17

      Title Page and Contents.........................................................11–12

      Declaration of William J. Golz.................................................13–14

      Dec.-19, 2018 email: M. Callan to W. Golz....................................15

      Dec.-19, 2018 letter: M. Callan to W. Golz.............................16–17

         Letter...............................................................................16

         Envelope..........................................................................17

   ECF 144, Exhibit B.............................................................................18–26

      Title Page and Contents.........................................................18–19

      Declaration of Annette T. Golz................................................20–21

      Dec.-18, 2018 to Jan.-11, 2019, Log for
         (480) 816-5019: Incoming Calls from 720-636-0696..............22

      Jan.-8, 2019 Voice-Message: M. Callan to W. Golz....................23

      Jan.-11, 2019 Voice-Message: M. Callan to W. Golz...................24

      Jan.-22, 2019, 4:55 p.m. Email from
         hegarty_chambers@cod.uscourts.gov......................................25

      Jan.-23, 2019, 4:25 p.m. Email
         from AB Court Reporting & Video..........................................26

   ECF 144, Exhibit C.............................................................................27–35

      Title Page and Contents.........................................................27–28

      ECF 141, Minutes of Status Conference, Jan.-23, 2019.............29

      D.C.COLO.LAttyR 15: Civil Pro Bono Representation.........30–35

32.704(c).  Federal employees who violate the Act are subject to civil or criminal

penalties.  See 31 U.S.C. §§ 1349, 1350.  Any of those violations would be relevant to

Defendant's unclean hands defense and tort claim.

### III.   MAGISTRATE HEGARTY'S EX PARTE HIRING OF "MEREDITH CALLAN, PRO BONO COUNSEL CONTACTED TO REPRESENT THE ESTATE OF VERNA MAE GOLZ"

### A.   Summary

As discussed in the Introduction, *supra*, Defendant moved the District

Court to dismiss the Estate as a defendant on April 25, 2018, and when probate was

closed on May 2, the Estate ceased to exist as an entity.  On May 24, the Govern-

ment offered that "Plaintiff does not object to Dr. Golz representing the Estate."

Had Magistrate Hegarty wished to proffer an argument as to why the

Estate required representation, he had nine months during which he could have is-

sued an order to that effect on the record.   Had he wished to provide pro bono rep-

resentation — which Defendant has not requested and for which he does not qualify

— Magistrate Hegarty and Ms. Callan would have been required to comply with

their respective ethical canons and with D.C.Colo.LattyR 15 which has safeguards

to prevent improper ex parte contact between a judge and an attorney.

Between December 18, 2018 and January 11, 2019, Defendant received

a phone call, an email, a letter, and two voice messages from Ms. Callan, one where

19

she stated: "I was contacted by Judge Hegarty to assist you on your case. You *do*[2] need representation on the Estate matter." When Defendant did not respond to Ms. Callan's five contact-attempts, the Magistrate ordered a January-23, 2019 emergency status-conference (the "Emergency Conference")[3] to which he apparently invited Ms. Callan advising that: "I actually have a lawyer here in the courtroom ... and we're trying to get [Defendant] a lawyer so he's not in default. But it looks like the Government is simply going to win this case because an estate can't represent itself."

**B.   Facts**

   **(i)   In five contact attempts, Meredith Callan repeated three times that she was acting at the direction of Magistrate Hegarty**

   Ms. Callan's first contact attempt was apparently December 18, 2018 when Defendant's home telephone logged her number as an incoming facsimile. Defendant received an email, and letter from Ms. Callan, both dated December 19, 2018 with identical text, stating, in part, "Judge Hegarty recommended that I con-

---

2  The italics are to indicate that emphasis was placed on the word *"do"* in the voice message.

3  AUSA Mock had advised Defendant that he was furloughed, where 31 U.S.C. § 1342 provides, in relevant part, that the "United States Government ... may not accept voluntary services ... except for emergencies involving the safety of human life or the protection of property. ... As used in this section, the term "emergencies involving the safety of human life or the protection of property" does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." By scheduling a conference requiring AUSA Mock's participation, the Magistrate declared an emergency.

tact you regarding 17-CV-01152 as you are currently appearing pro se but you would be best served having a lawyer."

The following is a verbatim transcript of a voice message recorded on Defendant's home telephone with a date and time stamp of January 8, 2019, 10:49 a.m:

> Hello,
>
> This is for William Golz.
>
> My name is Meredith Callan, my phone number is 720-636-0696.
>
> I'm an attorney in Denver. I've been trying to get a hold of you.
>
> I sent you an email and a letter to your address in Arizona.
>
> I was contacted by Judge Hegarty to assist you on your case.
>
> You *do* need representation on the Estate matter.
>
> Please give me a call back and I will be happy to be of assistance in this matter.
>
> Again my number is 720-636-0696.
>
> Have a great day.

See (ExB)3 and 4.[4] Ms. Callan left another voice message on Defendant's home telephone on January 11, 2019 at 4:59 p.m. See (ExB)3 and 5.

**(ii)   Magistrate Hegarty contravened his own order when he demanded to hold the Emergency Conference after Defendant had advised him that he could not appear**

---

4  Letters in parentheses denote the exhibit, in this case Ex. B, and the number to the right of the parentheses is the ordinal page therein, in this case pp. 3 and 4.

The Magistrate's January-16 minute-order setting the Emergency Conference for January-23 stated: "If this date is not convenient, counsel should confer with opposing counsel and contact my Chambers to obtain an alternate date." ECF 135.

"On January 17 at 1:25 p.m, AUSA Mock transmitted an email addressed to "Mrs. Golz and Dr. Golz" stating "[p]lease let me know your position on rescheduling the status conference by 1:30 pm (Mountain time) on Friday, January 18." On January 18, at 12:37 a.m., Mrs. Golz emailed Defendant's letter to AUSA Mock which included Defendant's request to "please give me enough time to provide you with a brief qualifier to include in your motion to explain the reasons for my position in this conferral." The request for a final conferral by Defendant (who files by mail) was ignored by AUSA Mock who copied Mrs. Golz on the CM/ECF notification that Plaintiff's motion had been filed on January 18, at 4:06 p.m. See ECF 139, at 2–3.

On January-21, Mrs. Golz transmitted Defendant's response via FedEx and email to AUSA Mock, copying the District Judge and Magistrate, which stated: "Had AUSA Mock honored Defendant's request for a final conferral by email on January 18 before submitting Plaintiff's motion — between the times of 12:37 a.m. and 4:04 p.m., which spans almost the entire business day — Defendant would have

advised that he could not be available for a telephone conference any earlier than February 4, 2019." ECF 139, at 3.

Whereas AUSA Mock, who was furloughed, ignored Defendant's January-18 request for a final conferral, Defendant's only option for contacting the Magistrate's "Chambers to obtain an alternate date[,]" without impermissible ex parte contact[5] was to have Mrs. Golz transmit the January-21 email to Magistrate Hegarty's Chambers, copied to all parties, stating that her husband was not available for a telephone conference.

At 4:55 p.m. on January 22, the Magistrate's law clerk sent an email to Mrs. Golz, which was not copied to Defendant, which stated:

> The Court is entering a Minute Order denying the Plaintiff's Motion to Vacate Status Conference. All parties need to appear telephonically.   We need counsel for the plaintiff to call William Golz at 480-816-5019 and then call chambers for the status conference.

(ExB)6. Defendant, who had explained in his January-21 response that he would not be available on January 23, was in a remote area without cell service and not at that phone number when AUSA Mock called the following morning.   During the Emergency Conference, Mrs. Golz explained:

---

5   The Magistrate's Practice Standards, § II.B.2, state: "*Ex parte* communications with my Chambers are not permitted, except for the purpose of discussing settlement."

23

> I received an email last night. My husband's not
> available, and the email said that the Assistant US
> Attorney was going to call this number. ... my hus-
> band is not here, he's not available, and I think in
> his response that was sent, he explained that, so
> I'm just trying to answer the phone.

Magistrate Hegarty stated:

> In today's technology unless someone is absolutely
> indisposed either through physical condition or
> some other means, they should be able to partici-
> pate in a five minute telephone conference ... We're
> not bound to any one telephone number so I'm look-
> ing forward to whatever excuse[6] Mr. Golz has but I
> highly recommend that you pass that information
> on to Mr Golz, and have him contact that lawyer.[7,8]

The records of these proceedings make it clear that Defendant has pur-

sued his responsibilities diligently at all times including as to the Emergency Con-

ference: Defendant complied with the Magistrate's order to contact his Chambers

for a more convenient date which was rejected by the Magistrate at the eleventh

hour in contravention of his own order and with the certain knowledge that Defen-

dant could not attend.

---

6  Excusable. "As used in the law, this word implies that the act or omission spoken of is on
   its face unlawful, wrong, or liable to entail loss or disadvantage on the person charge-
   able." Black's Law Dictionary 508 (5th ed. 1979).

7  This is quoted from notes taken by Annette Golz.

8  In a January-23, 2019 email, Annette Golz requested a transcript of that day's status
   conference to which AB Court Reporting & Video responded: "The court replied to our
   audio request and said that they *inadvertently* did not record the hearing." (emphasis
   added). See (ExB)7.

(iii)   **Magistrate Hegarty made it clear that he scheduled the emergency "five minute telephone conference" for the (improper) purpose of imposing his counsel of choice, Ms. Callan, upon Defendant**

After Defendant declined five invitations—a telephone call, an email, a letter, and two voice messages, from Ms. Callan stating that she was acting at Magistrate Hegarty's behest, he scheduled an Emergency Conference in an effort to impose Ms. Callan on Defendant: "Ms. Golz," the Magistrate said:

> I actually have a lawyer here in the courtroom who's willing to represent your husband's mother's estate. But she's been unable to get a hold of your husband. And, we're trying to get him a lawyer so he's not in default. But it looks like the Government is simply going to win this case because an estate can't represent itself. It has to be represented by a lawyer and not by a natural person. We have a lawyer who's willing to do that but Mr. Golz just won't communicate with anybody. So that's a problem.
>
> ...
>
> OK, so Mrs. Golz I'm going to give you a name and some information. Do you have a pencil and a piece of paper?

Mrs. Golz responded, "I do[,]" and the Magistrate continued:

> OK, Meredith (spells out Meredith) Callan (spells out Callan). 7206360696. With an email of Meredith (spells Meredith) dot Callan, that's (spells Callan) dot e s q, which is short for esquire, at

25

> gmail dot com. If Mr. Golz is interested in not de-
> faulting and the estate being able to litigate this
> case I would highly recommend that he give her a
> call. I'll, just for the record purposes, I'll be issuing
> an order to show cause why a default should not be
> entered for Mr. Golz and the estate of Verna Mae
> Golz failure to appear at a scheduled court hearing.

Defendant advised prior to this conference that he could not appear, and the Estate does not exist and could not therefore appear at any conference. On the day of the Emergency Conference, Magistrate Hegarty issued the Courtroom Minutes stating that:

> The Court gave Mrs. Golz the contact information
> for Meredith Callan, pro bono counsel contacted to
> represent the Estate of Verna Mae Golz.

ECF 141, included as (ExC)1. Its is absolutely clear from the facts that the Estate does not need representation. If Defendant wished to retain representation for him-self, he could not retain Ms. Callan because her solicitations on behalf of Magistrate Hegarty makes her ineligible: not only does ex parte contact involving a case on which the judge is sitting violate the ethical canon of both judge and the attorney but, for this set of circumstances, Ms. Callan's conflict is aggravated by the circum-stance that Defendant has sought to have the Magistrate disqualified — in this Court, in the Tenth Circuit, and in the U.S. Supreme Court — and will continue to

26

do so for reasons that make the Magistrate's interests inimical to those of Defendant.

The Magistrate's representing that "Meredith Callan [is] pro bono counsel" is also problematic because the Magistrate and Ms. Callan have not complied with the applicable Local Rules. See D.C.COLO.LAttyR 15 Civil Pro Bono Representation, included herewith, beginning on (ExC)2.

## IV.  REQUEST THAT THE DISTRICT COURT, *SUA SPONTE*, STAY ALL PROCEEDINGS UNTIL DEFENDANT CAN CONDUCT A FACTUAL INQUIRY INTO THE MAGISTRATE'S EX PARTE CONTACTS   WITH ATTORNEYS ABOUT THIS CASE.

Magistrate Hegarty's recent ex parte contacts with and proffer of Ms. Callan as pro bono counsel in violation of Local Rules raises questions that must be answered before the Magistrate is permitted to conduct any more proceedings in this case.  Defendant requests that the District Judge *sua sponte* stay all further proceedings until Defendant can evaluate what options are available to him to determine the facts of Magistrate Hegarty's relationship with and ex parte contacts with Ms. Callan and the facts of his relationships and contacts with Messrs. Traskos and Mountin.

## V.  CONCLUSION

Plaintiff is not entitled to summary judgment.

27

## VI.    NOTE REGARDING NUMBER OF PAGES

Absent the section needed to address Magistrate Hegarty's ex parte efforts to interpose "Meredith Callan, pro bono counsel contacted to represent the Estate of Verna Mae Golz" this Response is twenty pages.

DATED this 28th day of January, 2019.

Respectfully Submitted,

William J. Golz, Ph.D.
*Defendant, Pro Se*
29714 North 152nd Way
Scottsdale, Arizona 85262
Phone: (480) 816-5019

28

[Supp(i)]10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-1152-RBJ-MEH

BENJAMIN S. CARSON, Secretary of Housing and Urban Development,

    Plaintiff,

v.

WILLIAM J. GOLZ and
ESTATE OF VERNA MAE GOLZ

    Defendants.

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 127)**


**EXHIBIT A**

---

# CONTENTS

Supporting Documents.................................................................................(ExA)1–5

   Declaration of William J. Golz........................................................ (ExA)1–2

   Dec.-19, 2018 email: M. Callan to W. Golz......................................... (ExA)3

   Dec.-19, 2018 Letter: M. Callan to W. Golz.......................................(ExA)4–5

      Letter.................................................................................(ExA)4

      Envelope............................................................................(ExA)5

i

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-1152-RBJ-MEH

BENJAMIN S. CARSON, Secretary of Housing and Urban Development,

      Plaintiff,

v.

WILLIAM J. GOLZ and
ESTATE OF VERNA MAE GOLZ

      Defendants.

---

### DEFENDANT'S RESPONSE IN OPPOSITION TO
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 127)
### DECLARATION OF WILLIAM J. GOLZ

---

Pursuant to 28, U.S.C. § 1746, I, William J. Golz, make the following declaration:

1.      Page (ExA)3 is a copy of an email message I received with date-time stamp 12/19/2018, 11:48:04 AM, where the sender is identified as Meredith Callan;

2.      Page (ExA)4 is a scan of a letter I received dated December 19, 2018 and signed "Meredith Callan" and page (ExA)5 is a scan of the envelope in which the letter arrived;

3.      I received from my wife, Annette T. Golz, the following:

(a)     Electronic files of a call log (ExB)3, transcripts of voice
        messages, (ExB)4 and (ExB)5, and email messages (ExB)6
        which I reformatted as necessary for consistency and to
        meet Court requirements;

(b)     Notes from the January-23, 2019 status-conference which
        I typed and made corrections to capitalization and spell-
        ing and which appear in the text of the Response.

I declare under penalty of perjury that the foregoing is true and correct

to the best of my knowledge and that the documents attached as exhibits herewith

are as described.

Dated this 27th day of January, 2019.

William J. Golz, Ph.D.
29714 North 152nd Way
Scottsdale, Arizona 85262

**Subject:** 17-CV-01152, Recommendation
**From:** "Meredith Callan" <meredith.callan.esq@gmail.com>
**Sent:** 12/19/2018 11:48:04 AM
**To:** "wgolz" <wgolz@alumni.lsu.edu>

Dear Dr. Golz,

Judge Hegarty recommended that I contact you regarding 17-CV-01152 as you are currently appearing pro se but you would be best served having a lawyer.

I tried calling you on the two numbers the court provided me but one was disconnected and the other seems to be a fax number.

Please call me at your earliest convenience so we may discuss how I may be of assistance to you on this matter.

Regards,
Meredith


Meredith R. Callan, JD, MSLA
Law Office of Meredith R. Callan, Esq.
200 Quebec Street, Bldg 300, Ste 111
Denver, CO  80230
(720) 636-0696

**CONFIDENTIALITY.** This electronic mail message originated from attorney Meredith Renee Callan.  It was intended only for the confidential use of the designated recipient(s) and may include privileged and confidential attorney-client communication.  If you have received this communication in error, please notify me (720) 636-0696.  Any review, distribution, or copying of this message is prohibited.  Thank you for your assistance.

# LAW OFFICE OF MEREDITH R. CALLAN, ESQ.

(720) 636-0696 • Meredith.Callan.Esq@gmail.com
200 Quebec Street, Building 300, Suite 111 • Denver • CO • 80230

December 19, 2018

Dr. William Golz
29714 North 152nd Way
Scottsdale, Arizona 85262-6942

RE:   17-CV-01152

Dear Dr. Golz:

Judge Hegarty recommended that I contact you regarding 17-CV-01152 as you are currently appearing pro se but you would be best served by appearing with lawyer.

I tried calling you on the two numbers the court provided me but one was disconnected and the other seems to be a fax number.

Please call me at your earliest convenience so we may discuss how I may be of assistance to you on this matter.

Sincerely,

Meredith R. Callan, Esquire



Meredith R. Callan, Esq.
General Practice Law

(ExA)4                                                                                                        [Supp(i)]16



DENVER CO 800

Dr. William Gotz
29714 North 152nd Way
Scottsdale, Arizona 85262-6942

85262-6942414

Law Office of Meredith R. Callan, Esq.
260 Orchid St. Bldg. 200, Ste. 111
Denver, CO 80230

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-1152-RBJ-MEH

BENJAMIN S. CARSON, Secretary of Housing and Urban Development,

      Plaintiff,

v.

WILLIAM J. GOLZ and
ESTATE OF VERNA MAE GOLZ

      Defendants.

---

## DEFENDANT'S RESPONSE IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 127)

## EXHIBIT B

---

## CONTENTS

Supporting Documents...................................................................Ex(B)1–7

    Declaration of Annette T. Golz...................................................... Ex(B)1–2

    Dec.-18, 2018 to Jan.-11, 2019, Log for
      (480) 816-5019: Incoming Calls from 720-636-0696......................Ex(A)3

    Jan.-8, 2019 Voice-Message: M. Callan to W. Golz............................Ex(B)4

    Jan.-11, 2019 Voice-Message: M. Callan to W. Golz...........................Ex(B)5

    Jan.-22, 2019, 4:55 p.m. Email from
      hegarty_chambers@cod.uscourts.gov.............................................Ex(A)6

    Jan.-23, 2019, 4:25 p.m. Email
      from AB Court Reporting & Video..................................................Ex(A)7

i

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-1152-RBJ-MEH

BENJAMIN S. CARSON, Secretary of Housing and Urban Development,

      Plaintiff,

v.

WILLIAM J. GOLZ and
ESTATE OF VERNA MAE GOLZ

      Defendants.

---

### DEFENDANT'S RESPONSE IN OPPOSITION TO
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 127)
### DECLARATION OF ANNETTE T. GOLZ

---

      Pursuant to 28, U.S.C. § 1746, I, Annette T. Golz, make the following declaration:

      1.     Page (ExB)3 reflects the dates and times for incoming calls from phone number 720-636-0696 from the "Fax Log" and "Caller ID Report" printed from the HP Officejet 8600 printer connected to my home telephone (480) 816-5019;

      2.     Pages (ExB)4 and (ExB)5 are notes I transcribed from incoming voice messages recorded on the answering machine of my home telephone (480) 816-5019;

      

3.      Page (ExB)6 is a reply I received to my January-21 email to Mr. Mock, Magistrate Hegarty, and Judge Jackson from Magistrate Hegarty's law clerk Laura Glaze with dates, times, senders, and recipients as shown;

4.      Page (ExB)7 is a copy of an email from AB Court Reporting & Video replying to my email requesting a transcript of the January-23, 2019 status-conference;

5.      The January-23, 2019 status conference originated with Mr. Mock's call to me who then connected with Magistrate Hegarty's Chambers.  The quoted passages in the text of the Response are from my notes of that conference which were typed by my husband, William Golz, who made corrections to spelling and capitalization.  I have reviewed the quotes that appear in the Response which, to the best of my knowledge, accurately report what was said by each party;

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that the documents attached as exhibits herewith are as described.

Dated this 28th day of January, 2019.

_Annette T. Golz_

Annette T. Golz
29714 North 152nd Way
Scottsdale, Arizona 85262

# Log of Incoming Calls to (480) 816-5019

## Fax Log

| Date Time Type | Station ID<br>Caller ID | Duration<br>Digital Fax | Pages | Result |
|---|---|---|---|---|
| Dec 18 2:00PM | Received<br>720-636-0696 | 0:43<br>N/A | 0 | No fax |

## Caller ID Report

| Date/Time | Name | Phone Number |
|---|---|---|
| 01-08 10:49 | Unavailable | 720-636-0696 |
| 01-11 16:15 | Unavailable | 720-636-0696 |

Verbatim text of a voice message received on (480) 816-5019 with time stamp of January 8, 2019, 10:49 a.m:

Hello,

This is for William Golz.

My name is Meredith Callan, my phone number is 720-636-0696.

I'm an attorney in Denver. I've been trying to get a hold of you.

I sent you an email and a letter to your address in Arizona.

I was contacted by Judge Hegarty to assist you on your case.

You *do*[1] need representation on the Estate matter.

Please give me a call back and I will be happy to be of assistance in this matter.

Again my number is 720-636-0696.

Have a great day.

---

1   The italics are to indicate that emphasis was placed on the word "*do*" in the voice message.

Verbatim transcript of a voice message received on (480) 816-5019 with time stamp of January 11, 2019, 4:15 p.m:

Hello Mr. Golz

This is Meredith Callan.

Please call me back at your earliest convenience.

720-636-0696.

Thank you.

 Gmail                                                    **AG . <annette.golz@gmail.com>**

---

## Def's Response to PI's Motion Regarding January 23 Conference.

---

**hegarty_chambers@cod.uscourts.gov** <hegarty_chambers@cod.uscourts.gov>          Tue, Jan 22, 2019 at 4:55 PM
To: "AG ." <annette.golz@gmail.com>
Cc: hegarty_chambers@cod.uscourts.gov, Jackson_Chambers@cod.uscourts.gov, jasand.mock@usdoj.gov

The Court is entering a Minute Order denying the Plaintiff's Motion to Vacate Status Conference.  All parties need to
appear telephonically.  We need counsel for the plaintiff to call William Golz at 480-816-5019 and then call chambers for
the status conference.

Thank you for your cooperation in this matter.

Laura Glaze, Law Clerk
Chambers of Michael E. Hegarty
United States Magistrate Judge
303-844-4507
303-335-2133 (fax)
Hegarty_Chambers@cod.uscourts.gov

| | |
|---|---|
| From: | "AG ." <annette.golz@gmail.com> |
| To: | jasand.mock@usdoj.gov |
| Cc: | Jackson_Chambers@cod.uscourts.gov, hegarty_chambers@cod.uscourts.gov |
| Date: | 01/21/2019 09:37 PM |
| Subject: | Def's Response to PI's Motion Regarding January 23 Conference. |

[Quoted text hidden]
Annette Golz[attachment "COS_Def.'s Resp. to PI.'s Mot. (01-21-19).pdf" deleted by Laura
Glaze/COD/10/USCOURTS] [attachment "Def.'s Resp. to PI.'s Mot. ECF 137 (01-21-19).pdf"
deleted by Laura Glaze/COD/10/USCOURTS]

 **Gmail**

AG . <annette.golz@gmail.com>

---

## Contact information

---

**Christopher Boone** <cboone@agren.com>                                     Wed, Jan 23, 2019 at 4:25 PM
To: "AG ." <annette.golz@gmail.com>
Cc: bpritchard@agren.com

Hello Annette,

The court replied to our audio request and said that they inadvertently did not record the hearing.  They also said that nothing happened and the defendant did not appear.

You will need to contact the court directly if you need any further information.


Thank you,

Chris

On 1/23/2019 3:37 PM, AG . wrote:
[Quoted text hidden]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-1152-RBJ-MEH

BENJAMIN S. CARSON, Secretary of Housing and Urban Development,

     Plaintiff,

v.

WILLIAM J. GOLZ and
ESTATE OF VERNA MAE GOLZ

     Defendants.

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 127)**


**EXHIBIT C**

---

# CONTENTS

Supporting Documents..........................................................................Ex(C)1–7

    ECF 141: Minutes of Status Conference, Jan.-23, 2019.................... Ex(C)1

    D.C.COLO.LAttyR 15: Civil Pro Bono Representation................. Ex(C)2–7

i

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Michael E. Hegarty**

| | | | |
|---|---|---|---|
| Civil Action No: | 1:17-cv-01152-RBJ-MEH | Date: | January 23, 2019 |
| Courtroom Deputy: | Molly Davenport | FTR: | Courtroom A 501 |

*Parties:*                                                    *Counsel:*

BENJAMIN S. CARSON,                                    Jasand Mock

     Plaintiff,

v.

ESTATE OF VERNA MAE GOLZ,                    (no appearance)
WILLIAM GOLZ,                                            (no appearance)
MARCUS J. GOLZ,                                          (no appearance)
MATTHEW J. GOLZ,                                        (no appearance)
UNKNOWN HEIRS AND CLAIMANTS OF THE        (no appearance)
ESTATE OF VERNA MAE GOLZ,

     Defendant.

---

## COURTROOM MINUTES/MINUTE ORDER
## STATUS CONFERENCE

---

**Court in session:**   **10:33 a.m.**

The Court calls case. Plaintiff's counsel appeared by telephone. Annette Golz (wife of William Golz) attended by telephone.   She was advised that as a *pro se* defendant, she could not represent William Golz's interests. The Court gave Mrs. Golz the contact information for Meredith Callan, pro bono counsel contacted to represent the Estate of Verna Mae Golz.

A separate Order to Show Cause will be issued as to why a default judgment should not be entered in favor of the plaintiff.

**Court in recess:**   **10:42 a.m.**   (Hearing concluded)
Total time in court:   0:09

---

*To obtain a transcript of this proceeding, please contact Patterson Transcription Company at (303) 755-4536 **or** AB Court Reporting & Video, Inc. at (303) 629-8534.

# X.  ATTORNEY PRO BONO REPRESENTATION

**D.C.COLO.LAttyR 15**
**CIVIL PRO BONO REPRESENTATION**

(a)     **Court Appointed Pro Bono Representation in Civil Actions.** The Civil Pro Bono Program provides for the selection and appointment of eligible, volunteer attorneys to represent without compensation eligible, unrepresented parties in civil actions to provide general or limited representation when requested by the court. The program is implemented through the Standing Committee on Pro Se Litigation (Standing Committee), the Civil Pro Bono Panel (Panel) and the Faculty of Federal Advocates (FFA).

(b)     **Standing Committee: Composition, Mission, and Authority**.

(1)     The Chief Judge shall appoint the members of the Standing Committee. The committee shall include one district judge, one magistrate judge, the Legal Officer of the court, and one representative each from the following organizations: the FFA, the Colorado Bar Association, a private law firm, Colorado Legal Services, the clinical program of the University of Denver Sturm College of Law, the clinical program of the University of Colorado Law School, and the Pro Se division of the court.

(2)     The purpose and mission of the Standing Committee is to oversee the Panel, report annually to the court on the status of the program, and promote access to the court by unrepresented parties.

(3)     Decisions of the Standing Committee shall be made by majority vote of those present at a meeting of the committee. A majority of the district judges may vacate a decision of the Standing Committee.

(c)     **Panel Membership and Removal.**

(1)     A member of the Panel shall be an attorney who is a member in good standing of the bar of this court.

(2)     A member of the Panel shall be available and willing to accept an appointment when reasonable and appropriate.

(3)     A member of the Panel may be removed from the Panel by the Standing Committee for the following reasons:

(A)     an excessive number of declinations of appointment or requests by an attorney for relief from appointment after entering an

80

appearance; or

    (B)    failure to comply with the local rules of the court during the pro bono representation of an unrepresented party.

(4)    A member may withdraw from the Panel at any time by letter to the clerk.

**(d)    Attorney Eligibility.**

(1)    An attorney, law firm, non-profit legal organization, or clinical legal education program at a law school accredited by the American Bar Association (Clinic) may apply for membership on the Panel. The application form is available on the court website HERE. Information on an application may be amended at any time by letter to the clerk.

(2)    An application shall include the following:

    (A)    for a law firm, non-profit legal organization, or Clinic, the name of an individual within the organization to act as Panel Liaison and to receive notices and information from the clerk;

    (B)    a statement that the applicant, i.e., attorney, Panel Liaison, or Clinic supervisor, is a member in good standing of the bar of this court;

    (C)    a summary of the civil trial experience or trial advocacy training of the applicant;

    (D)    the number of appointments per calendar year the applicant will accept; and

    (E)    the specific types of civil actions or causes of action the applicant will accept.

**(e)    Pro Se Party Eligibility.**

(1)    The following unrepresented parties are eligible for appointment of pro bono counsel:

    (A)    an unrepresented non-prisoner who has been granted leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915;

    (B)    an unrepresented prisoner; and

81

(ExC)3

[Supp(i)]31

    (C)    after demonstrating limited financial means, an unrepresented non-prisoner who has paid any filing fee in full.

  (2)    A defendant or party responding to a complaint, petition, or appeal who satisfies the criteria above shall be eligible for appointment of pro bono counsel.

**(f)    Appointment Procedure.**

  (1)    Prerogatives of judicial officers.

    (A)    A judicial officer to whom the civil action is assigned may on motion by an eligible, unrepresented party or on his or her own initiative enter an Appointment Order authorizing appointment of a member of the Panel to provide general or limited representation, directing the clerk to select an attorney with a relevant subject matter preference or expertise.

    (B)    In deciding whether to appoint counsel, the judicial officer should consider all relevant circumstances, including, but not limited to, the following:

        (i)    the nature and complexity of the action;

        (ii)    the potential merit of the claims or defenses of the unrepresented party;

        (iii)    the demonstrated inability of the unrepresented party to retain an attorney by other means; and

        (iv)    the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel.

  (2)    Duties of the clerk.

    (A)    No later than 14 days after the filing of an Appointment Order, the clerk shall select a member of the Panel to represent the unrepresented party using an automated, random selection process.

    (B)    In making the selection, the clerk shall consider the following:

        (i)    the existence of counsel who is willing to accept appointment

who is already representing the unrepresented party in another action in this court;

(ii)    the relevant preference and expertise of the members of the Panel; and

(iii)    the equitable distribution of appointments among the members of the Panel, with preference given to counsel already representing the unrepresented party in another action in this court.

(C)    On selection of a member of the Panel, the clerk shall contact the member and provide relevant, case-specific documents, e.g., complaint, answer, pending motions, etc. For a law firm, clinic, or non-profit legal organization, the Panel Liaison shall select and maintain assignment of eligible counsel. No later than five days after contact, the member shall notify the clerk whether the member is available for appointment.

(D)    On receipt of notice of availability for and acceptance of appointment from the member of the Panel, the clerk shall file a Notice of Appointment and shall serve the unrepresented party with the Appointment Order, the Notice of Appointment, and this rule.

(E)    If after four attempts, the clerk is unable to select a member of the Panel who is available and willing to accept appointment, the clerk shall notify the judicial officer who entered the Appointment Order of the unavailability of counsel.

**(g)**    **Duties of Court-Appointed Counsel.**

(1)    On receipt of the Notice of Appointment, the attorney shall communicate promptly with the unrepresented party to determine whether any actual or potential conflict of interest exists and whether the action can be resolved more appropriately in another forum or by other means.

(2)    Unless ordered otherwise, no later than 30 days after receipt of the Notice of Appointment, the attorney shall file:

(A)    an Entry of Appearance under D.C.COLO.LAttyR 5(a); or

(B)    a Notice Declining Appointment stating good cause for declining the appointment.

(ExC)5

[Supp(i)]33

(3)    The appointment of pro bono counsel in the designated civil action does not extend to an appeal after final judgment or in any other civil action.

(4)    An attorney appointed under this rule shall represent the unrepresented party from the date of the Entry of Appearance until

    (A)    the court permits the attorney to withdraw;

    (B)    the case is dismissed;

    (C)    the case is transferred to another district or remanded to state court; or

    (D)    final judgment is entered.

**(h)    Fee Agreements.**

(1)    As a general rule, the attorney shall represent the unrepresented party without remuneration.

(2)    However, if the unrepresented party is entitled to recover attorney fees or a monetary award or settlement, the attorney and the unrepresented party may enter into a fee agreement permitting the attorney to receive attorney fees that are earned.

(3)    Alternatively, the attorney and the unrepresented party may enter into a contingent fee agreement that complies with the Colorado Rules Governing Contingent Fees.

(4)    Any fee agreement shall be entered into before an Entry of Appearance is filed.

(5)    When a statute authorizes an award of attorney fees to the prevailing party, the attorney shall advise the unrepresented party of the potential award.

**(i)    Reimbursement of Litigation Expenses from the Reimbursement Fund.**

(1)    A member of the Panel providing representation to an unrepresented party may apply to the FFA for reimbursement of litigation expenses.

(2)    The FFA shall have exclusive, final, non-appealable authority over the funds available to it for reimbursement of litigation expenses and the

reimbursement of litigation expenses incurred by a member of the Panel in the representation of an unrepresented party.

(3)     The court periodically shall determine the contribution, if any, to the reimbursement fund.

**(j)**     **Withdrawal from Representation.** An attorney may seek to withdraw from the representation of an unrepresented party by motion to withdraw under D.C.COLO.LAttyR 5(b).

**(k)**     **Other Pro Bono Representation.** This rule does not preclude an attorney, law firm, or legal organization from providing pro bono representation to an unrepresented party in the absence of court appointment, nor does this rule prevent a judicial officer from requesting an attorney, law firm, or legal organization that is not a member of the Panel to represent an unrepresented party.