## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-1152-RBJ-MEH

BENJAMIN S. CARSON, Secretary of Housing and Urban Development,

      Plaintiff,

v.

WILLIAM J. GOLZ

      Defendant.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**FEB 1 3 2019**

JEFFREY P. COLWELL
        CLERK

---

### DEFENDANT'S RESPONSE TO ECF 143 ORDER TO SHOW CAUSE

---

## I.    PRELIMINARY STATEMENT

      Defendant William J. Golz is the only necessary defendant in this case, and there are no other proper defendants. Following the January-23, 2019 Emergency Conference, see ECF 144, at 20, n.3, the Magistrate issued courtroom minutes and a minute order, ECF 141,[1] listing all five original defendants as "no appearance" which, as discussed below, is misleading:

      Defendant's brothers were not devisees in their late mother's will, they had no interest in the subject property, and the clerk entered a default for both Marcus and Matthew Golz on August 15, 2017. ECF 30. On August 23, 2017, the clerk entered a default for Unknown Heirs and Claimants of the Estate of Verna Mae Golz. ECF 33.

---

1  ECF 141 was provided as ECF 144, Ex. C, at 1.

For a full year, since February 2, 2018, see ECF 81, at 1, Defendant has explicitly excluded the Estate from all of his court filings. The subject property, the Estate's only asset, was deeded to Defendant on April 23, 2018, ECF 103, Ex. F, and on April 25, 2018, Defendant filed a motion to dismiss the Estate as a defendant, ECF 103, at 11, ¶ 2, which the District Judge referred to the Magistrate. ECF 104. Probate was closed on May 2, 2018, ECF 108, Ex. B, and on May 22, 2018, Defendant renewed his request "that this Court dismiss the Estate as a defendant without further delay." ECF 116, at 7. The Estate is a nullity which can neither be noticed nor appear at any conference nor can it retain legal counsel. Entering a default, although improper, would be equivalent to dismissing the Estate as a defendant.

From December 18, 2018 through January 11, 2019, Defendant received five communications from attorney Meredith Callan saying she was "contacted by Judge Hegarty to assist you on your case," and stating that "[y]ou do need representation on the Estate matter." See ECF 144, Exs. A and B. Defendant made no reply to Ms. Callan, and on January 16, 2019, the Magistrate scheduled an Emergency Conference during which he stated: "I actually have a lawyer here in the courtroom ... But it looks like the Government is simply going to win this case because an estate can't represent itself." Ex. A, at 5.

## II.   RESPONSE TO ORDER TO SHOW CAUSE

This section has two major subsections, A and B, each arguing from a different set of facts to arrive independently at the identical conclusion—there is no justification for the District Court to sanction Defendant.

**A.   The Magistrate emailed Defendant's wife—whom is not a party, on January 22 at 4:55 p.m. countermanding his prior order permitting Defendant to obtain a new date and changing the instructions by ordering Plaintiff's counsel to call Defendant's home-phone on January 23 at 10:30 a.m., when Defendant was not there.**

### (i)   Timeline

1.    On January 17 at 1:25 p.m, AUSA Jasand Mock transmitted an email addressed to "Mrs. Golz and Dr. Golz" attaching a "minute order instructing us that if the January 23, 2019 date 'is not convenient, counsel should confer with opposing counsel and contact Judge Hegarty's Chambers to obtain an alternate date.' ... Please let me know your position on rescheduling the status conference by 1:30 pm (Mountain time) on Friday, January 18." (brackets omitted). See ECF 135.

2.    On January 18, at 12:37 a.m., Mrs. Golz emailed a letter to AUSA Mock from Defendant with the request: "please give me enough time to provide you with a brief qualifier to include in your motion to explain the reasons for my position in this conferral." See ECF 139, at 2, ¶ 3.

3.    After ignoring the request for a final conferral from Defendant (who files by mail) for an entire business day, AUSA Mock copied Dr. and Mrs. Golz

on the CM/ECF notification that Plaintiff's motion had been filed on January 18 at 4:06 p.m.

    4.    AUSA Mock had advised in an email that "[w]hile I am furloughed, I am prohibited by law from working, even on a voluntary basis[.]"  Thus, Defendant's only option for complying with the Magistrate's order to "contact my Chambers to obtain an alternate date" that did not violate his practice standards, see ECF 144, n.5, was to have Mrs. Golz transmit Defendant's January-21 request — which had been sent by FedEx Overnight to the clerk — by email to AUSA Mock, copying the Magistrate.  Defendant's request stated, in part:

> Had AUSA Mock honored Defendant's request for a final conferral by email on January 18 before submitting Plaintiff's motion — between the times of 12:37 a.m. and 4:04 p.m., which spans almost the entire business day — Defendant would have advised that he could not be available for a telephone conference any earlier than February 4, 2019.

ECF 139, at 3.

    5.    The January-16 order scheduling the Emergency Conference stated that "Defendant Golz shall contact the Court at (303) 844-4507 on the above date and time[.]"  That order was changed on January 22 in a 4:55 p.m. email from Magistrate Hegarty's law-clerk to Mrs. Golz, stating: "The Court is entering a Minute Order ... We need counsel for the plaintiff to call William Golz at 480-816-

4

5019 and then call chambers for the status conference." That email was not copied to Defendant. See ECF 144, Ex. B, at 6.

6.     Mrs. Golz — who is not a party to this action and has not consented to service by email but has on occasion voluntarily facilitated AUSA Mock's communications with Defendant — canceled business appointments she had scheduled for the morning of January 23 to answer the designated phone when AUSA Mock called at 10:30 a.m.  During the teleconference, the Magistrate—apparently confused by his own last-minute email ordering "counsel for the plaintiff to call William Golz at 480-816-5019[,]" made the following incongruous statement to Mrs. Golz: "We're not bound to any one telephone number so I'm looking forward to whatever excuse Mr. Golz has[.]"

**(ii)    Conclusion: the District Court cannot sanction Defendant for not complying with the Magistrate's contradictory last-minute order that confused even the Magistrate and which was "served" by email on Mrs. Golz, whom is not a party.**

Defendant complied with the January-16 order for obtaining an alternate date by copying the Magistrate on a January-21 response that stated Defendant was not available on January 23.  On January 22, in a 4:55 p.m. email to Mrs. Golz, the Magistrate countermanded his earlier order and changed the instructions by having Plaintiff's counsel call a phone number when Defendant was not present at that number.

**B.**   **The Magistrate stated he had scheduled a "five minute telephone conference" for the purpose of having "a lawyer here in the courtroom" but the "Government is simply going to win this case because an estate can't represent itself."**

   **(i)**   **In five contact attempts, Meredith Callan repeated three times that Magistrate Hegarty had directed her to contact Defendant.[2]**

Ms. Callan's first attempt to contact Defendant appears to have been December 18, 2018 when her number was logged as an incoming facsimile to Defendant's home telephone-number.  Defendant received an email and a letter from Ms. Callan, both dated December 19, 2018 with substantively identical text, stating, in part: "Judge Hegarty recommended that I contact you regarding 17-CV-01152 as you are currently appearing pro se but you would be best served having a lawyer." The following is a verbatim transcript of a voice message recorded on Defendant's home telephone with a date and time stamp of January 8, 2019, 10:49 a.m:

> Hello,
> This is for William Golz.
> My name is Meredith Callan, my phone number is 720-636-0696.
> I'm an attorney in Denver. I've been trying to get a hold of you.
> I sent you an email and a letter to your address in Arizona.
> I was contacted by Judge Hegarty to assist you on your case.
> You do need representation on the Estate matter.
> Please give me a call back and I will be happy to be of assistance in this matter.
> Again my number is 720-636-0696.
> Have a great day.

---

2   A log of Ms. Callan's calls, her email, a letter, and transcripts of her voice messages are documented in ECF 144, Exs. A and B.

Ms. Callan recorded another voice message on Defendant's home-telephone on January 11, 2019 at 4:59 p.m.

### (ii)   The Magistrate held a nine-minute meeting where he made misrepresentations and threats prejudicial to Defendant.

Three business days after Ms. Callan's January-11 message, on January 16, Magistrate Hegarty scheduled the Emergency Conference for January 23, 2019, where, upon information and belief, five people were present: Magistrate Hegarty, his Courtroom Deputy, Molly Davenport,[3] Ms. Callan, AUSA Mock, and Mrs. Golz.

In lieu of the Magistrate's terminating the teleconference when he learned that Defendant was not at the phone number he had ordered AUSA Mock to call, he held a nine-minute meeting, ECF 141,[4] during which he stated:

> Ms. Golz, I actually have a lawyer here in the courtroom who's willing to represent your husband's mother's estate. But she's been unable to get a hold of your husband. And, we're trying to get him a lawyer so he's not in default. But it looks like the Government is simply going to win this case because an estate can't represent itself. It has to be represented by a lawyer and not by a natural person. We have a lawyer who's willing to do that but Mr. Golz just won't communicate with anybody. So that's a problem.

---

3  Practice Standards – Civil Actions, Michael E. Hegarty, United States Magistrate Judge (the "Practice Standards"), § II.B.6, states: "All proceedings are audio-recorded by the courtroom deputy."

4  See n.1, *supra.*

...

> OK, so Mrs. Golz I'm going to give you a name and some information. Do you have a pencil and a piece of paper?

Ex. A, at 5–6.  After Mrs. Golz responded affirmatively, Magistrate Hegarty enunci-

ated each character of Meredith Callan's name, phone number, and email, conclud-

ing with the statement:

> If Mr. Golz is interested in not defaulting and the [E]state being able to litigate this case I would highly recommend that he give her a call.  I'll, just for the record purposes, I'll be issuing an order to show cause why a default should not be entered for Mr. Golz and the [E]state of Verna Mae Golz failure to appear at a scheduled court hearing.

Ex. A, at 6.

On January-23, 2019, Mrs. Golz sent an email requesting a transcript

of the status conference to which AB Court Reporting & Video, Inc., replied: "The

court replied to our audio request and said that they inadvertently did not record

the hearing.  They also said that nothing happened[,]" see ECF 144, Ex. B, at 7,

which is incorrect because the Magistrate, with Ms. Callan or another lawyer

present in the courtroom, held a nine-minute meeting where he made a series of

statements prejudicial to Defendant. See Ex. A, at 4–6.

8

(iii)   **The Magistrate's ex parte contacts with Meredith Callan and the coercive misrepresentations that if Defendant did not retain counsel he would lose this case violated material provisions of the Judicial Code, the Colorado Rules of Professional Conduct for attorneys, and the Local Rules.**

The Magistrate's contacts with Ms. Callan and the misrepresentations violated material provisions of the Judicial Code of Conduct (the "Code"), the Local Rules of Practice of the United States District Court for the District of Colorado – Civil (the "Local Rules" or, when referring to specific rule, "D.C.COLO.LCivR"), and the Colorado Rules of Professional Conduct (the "RPC") for attorneys.

Contact between a judge and an attorney involving a case in which the judge is conducting proceedings is specifically proscribed in the Code's Commentary for Canon 3A(4), which states:[5]

> The restriction on ex parte communications concerning a proceeding includes communications from lawyers, law teachers, and others who are not participants in the proceeding. A judge may consult with other judges or with court personnel whose function is to aid the judge in carrying out adjudicative responsibilities. A judge should make reasonable efforts to ensure that law clerks and other court personnel comply with this provision.

Among the other authorities that prohibit ex parte contact between attorney and judge, excepting precisely defined circumstances that do not apply here, is D.C.COLO.LCivR 77.2, which provides:

---

5   https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges.

> Unless otherwise ordered [for an excepted reason] a
> party to or an attorney in a proceeding shall not
> communicate directly about the proceeding in any
> manner with a judicial officer assigned to the pro-
> ceeding[,]

which Magistrate Hegarty acknowledges in his Practice Standards wherein Section

II.B.2 states: "Ex parte communications with my Chambers are not permitted, ex-

cept for the purpose of discussing settlement."

Ms. Callan's contacts with Magistrate Hegarty violated the RPC for at-

torneys, e.g., Comment [2] of Rule 3.5, which provides in relevant part:

> When a judge initiates a communication, the
> lawyer must discontinue the communication if it
> exceeds the judge's authority under the applicable
> rule of judicial conduct.

Although Ms. Callan is personally responsible for her violations of the RPC, she was

licensed in California in 2011 and in Colorado in 2017, and should, as a young attor-

ney, be able to rely upon a federal judicial-officer like Magistrate Hegarty for ethical

guidance.

**(iv)   Conclusion: there is no justification for sanctioning Defendant
for not appearing at a conference that the Magistrate sched-
uled for the improper purpose of misrepresenting an impend-
ing default to coerce Defendant into retaining specified coun-
sel.**

According to Ms. Callan, Judge Hegarty recommended that she contact

Defendant regarding 17-CV-01152 which she did at least five times representing

10

that Defendant did "need representation on the Estate matter." When Defendant did not reply to Ms. Callan's solicitations, Magistrate Hegarty held a nine-minute meeting with "a lawyer here in the courtroom" where the Magistrate proffered the same prejudicial misrepresentation that "the Government is simply going to win this case because an estate can't represent itself." Magistrate Hegarty's contacts with Ms. Callan and his conduct of the conference shows a disregard for the appearance of judicial impropriety and impartiality. *Cf.* Commentary for Canon 2A of the Code.

## III.   COMMENTS

### A.   Magistrate Hegarty is disqualified by the facts now on record pursuant to the standard 28. U.S.C. § 455.

Defendant recently requested that "the District Judge *sua sponte* stay all further proceedings until Defendant can evaluate what options are available to him to determine the facts of Magistrate Hegarty's relationship with and ex parte contacts with Ms. Callan[.]" ECF 144, at 27. Upon review of the applicable authorities, Defendant finds he is not responsible for bearing the burden of unearthing facts the Magistrate is required to disclose:

As the Sixth Circuit noted in *American Textile Mfrs. Institute v. Limited*, 190 F.3d 729 (6th Cir. 1999), "judges have an ethical duty to 'disclose on the record information which the judge believes the parties or their lawyers might consider relevant to the question of disqualification.' *Porter v. Singletary*, 49 F.3d 1483,

11

1489 (11th Cir. 1995). '[B]oth litigants and counsel should be able to rely upon judges to comply with their own Canons of Ethics.' *Ibid.*" *American Textile Mfrs.*, 190 F.3d, at 742.

Looking to the facts now on the record, Defendant has provided declarations from himself and Mrs. Golz attesting to receipt of written and recorded communications from Ms. Callan stating that Judge Hegarty directed her to contact Defendant. ECF 144, Exs. A and B.  This Response and its exhibit furnish Mrs. Golz's declaration regarding her notes documenting the Emergency Conference where the Magistrate stated he had lawyer present and threatened that Defendant would lose to a default if he did not retain counsel. Ex. A, at 5, ¶ 7.

Magistrate Hegarty's contacts with Ms. Callan, his having a lawyer present at the Emergency Conference where he made misrepresentations and threats prejudicial to Defendant, and his issuance of the January-23 courtroom minutes and minute order, ECF 141, identifying "Meredith Callan [as] pro bono counsel contacted to represent [an] Estate[,]" where the latter violated the Local Rules,[6] are manifest bias consequent to which the Magistrate is disqualified pursuant to 28 U.S.C. §§ 455(a) or (b).[7]

---

6  See ECF 144, at 19, ¶ 2; and see D.C.COLO.LAttyR 15 Civil Pro Bono Representation, provided as ECF 144, Ex. C, at 2–7.

7  As the Ninth Circuit noted in *Preston v. U.S.*, 923 F.2d 731 (9th Cir. 1991), "[s]ection 455(a) covers circumstances that appear to create a conflict of interest, whether or not there is actual bias. *Davis v. Xerox*, 811 F.2d 1293, 1295 (9th Cir. 1987). Section 455(b) covers situations in which an actual conflict of interest exists, even if there is no appearance of one. *Id.* Section 455(b) also describes situations that create an apparent conflict,

**B.    The Magistrate's scheduling of the Emergency Conference, his not providing the audio record, and his unjustified imposition of this Response has infringed Defendant's ability to complete a petition for a writ of mandamus or prohibition for the Supreme Court and to complete a draft of an amended answer for this District Court.**

For reasons demonstrated by Magistrate Hegarty's actions concomitant to the Emergency Conference and his forceful attempts to impose his selected-counsel, Defendant's first priority is appropriately the submittal of a petition for a writ of mandamus or prohibition to the U.S. Supreme Court.   Contemporaneous with that responsibility, Defendant is drafting an amended answer to address the relief available for the Government's forcible entry, the Fourth Amendment violations, and damages as counterclaim or set-off.[8]   The required leave to amend with a "blackline" of the answer to be amended and a draft amended answer, *see* D.C.COLO.LCivR 15.1, will be submitted as soon as is practicable.

DATED this 7th day of February, 2019.

Respectfully Submitted,



William J. Golz, Ph.D.
*Defendant, Pro Se*
29714 North 152nd Way
Scottsdale, Arizona 85262
Phone: (480) 816-5019

---

because it provides examples of situations in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a)." (citations omitted). *Preston*, 923 F.2d, at 734.

8   *E.g., Michael W. Whited v. United States of America*, No. 18-cv-00136 (D. Colo.).

13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-1152-RBJ-MEH

BENJAMIN S. CARSON, Secretary of Housing and Urban Development,

     Plaintiff,

v.

WILLIAM J. GOLZ

     Defendant.

---

## DEFENDANT'S RESPONSE TO ECF 143 ORDER TO SHOW CAUSE

## EXHIBIT A

---

## CONTENTS

Supporting Documents.....................................................................................(ExA)1–6

    Declaration of Annette T. Golz...................................................................1–3

    Jan.-23, 2019 Teleconference, call rcv'd.
      by 480-816-5019 at 10:27 a.m. from 720-556-2776.............................4–6

i

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-1152-RBJ-MEH

BENJAMIN S. CARSON, Secretary of Housing and Urban Development,

      Plaintiff,

v.

WILLIAM J. GOLZ

      Defendant.

---

### DEFENDANT'S RESPONSE TO ECF 143 ORDER TO SHOW CAUSE

---

### DECLARATION OF ANNETTE T. GOLZ

---

      Pursuant to 28, U.S.C. § 1746, I, Annette T. Golz, make the following declaration:

      1.    The January-23, 2019 teleconference (the "Teleconference") originated with a 10:27 a.m. call to my home phone (480) 816-5019 with caller ID Wireless Caller (720) 556-2776 by U.S. Attorney Jasand Mock who said he had been "instructed to call chambers" then connected our call to a person he called "Laura" who I believed was Judge Hegarty's law clerk, Laura Glaze, who had emailed me on January 22, 2019.  After a brief hold Ms. Glaze said she was transferring us to the courtroom at which time a voice answered "Judge Hegarty's courtroom."

2.      I have never heard Ms. Glaze's voice before.  My identification of her as "LG" in the attached Exhibit is based on my understanding of USA Mock's statement to me that Laura Glaze was Judge Hegarty's law clerk.

3.      I heard Judge Hegarty's voice on audio recordings of pretrial conferences of July 18, 2017, August 8, 2017, and April 16, 2018.  I heard USA Mock's voice on the audio recording of the pretrial conference of April 16, 2018. Based on that, it is my belief that the voices I heard during the Teleconference were those of USA Mock and Judge Hegarty.  In the Exhibit, I use "USA" when referring to Mr. Mock and "Court" when referring to Judge Hegarty.

4.      My husband William J. Golz referred to my notes while drafting the court documents but corrected spelling and minor grammatical errors.  For the attached Exhibit, I provided my husband with a MS Word document I typed from my handwritten notes.  He corrected the spelling and minor grammatical errors and reformatted it.

5.      I reviewed and approved the final drafts of the court documents and the attached Exhibit.  To the best of my ability the statements quoted in the court documents and the attached Exhibit accurately reflect the words and meaning of each person's statements.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this 6th day of February, 2019.

Annette T. Golz
29714 North 152nd Way
Scottsdale, Arizona 85262

Teleconference held January 23, 2019, by US Magistrate Judge Michael E. Hegarty

Phone call received by Annette Golz to phone number 480-816-5019 from Wireless Caller 720-556-2776 at 10:27a.m.

(USA) Good Morning this is assistant United States attorney Jasand Mock I'm calling ... email from yesterday. With whom am I speaking?

(AG) This is Annette Golz.

(USA) OK, Ms. Golz is Dr Golz available?

(AG) No.

(USA) OK did you receive the court's email yesterday?

(AG) I got an email from Laura Glaze.

(USA) That's Judge Hegarty's law clerk.

(AG) Last night, she sent it at 5 o'clock. I received an email last night.

(USA) Well we're to call the court .... instructed to call chambers ... conference in now ...

(USA) Laura?

(LG) The judge is on the bench, I'm going to put you on hold and at the appropriate time I will transfer you to the court room.

(USA and LG are talking to each other) Thank You ... Jasand I know that you're on furlough ... be at work.

(LG) Hold on just a minute.

(Unidentified Female, not LG) Judge Hegarty's courtroom who do I have on the phone please?

(USA) Good Morning, this is ... Jasand Mock.

(AG) My name is Annette Golz.

(Unidentified Female, not LG) OK give me a moment.

(Court, Judge Hegarty) OK this is case number 17 cv 1152  Carson versus Estate of Verna Mae Golz, who's on the phone for the United States?

(USA) This is the assistant United States attorney Jasand Mock.

(Court) OK, mam, what was your name again?

(AG) My name is Annette Golz.

(Court) OK please tell me who you are.

(AG) I'm the wife of Dr. Golz.

(Court) OK, unfortunately Ms. Golz we have rules that we operate under and the rules do not permit you to make an appearance on behalf of your husband. So, his absence is a problem. You want to tell us where he is and what you are doing?

(AG) I received an email last night. My husband's not available and the email said that the assistant U S attorney was going to call this number ... I canceled my work schedule today, I had inservices at the hospital scheduled, so I could answer the phone, my husband is not here, he's not available, and I think in his response that was sent, he explained that, so I'm just trying to answer the phone because I got the email saying they were going to call.

(Court) OK, well yes that's unfortunate. Ms Golz, I actually have a lawyer here in the courtroom who's willing to represent your husband's mother's estate. But she's been unable to get a hold of your husband. And, we're trying to get him a lawyer so he's not in default. But it looks like the Government is simply going to win this case because an estate can't represent itself. It has to be represented by a lawyer and not by a natural person. We have a lawyer who's willing to do that but Mr Golz just won't communicate with anybody. So that's a problem. Would you like to put anything on the record Mr Mock?

(USA) No, thank you your honor.

(Court) OK, well, how much is the claim of the government if it were a liquidated amount?

(USA) Your honor, I would need to get an updated report from [unclear]. If you bear with me for a moment I could give you the amount from last month.

(Court) That'll be fine.

(USA) Your honor, I have that number but I need to correct myself, it's the payoff amount through October thirty one of 2018. That's three hundred thousand ... fifty five dollars.

(Court) Do you know how much it's increasing every month approximately?

(USA) I can get an approximation, just a moment. It would appear increase by.... eleven hundred dollars through November, while the rate's variable it would be something in the ballpark...

(Court) OK, so Mrs. Golz I'm going to give you a name and some information. Do you have pencil and a piece of paper?

(AG) I do.

(Court) OK, Meredith (spells out Meredith), Callan (spells out Callan). 7 2 0 6 3 6 0 6 9 6. With an email of Meredith (spells Meredith) dot Callan, that's (spells Callan) dot e s q, which is short for esquire, at gmail dot com. If Mr. Golz is interested in not defaulting and the estate being able to litigate this case I would highly recommend that he give her a call. I'll, just for the record purposes, I'll be issuing an order to show cause why a default should not be entered for Mr. Golz and the estate of Verna Mae Golz failure to appear at a scheduled court hearing. I'll have the record reflect United States attorney's office filed a motion not to appear. I've treated ... asking both to appear by phone. In today's technology unless someone is absolutely indisposed either through physical condition or some other means, they should be able to participate in a five minute telephone conference? We can use any telephone number on the face of the Earth. We're not bound to any one telephone number so I'm looking forward to whatever excuse Mr. Golz has but I highly recommend that you pass that information on to Mr. Golz, and have him contact that lawyer. In the meantime I will be in recess. Mr. Mock, anything else?

(USA) No thank you your honor.

(Court) OK thank you, the record's closed.

## CERTIFICATE OF SERVICE

This will certify that one copy of a letter to Ms. Mara Silver, Emergency Applications Attorney, and ten copies of Supplement(ii) to add intervening matter to Application for Stay 18A692 prepared pursuant to Rule 33.2 will be transmitted via email (c/o Thiel Press) to Roger N. Thiel for hand delivery to the North Drive of the Supreme Court building on February 8, 2019. I further certify that I will transmit one copy of Supplement(ii) to each of the parties listed below (via the manner indicated in parentheses) consistent with Rule 29.3:

Noel J. Francisco
Solicitor General of the United States
Department of Justice, Room 5616
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001
(E-mail and Priority Mail)

Hon. R. Brooke Jackson
United States District Judge
Alfred A. Arraj U.S. Courthouse, A938
901 19th Street
Denver, Colorado 80294
(E-mail and Priority Mail)

I further certify under penalty of perjury that to the best of my knowledge the foregoing is true and correct. Executed on this 7th day of February, 2019.



William J. Golz, Ph.D.
*Applicant, Pro Se*
29714 North 152nd Way
Scottsdale, Arizona 85262
E-mail: wgolz@alumni.lsu.edu
Phone: (480) 816-5019

No. 18A692

# IN THE SUPREME COURT
### *of the*
# UNITED STATES

William J. Golz,

*Applicant,*

*V.*

Benjamin S. Carson, Secretary of Housing and Urban Development,

*Respondent.*

ON APPLICATION TO STAY AN ORDER AND PROCEEDINGS IN THE
FEDERAL DISTRICT COURT FOR THE DISTRICT OF COLORADO

## Application to Stay a District Court Order and Proceedings
*Pending Applicant's*
## Petitions to this Court
*for*
## Writs of Mandamus and Prohibition

## SUPPLEMENT (ii)
### (SECOND ADDITION OF INTERVENING MATTER)

i

## Contents

Def.'s Resp. to Order to Show Cause and Exhibit A ..............................[Supp(ii)]1–21

   Def.'s Resp. to Order to Show Cause........................................................1–13

   Exhibit A...................................................................................................14–21

      Title Page and Contents.........................................................14–15

      Declaration of Annette T. Golz..............................................16–18

      Jan.-23, 2019 Teleconference, call rcv'd.
        by 480-816-5019 at 10:27 a.m. from 720-556-2776..........19–21