IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 17-cv-01152-RBJ-MEH

BENJAMIN S. CARSON, Secretary of Housing and Urban Development,

    Plaintiff,

v.

ESTATE OF VERNA MAE GOLZ,
WILLIAM J. GOLZ,
MARCUS J. GOLZ,
MATTHEW J. GOLZ, and
UNKNOWN HEIRS AND CLAIMANTS OF THE ESTATE OF VERNA MAE GOLZ,

    Defendants.

## ORDER ON MOTION TO DISQUALIFY MAGISTRATE JUDGE

This Court described the background and claims in this case in an order issued on October 4, 2018. ECF No. 125. Briefly, in 2002 Verna Mae Golz entered into a federally insured Home Equity Conversion Mortgage loan with a private lender. The loan, sometimes called a "reverse mortgage," allowed Ms. Golz to convert the equity in her home into cash through periodic advance payments that increased her loan balance but limited the mortgage holder's recourse to foreclosure on the property if the loan were not repaid. The lender obtained mortgage insurance from HUD, and Ms. Golz executed a second note and deed of trust in favor of HUD. Later the lender submitted an insurance claim to HUD and assigned its rights under the mortgage to HUD in exchange for a payment by HUD of $242,013.

Ms. Golz did not repay any portion of the loan balance after that assignment, and it became due and payable upon her death on May 16, 2014. The loan had a balance of $288,260.83 as of August 18, 2017. HUD brought this action to foreclose on its deed of trust. The active defendants initially were her estate and Ms. Golz's son, William J. Golz, Ph.D., who is the personal representative of the estate and apparently her sole heir. The basic dispute arises from Dr. Golz's desire to take advantage of an FHA regulation that, according to him, allows the estate to sell the property to him for 95% of its current appraised value. The parties were unable to agree to an appraiser or to facilitate an appraisal and accused each other of interfering with the appraisal process. Dr. Golz is not a lawyer. He has represented himself in the case. The estate has acted "pro se," in effect also represented by Dr. Golz. Whether he was entitled to do that has been a bone of contention in the case, but it is now a moot point as I will discuss later in this order.

In my previous order I accepted a recommendation from United States Magistrate Judge Michael E. Hegarty to strike Dr. Golz's affirmative defenses. Notably, in that order I also addressed Dr. Golz's claim that Magistrate Judge Hegarty's conduct of pretrial proceedings reflected both actual bias and the appearance of bias. I found that claim to be entirely without merit. ECF No. 125 at 5-8. Despite that order, Dr. Golz now moves for disqualification of Magistrate Judge Hegarty. He again relies on his belief that Magistrate Judge Hegarty's previous working relationships with Kevin Traskos and Zachary Moutain establish bias or apparent bias. I soundly rejected those arguments in the previous order.

Perhaps in an attempt to distinguish my previous order Dr. Golz states that his motion is "predicated upon facts concomitant to the period December 18, 2018 to January 23, 2019." ECF

No. 150 at 4. However, the source of the alleged bias is precisely what I previously rejected. Asserting the same points again in the pending motion is nothing short of groundless, frivolous and vexatious litigation conduct. I would sanction this conduct were it not for the fact that Dr. Golz is an unrepresented party. I will not tolerate it in the future.

Despite the baseless nature of the motion to disqualify, and its disrespectful comments, I reviewed the file entries for the period December 18, 2018 to January 23, 2019. I found absolutely nothing indicating any improper conduct by Magistrate Judge Hegarty. On the contrary, I found that Magistrate Judge Hegarty had specifically ordered Dr. Golz to participate in a telephone status conference on January 23, 2019. Notwithstanding the order, Dr. Golz did not participate. Rather, his wife – also a non-lawyer and not a party to the case – attempted to represent him during that hearing. I found that Dr. Golz thereafter implicitly accused the magistrate judge of falsely characterizing in a minute order what took place in the telephone conference. I found that Dr. Golz made demands on the Clerk's Office and even the Chief Judge of the Tenth Circuit to provide an audio recording of the hearing even though the transcription company apparently informed his wife that an audio recording was inadvertently not made.

Most importantly, however, I found that the source of Dr. Golz's ire was his speculation that the court would award the plaintiff victory in the case because the estate could not represent itself. However, the file revealed that Dr. Golz did attend (by telephone) a subsequent hearing on February 28, 2019. After reading into the record a motion to vacate the hearing, Dr. Golz might have been surprised to learn that Magistrate Judge Hegarty was granting (with no objection from the plaintiff) Dr. Golz's "position paper" in which he argued that the estate could proceed pro se. *See* ECF No. 152 (granting ECF No. 103). The magistrate judge was also

granting Dr. Golz's simultaneous motion to dismiss the estate as a defendant. *Id.* The property is now in the name of Dr. Golz, not the estate. His suspicions turned out to be as misplaced as they were premature.

## CONCLUSION AND ORDER

Dr. Golz's motion to disqualify and for further orders, ECF No. 150, is DENIED. Dr. Golz's motion to vacate the February 28, 2019 conference, ECF No. 154, is DENIED AS MOOT.

DATED this 1st day of March, 2019.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge