IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01152-RBJ-MEH

BENJAMIN S. CARSON, Secretary of Housing and Urban Development,

    Plaintiff,

v.

ESTATE OF VERNA MAE GOLZ,
WILLIAM J. GOLZ,
MARCUS J. GOLZ,
MATTHEW J. GOLZ, and
UNKNOWN HEIRS AND CLAIMANTS OF THE ESTATE OF VERNA MAE GOLZ,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion for Summary Judgment [filed December 12, 2018; ECF No. 127]. Following review and consideration of the motion, briefs, and attached exhibits, the Court respectfully recommends that the Honorable R. Brooke Jackson grant the Plaintiff's motion.

**I.    FINDINGS OF FACT**

    1.    The real property at issue in this case is located at 130 Beaver Creek Drive, Nederland, Colorado, 80466, with a legal address of Lot 19, Beaver Valley Estates, County of Boulder, State of Colorado (the "Property").

    2.    On January 18, 2002, Verna Mae Golz entered into a loan agreement (the "Loan Agreement") with Financial Freedom Senior Funding Corporation ("Financial Freedom"). ECF No. 49 at ¶ 10.6 (undisputed facts); ECF No. 127-1.

    3.    Ms. Golz executed a promissory note with Financial Freedom. ECF No. 49 at ¶ 10.7;

see also ECF No. 127-2.

4. Ms. Golz executed a promissory note with the Department of Housing and Urban Development ("HUD" or "Plaintiff"). ECF No. 49 at ¶ 10.7; see also ECF No. 127-3.

5. The First Note is secured by a deed of trust naming Financial Freedom as the beneficiary (the "First Deed of Trust"). ECF No. 49 at ¶ 10.8; see also ECF No. 127-4.

6. The Second Note is secured by a deed of trust naming the Secretary of HUD as the beneficiary. ECF No. 49 at ¶ 10.8; see also ECF No. 127-5.

7. The Deeds of Trust encumber the Property and were recorded with the Boulder County Clerk on January 26, 2002 as Record Nos. 2246751 and 2246752, respectively. ECF No. 49 at ¶ 10.8; see also ECF Nos. 127-4, 127-5.

8. In December 2011, the mortgagee servicer (OneWest Bank FSB, parent company of First Financial) submitted an insurance claim to HUD under the provisions in 24 C.F.R. § 206.123(a)(1) and § 206.107, which allow a lender to submit a claim if the loan balance exceeds 98% of the maximum claim amount. ECF No. 127-6 at 9.

9. In December 2011, HUD paid out $242,013.06 on the insurance claim for Ms. Golz's loan. ECF No. 127-7.

10. Financial Freedom then assigned the First Note to HUD. *See* ECF No. 127-2 at 3.

11. The First Deed of Trust was also assigned to the Secretary of HUD. ECF No. 49 at ¶¶ 10.9, 10.10; *see also* ECF No. 127-8.

12. HUD holds the Notes and Deeds of Trust. *See* ECF Nos. 127-2 – 127-5; ECF No. 49 at ¶¶ 5, 10; ECF No. 64 at ¶ 1 (admitting allegation (ECF No. 31 ¶ 1) that HUD "brings this foreclosure action as the holder of promissory notes and deeds of trust on the property").

13. There are no other encumbrances on the Property and HUD is the only lienholder. ECF No. 49 at ¶ 10.5.

14. Ms. Golz passed away on May 16, 2014. ECF No. 49 at ¶ 10.11.

15. The Notes and Deeds of Trust provide that the loan balance becomes immediately due and payable upon Ms. Golz's death. ECF No. 127-2 at ¶ 7; ECF No. 127-3 at ¶ 7; ECF No. 127-4 at ¶ 9; ECF No. 127-5 at ¶ 9.

16. At the time of Ms. Golz's death, the loan balance was $258,675. *See* ECF No. 127-9.

17. Interest, fees, and costs continue to accrue to the loan balance after Ms. Golz's death. *See* ECF No. 127-2 at ¶ 2 ("Interest will be charged on the unpaid principal … until the full amount of principal has been paid…."); ECF No. 127-1 at ¶ 2.4 (charges and fees considered loan advances).

18. HUD made demand for payment of the loan balance on August 20, 2015 and June 15, 2016. *See* ECF Nos. 127-10, 127-11.

19. Defendant, William Golz, Ph.D., one of Ms. Golz's sons ("Dr. Golz"), was the personal representative of the Estate of Verna Mae Golz (the "Estate"). *See* ECF No. 64 at 1 and ¶ 81.

20. Dr. Golz received both notices demanding payment on the loan. ECF No. 64 at ¶ 119 (Amended Answer stating that "[o]n August 25, 2015, Dr. Golz received NOVAD's August-20 'Notice of Intent to Foreclose and Accelerate Mortgage Balance'"), ECF No. 64 at ¶ 125 ("Defendants, in June 2016, had received a demand letter advising that Verna Mae's Loan had been assigned for collection to the United States Attorney's Office.").

21. A work order dated December 1, 2016 notes the Property's address and "FHA Case No. 052-196507," but does not identify the "worker" or describe the type of work purportedly

performed (if any) under that order. ECF No. 64-2.

22. A HUD Property Access Record listing the Property's address and "FHA Case No. 052-196507" reflects that, on December 2, 2016, a representative of BLM CO, LLC "visited" the Property. ECF No. 64-1.

23. In or about December 2016, Dr. Golz filed a complaint with the Boulder County Sheriff's Office with respect to "employees of BLM entering into the property in order to provide winterization." ECF No. 64-3.

24. On December 27, 2016, Sergeant Manes with the Boulder County Sheriff's Office sent an email to Tracy Willingham, Field Service Manager of BLM of Colorado, advising that "[a] Boulder County Sheriff's Office case number 16-7379 has been initiated in response to a complaint of burglary/trespass, criminal mischief and other property damage associated with two persons employed by BLM CO, LLC entering into the property to do 'winterization' on 12/1/2016. . . . We need to speak with you ASAP to see what documented authority you have to perform the work attempted on 12/1." ECF No. 64-4.

25. The Property, originally an asset of the Estate, was transferred to Dr. Golz by a Personal Representative's Deed on April 23, 2018. ECF No. 103 at 27.

26. Probate on the Estate closed on May 2, 2018. ECF No. 108 at 6-7.

27. The loan balance has not been paid. See ECF No. 127-9 at 4; ECF No. 127-12 at 2, ¶ 4.

28. The loan balance as of December 12, 2018 was $304,086. *Id.*

## II. LEGAL STANDARDS

A motion for summary judgment serves the purpose of testing whether a trial is required.

*Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Only admissible evidence may be considered when ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c); *World of Sleep, Inc. v. La–Z–Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

The non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. That is, if the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.") (citation omitted); *see also Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown " 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere

pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and...if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, i.e., the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi–Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## III. ANALYSIS

Plaintiff filed this action seeking "judicial foreclosure of the Property" arguing that "[t]he obligations on the Notes [secured by Deeds of Trust on the Property] are due and payable, and [Plaintiff] is entitled to judgment on them." Am. Compl. ¶ 68, ECF No. 31. The present motion seeks judgment for Plaintiff and a judicial foreclosure of the mortgage on the Property. Defendant Dr. Golz[1] challenges Plaintiff's attempt to foreclose arguing that (1) Plaintiff engaged in improper conduct by entering the property without permission; (2) Plaintiff's motion referenced expense information for which Dr. Golz requests additional discovery; and (3) the undersigned should be prohibited from issuing further orders in this case pending an investigation into his attempts to secure counsel for the Defendant Estate. Plaintiff replies that it would agree to subtract the expenses for which Dr. Golz seeks additional discovery, and any other arguments are insufficient to rebut the

---

[1] With respect to other named Defendants in this case, on March 5, 2019, I recommended that Defendant Estate of Verna Mae Golz be dismissed from the case. ECF No. 156. Default has been entered against the remaining Defendants, Marcus J. Golz, Matthew J. Golz, and the Unknown Heirs and Claimants of the Estate. *See* ECF Nos. 30, 33. Despite the entry of default, these Defendants were listed in the caption of the Amended Complaint; however, they did not file an Answer, nor have they filed (or joined in) any briefs in this matter.

fact that Plaintiff is entitled to foreclosure.

All parties agree that the loan at issue in this case is a Home Equity Conversion Mortgage ("HECM"). "The HECM program was originally authorized by the Housing and Community Development Act of 1987, Pub. L. No. 100-242, 101 Stat. 1815 (1988), for the purpose of meeting 'the special needs of elderly homeowners by reducing the effect of the economic hardship caused by the increasing costs of meeting health, housing and subsistence needs at a time of reduced income.'" *Johnson v. World Alliance Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016) (citing 12 U.S.C. § 1715z-20(a)). "The HECM program meets this goal by allowing older homeowners to access their home equity without risking foreclosure, eviction, and homelessness." *Id.* An HECM is the "reverse" of a traditional mortgage (and, thus, commonly characterized as a "reverse mortgage") because the borrower is not required to make monthly or other periodic payments to repay the loan. *Id.* at 195-96 (citing 12 U.S.C. § 1715z-20(b)(3)). Rather, the loan balance increases over time and does not become due and payable until a specific event occurs, including the death of the mortgagor. *Id.* at 196 (citing 12 U.S.C. § 1715z-20(j)).

It is undisputed that Ms. Golz passed away in May 2014; however, before that time, she apparently defaulted on the loan, her mortgage servicer of the first note and deed submitted an insurance claim to HUD, and HUD paid out $242,013.06 on the insurance claim for Ms. Golz's loan. *See Bennett v. Donovan*, 703 F.3d 582, 585 (D.C. Cir. 2013) ("Congress . . . authorized HUD to administer a mortgage-insurance program, which would provide assurance to lenders that, if certain conditions were met, HUD would provide compensation for any outstanding balance not repaid by the borrower or covered by the sale of the home."). Accordingly, HUD is the undisputed holder of both notes and deeds on the Property, which seeks foreclosure on the HECM for which no payment

7

has been made.

The parties did not cite, and the Court could not find, any case in the Tenth Circuit addressing a request from HUD for judicial foreclosure against a defaulting mortgagor participating in the HECM program. In arguing it is entitled to an order of judicial foreclosure, the Plaintiff cites to *United States v. Victory Highway Village, Inc.*, 662 F.2d 488, 494 (8th Cir. 1981), which concludes that "[5 U.S.C. section] 702 of the [Administrative Procedure Act] governs judicial review of the action by the Secretary of HUD in proceedings to foreclose under [section] 1713(k)." *See also United States v. Winthrop Towers*, 628 F.2d 1028, 1034-35 (7th Cir. 1980) ("HUD's decision to foreclose may be reviewed to determine whether it is consistent with national housing objectives . . ." and review "should be narrowly limited to the question whether HUD's actions were 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . .'"). However, Plaintiff does not appear to seek judicial review of any decision to foreclose in this case and fails to explain whether and/or how 12 U.S.C. §1713 (titled, "Rental housing insurance")[2] is implicated here. In addition, some courts disagree with the Seventh and Eighth Circuits, concluding that HUD decisions to foreclose are not reviewable. *See United States v. Yellowbird Ltd.*, No. C-3-82-570, 1992 WL 1258511, at *3 (S.D. Ohio Dec. 23, 1992) (collecting cases).

Plaintiff also cites to *LNV Corp. v. Hook*, No. 14-cv-00955-RM (D. Colo. Mar. 13, 2017),[3]

---

[2]Subsection (b), titled "Insurance of additional mortgages" provides, in pertinent part, "The insurance of mortgages under this section is intended to facilitate particularly the production of rental accommodations, at reasonable rents, of design and size suitable for family living." The Court found no case law citing or referencing 12 U.S.C. § 1713 with respect to a HECM.

[3]The orders cited herein are not published on Westlaw and, thus, the Court will attach copies of such orders to its Recommendation.

8

asserting that the court in *LNV Corp.* "grant[ed] summary judgment on a claim for foreclosure where the note was in default." Mot. 6. Indeed, citing 28 U.S.C. 2410(a)(2), which governs actions on real properties on which the United States has or claims a mortgage or lien, the *LNV Corp.* court found the plaintiff was entitled to a judicial foreclosure (for a property on which the United States held a tax lien), but cited no standard by which to determine the propriety of foreclosure. *LNV Corp.*, No. 14-cv-00955-RM, ECF No. 301 at 13. In addition, the court questioned under what procedure the foreclosure should proceed. *Id.* at 14. After further briefing, the court determined that the foreclosure should proceed pursuant to federal statute, 28 U.S.C. §§ 2001-2007, rather than to state rules of procedure (Colo. R. Civ. P. 105), as initially suggested by the plaintiff. *See id.* ECF No. 320.

At least one federal district court has addressed a request by HUD for judicial foreclosure on an HECM and asserted that "[i]n the usual course, once a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *United States v. Leap*, No. CV 11-4822 (DRH) (WDW), 2014 WL 1377505, at *2 (E.D. N.Y. Feb. 18, 2014), *adopted by* 2014 WL 1383139 (E.D. N.Y., Apr. 8, 2014) (finding the lender of an HECM demonstrated a prima facie case against a defaulting borrower). *LNV Corp.*'s opinion is consistent with *Leap*'s standard; the court in *LNV Corp.* concluded that the evidence presented showed the mortgagor had failed to make loan payments for several years, the mortgagee sent written notice of its intent to accelerate the loan, and the default remained uncured at the time of the order. *LNV Corp.*, ECF No. 301 at 13-14.

In this case, Plaintiff has presented unrebutted evidence that Ms. Golz entered into an HECM

9

loan agreement and executed promissory notes with First Financial and HUD; the first note was secured by a deed of trust naming First Financial as beneficiary and the second note was secured by a deed of trust naming HUD as a beneficiary; the deeds of trust both encumber the Property; in December 2011, the mortgagee servicer (parent company of First Financial) submitted an insurance claim to HUD, and HUD paid out $242,013.06 on the insurance claim for Ms. Golz's loan; HUD is currently the holder of both notes and both deeds of trust; Ms. Golz passed away on May 16, 2014; the notes and deeds of trust provide that the loan balance becomes immediately due and payable upon Ms. Golz's death; Dr. Golz, Ms. Golz's heir and executor of her Estate, received HUD's August 2015 and June 2016 notices demanding payment on the loan; and, no payment has been made since that time. This Court finds Plaintiff has demonstrated a prima facie case and, thus, has a presumptive right to foreclose on Ms. Golz' HECM.

Dr. Golz objects and contends that Plaintiff is not entitled to foreclosure[4] because it engaged in improper conduct by entering the Property without Dr. Golz's permission.[5] In support of his argument, Dr. Golz has referenced copies of four documents previously submitted in this case: a December 1, 2016 work order noting the Property's address; a HUD Property Access Record

---

[4]Construing the response brief liberally, the Court finds that Dr. Golz also appears to assert the Plaintiff itself already foreclosed on the loan when it "forcibly entered" the Property in December 2016 and, thus, it cannot seek a judicial foreclosure here. *See* Resp. 8-9. Dr. Golz cites no authority for this proposition and the Court has found none supporting it.

[5]The Court will not engage in a lengthy analysis of Dr. Golz's other stated challenges – that Plaintiff referenced expense information in the motion for which Dr. Golz requested additional discovery and that the undersigned should be prohibited from issuing further orders in this case pending an investigation into his attempts to secure counsel for the Defendant Estate – since the first has been rendered moot by the Plaintiff's withdrawal of the expenses (ECF No. 147 at 2-3) and the second has been rejected by Judge Jackson in his March 1, 2019 order (ECF No. 155).

reflecting that, on December 2, 2016, a representative of BLM CO, LLC "visited" the Property; a Boulder County Sheriff's Office record reflecting that, in or about December 2016, Dr. Golz filed a complaint with respect to "employees of BLM entering into the property in order to provide winterization"; and, a December 27, 2016 email from Boulder County Sergeant Manes to Tracy Willingham, Field Service Manager of BLM of Colorado, advising that "[a] Boulder County Sheriff's Office case number 16-7379 has been initiated in response to a complaint of burglary/trespass, criminal mischief and other property damage associated with two persons employed by BLM CO, LLC entering into the property to do 'winterization' on 12/1/2016." ECF Nos. 64-1 – 64-4.[6] Dr. Golz asserts that the "balance of the file for [Boulder County Sheriff's Office] Case No. 16-7379 is admissible under Fed. R. Evid. 803(8)" (Resp. 8), but he does not submit a copy (or copies) of any additional documents from the file.

To the extent that Dr. Golz expresses this defense as "unclean hands," Judge Jackson struck this affirmative defense on October 4, 2018 for Dr. Golz's failure to plead the defense with particularity as required by Fed. R. Civ. P. 9(b). ECF No. 125. Dr. Golz took no action to attempt to amend the Amended Answer following Judge Jackson's order. Notably, in his response brief, Dr. Golz improperly seeks leave[7] to amend his Amended Answer to add counterclaims for alleged violations of the Fourth Amendment and the Federal Tort Claims Act based on his claim that Plaintiff "forcibly entered" the Property on December 2, 2016. Resp. 9, 14. However, despite mentioning in a January 3, 2019 motion for extension of time that he intended to file a "motion for

---

[6]Plaintiff does not dispute the authenticity of these documents. *World of Sleep, Inc.*, 756 F.2d at 1474.

[7]Requests for relief must be sought by motion. Fed. R. Civ. P. 7(b); D.C. Colo. LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion.").

leave to amend his answer,"[8] he has not done so. *See* Mot. ¶ 3, ECF No. 129 at 2.

Nevertheless, the Court finds that, even if Dr. Golz were permitted to proceed on his "unclean hands" defense, the evidence he has submitted in response to the present motion fails to raise a genuine issue of material fact as to whether Plaintiff engaged in an unlawful entry onto the Property. Dr. Golz submitted no affidavit nor declaration in support of this argument[9] and the documents he submitted reflect only that BLM of Colorado LLC logged a "visit" to the Property on December 2, 2016 and that Dr. Golz made a complaint to the Boulder County Sheriff's Office concerning the December 2, 2016 entry. *See* ECF Nos. 64-1 – 64-4.

Moreover, Plaintiff contends that any entry on the Property, even if improper or unlawful, cannot serve as a defense to foreclosure on a loan that has not been paid. The Court agrees. As set forth above, Dr. Golz does not affirmatively rebut evidence that the Property is encumbered by deeds of trust securing promissory notes executed by Ms. Golz for an HECM that has not been repaid pursuant to the terms of the notes. *See Leap*, 2014 WL 1377505, at *2. He does not contend that HUD's December 2016 entry onto the Property somehow nullified the notes or prevented him from repaying the loan. In that respect, any claim involving entry onto the Property is separate and distinct from HUD's request for foreclosure; Dr. Golz neither argues nor articulates how his potential Fourth Amendment claim and/or FTCA claim relates to the foreclosure claim. Thus, even

---

[8]In addition, Plaintiff stated in its February 11, 2019 reply brief that "Dr. Golz's request to amend has not been properly presented. The Local Rules require a separate motion to amend, accompanied by a redline." However, Dr. Golz has filed no motion since that time. *See* ECF No. 147 at 4.

[9]*See* Fed. R. Civ. P. 56(c)(1). Dr. Golz generally cites, only by ECF number, to filings he has made in this case, which consist of hundreds of pages of motions, briefs, and exhibits, but include no affidavit nor declaration in support of arguments he makes in his response to the summary judgment motion.

if Dr. Golz were to assert a constitutional or tort claim against HUD for its December 2, 2016 entry onto the Property, such claim itself does not prohibit HUD from proceeding to foreclosure on the unpaid loan. *See Yellowbird Ltd.*, 1992 WL 1258511, at *5 (finding that, even if the mortgagor's defenses were valid, they did not alter the fact that the loan was delinquent and, thus, HUD was entitled to foreclose).

Plaintiff argues that Dr. Golz's purported counterclaims cannot serve to defend against a claim for foreclosure since Dr. Golz has failed to demonstrate they are claims for recoupment. "It is recognized ... that when the sovereign sues it waives immunity as to claims in recoupment ...." *F.D.I.C. v. Hulsey*, 22 F.3d 1472, 1486 (10th Cir. 1994) (quoting *Jicarilla Apache Tribe v. Andrus*, 687 F.2d 1324, 1344 (10th Cir.1982)). The Tenth Circuit has ruled that, "to constitute a claim in recoupment (1) the claim must arise from the same transaction or occurrence as the plaintiff's suit; (2) the claim must seek relief of the same kind or nature; and (3) the claim must seek an amount not in excess of the plaintiff's claim." *Id.* at 1487 (citing *Frederick v. United States*, 386 F.2d 481, 488 (5th Cir. 1967)). The Court agrees that, with the information provided in response to the present motion, Dr. Golz has failed to demonstrate his Fourth Amendment and/or FTCA claims arise from the loan agreement between HUD and Ms. Golz; seek the same relief as the foreclosure action; and seek "an amount not in excess" of Plaintiff's claim.

The Court concludes that Dr. Golz has failed to raise material factual issues sufficient to overcome the presumption that Plaintiff is entitled to foreclose on the HECM.

## IV. CONCLUSION

In sum, the Court finds that Plaintiff has demonstrated its entitlement to foreclose on the subject HECM in this matter, and Dr. Golz has failed to raise genuine issues of material fact

demonstrating that Plaintiff's request for foreclosure should, instead, proceed to trial. Accordingly, this Court respectfully recommends that Judge Jackson grant Plaintiff's motion, enter judgment in Plaintiff's favor, and issue an order of foreclosure and judicial sale in the manner specified in 28 U.S.C. §§ 2001-2002 and in the Amended Complaint (ECF No. 31).[10]

Respectfully submitted this 13th day of March, 2019, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[10] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).