FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2019 MAR 22 PM 12: 36

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-1152-RBJ-MEH

BENJAMIN S. CARSON, Secretary of Housing and Urban Development,

> Plaintiff,

v.

WILLIAM J. GOLZ

> Defendant.

---

## OBJECTION TO ECF 156 AS VOID FOR LACK OF JURISDICTION

### I.    INTRODUCTION

Where a court "act[s] without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal, in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." *Elliott et al. v. Peirsol et al.*, 26 U.S. 328, 340 (1828).

The Court, in *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998), citing to its earlier decision, noted: "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.' *Ex parte McCardle*, 7 Wall. 506, 514 (1869)." *Steel Co.*, 523 U.S., at 94. Quoting from another of its venerable precedents, the *Steel Co.*

Court noted that, "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s]' from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.' *Mansfield, C. L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)." *Steel Co.*, 523 U.S., at 94-95.

Once probate has been closed, absent the reopening of probate, courts have no jurisdiction to maintain a cause of any kind against an estate. This was addressed in *Jenkins v. Estate of Thomas*, 800 P.2d 1358, 1359 (Colo. App. 1990), which quoted two of the Colorado Supreme Court's decisions: "in *People in Interest of R.D.S.*, 183 Colo. 89, 514 P.2d 772 (1973): 'A party is more than one named on a petition or complaint. To be a true party, that person must be competent to sue, have the right to control the proceedings, to defend, to adduce and cross-examine witnesses, and to appeal in his own right.'" Then, quoting from *Barker v. District Court*, 199 Colo. 416, 609 P.2d 628 (1980):

> Thus, actions may be brought only by legal entities and against legal entities. There must be some ascertainable persons, natural or artificial, to whom judgments are awarded and against whom they may be enforced.

As discussed below, the *Estate of Verna Mae Golz* ceased to exist as a legal entity when probate was closed on May 2, 2018.

## II.   STATEMENT OF FACTS

2

**(A)** **Probate was Closed yet Absent Jurisdiction the Judicial Offi-
cers Refused to Dismiss, and Continued Issuing Orders to, the
Estate**

**(i)** **April-23 to May-22, 2018: the Property was deeded to De-
fendant, probate was closed, and the Court refused to dis-
miss the Estate**

Plaintiff's one and only prayer for relief is a claim of foreclosure on the

Second Note, ECF 31, Ex. 3, ¶ 4(C), secured by the Second Deed of Trust, ECF 31,

Ex. 5, ¶ 10, which include an identical clause: "Borrower shall have no personal lia-

bility for payment of the debt. Lender shall enforce the debt only through sale of

the Property." Defendant was personal representative and sole heir of the Estate

whose only asset was the Property which was deeded to Defendant on April 23,

2018. ECF 103, Ex. F. On April 25, 2018, Defendant noticed the Court that he "in-

tend[ed] to, close [p]robate by May 4, 2018" and moved "for the immediate dismissal

of the Estate as a party to this action." ECF 103, at 11. On April 27, 2018, Magis-

trate Michael E. Hegarty, acting sua sponte, converted Defendant's motion to dis-

miss the Estate to a "Motion for Summary Judgment pursuant to Fed. R. Civ. P.

56." ECF 105.

On May 7, 2018, Defendant provided notice that probate had been

closed, ECF 108, Ex. B, requested clarification of minute order ECF 105, and noted

that he had previously "moved the Court to Dismiss the Estate as a defendant as a

matter of law[.]" ECF 109, at 2. On May 8, the District Judge issued a memoran-

dum, ECF 111, referring ECF 109 to the Magistrate, whose minute order of even

date stated: "for summary judgment under Rule 56[, a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." ECF 112, at 2. On May 17, the Magistrate sua sponte issued a minute order noting that he had converted Defendant's "Motion to Dismiss the Estate as a Defendant ... into a Motion for Summary Judgment" and extending "the deadline for Plaintiff to respond to Dr. Golz' motion for summary judgment to May 24, 2018." ECF 114 (emphasis in original omitted). The Court had no jurisdiction to issue orders on May 8 and May 17 nor to maintain its summary judgment action against the Estate.[1]

Defendant's May-22, 2018 reply in support of his motion to dismiss the estate noted that his "action as [p]ersonal [r]epresentative to distribute the Property and close [p]robate did not infringe any rights that Plaintiff could have legitimately enforced in this Court ... which lacks subject-matter jurisdiction to interfere in the probating or administration of a will. *See, e.g., Byers v. Mcauley*, 149 U.S. 608 (1893); *see also, e.g., Sutton v. English*, 246 U.S. 199 (1918)." ECF 116, at 5. Defendant's reply concluded with the statement: "Probate was closed, whereupon Defendant respectfully requests that this Court dismiss the Estate as a defendant without further delay." ECF 116, at 7.

> **(ii)   May 24, 2018: Plaintiff filed the Probate Docket acknowledging that probate had been closed and the Estate was extinguished**

---

[1] Subsequent to the date that the Court was noticed of the closing of probate, each new act by Plaintiff or the judicial officers that purported to assert a claim against or authority over the Estate constituted a separate material misrepresentation.

On May 24, Plaintiff's counsel directed this Court's attention to Defendant's Probate Closing Statement, Doc 108, Ex. B, and filed a copy of the Probate Docket "*in re Estate of Verna Mae Golz*, PB2014-051759, Docket (Super. Ct. Maricopa Cnty., AZ) (attached hereto as Exhibit 1)." ECF 117, at 3, ¶ 1.  On this date, it was absolutely clear to anyone who had completed law school—Plaintiff's counsel, agency counsel, and both judicial officers, that the Court lacked jurisdiction: "a threshold matter [that] 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.' *Steel Co.*, 523 U.S. 94-95.  Therefore, "'the only function remaining to the [C]ourt [was] that of announcing the fact and dismissing the cause.'" *Steel Co.*, 523 U.S. 94.

**(B)  Meredith Callan Attempts to Recruit Defendant at the Direction of Magistrate Hegarty who States "the Government is simply going to win this case because an estate can't represent itself"**

**(i)  December 18, 2018 to January 11, 2019: Ms. Callan's messages to defendant and statement that "I was contacted by Judge Hegarty ... [y]ou do need representation on the Estate matter"**

On December 18, 2018, Ms. Callan's phone number was logged as an incoming facsimile on Defendant's home-telephone. See ECF 144, Ex. B, at 1–3.[2] Defendant received an email and a letter from Ms. Callan, both dated December 19, 2018 with substantively identical text, both stating, in part:

---

2  ECF 144, Exhibit B, pages 1 and 2, are Annette T. Golz's declaration under penalty of perjury pursuant to 28 U.S. Code § 1746 as to communications she received from Plaintiff's counsel, Magistrate Hegarty, Ms. Callan, and AB Court Reporting & Video.

> Judge Hegarty recommended that I contact you re-
> garding 17-CV-01152 as you are currently appear-
> ing pro se but you would be best served having a
> lawyer.

ECF 144, Ex. A, at 1–5.[3]  In a voice message recorded on Defendant's home-tele-

phone with a date and time-stamp of January 8, 2019, 10:49 a.m, Ms. Callan stated,

in pertinent part:

> This is for William Golz.
> My name is Meredith Callan, my phone number is 720-636-0696.
> I'm an attorney in Denver. I've been trying to get a hold of you.
> I sent you an email and a letter to your address in Arizona.
> I was contacted by Judge Hegarty to assist you on your case.
> You do need representation on the Estate matter.

ECF 144, Ex. B, at 4.  Ms. Callan left another voice message on Defendant's home-

telephone on January 11, 2019 at 4:15 p.m. ECF 144, Ex. B, at 5.

> **(ii)    At 4:55 p.m. on January 22, Magistrate Hegarty counter-
> manded his prior order for the January-23 conference**

In conformance with the Magistrate's January-16 order to "contact my

Chambers to obtain an alternate date[,]" ECF 135, on January 21 Defendant had a

request transmitted by overnight mail to the Clerk and by email to the Magistrate

and Plaintiff's counsel stating that Defendant "could not be available for a tele-

phone conference any earlier than February 4, 2019." See ECF 146, at 3–4, ¶ 1–4.

On January 22, the Magistrate sent an email time stamped 4:55 p.m. to Annette T.

---

3  ECF 144, Exhibit A, pages 1 and 2, are Defendant's declaration under penalty of perjury
   pursuant to 28 U.S. Code § 1746 as to an email and letter received from Ms. Callan and
   included as exhibits and as to other exhibits and notes received from Mrs. Golz.

Golz countermanding his January-16 order that each party call the Magistrate's Chambers and issuing the following order: "We need counsel for the plaintiff to call William Golz at 480-816-5019 and then call chambers for the status conference." ECF 144, Ex. B, at 6.

(iii)   **Substantively relevant part the January-23 conference**

When Plaintiff's counsel called at 10:27 a.m. on January 23, Mrs. Golz was the only person at her home telephone, (480) 816-5019. ECF 146, Ex. A, at 1, ¶ 1. Plaintiff's counsel connected the call with the courtroom at which time Mrs. Golz told the Magistrate:[4]

> I received an email last night. My husband's not available and the email said that the assistant U S attorney was going to call this number ... I canceled my work schedule today, I had inservices at the hospital scheduled, so I could answer the phone, my husband is not here, he's not available, and I think in his response that was sent, he explained that, so I'm just trying to answer the phone because I got the email saying they were going to call.

ECF 146, Ex. A, at 5, ¶ 6. After Mrs. Golz had said, "I'm just trying to answer the phone because I got the email[,]" the Magistrate did not terminate the teleconference but held a nine-minute meeting for his own purposes which he made absolutely clear. "Ms[.] Golz," the Magistrate stated:

---

4 As discussed below, the Magistrate's Courtroom Deputy Clerk purportedly did not record the January-23 conference. Mrs. Golz has admissible evidence of that conference, and the quotes are from a typed transcript of her notes, ECF 146, Ex. A, at 4–6, supported by her declaration under penalty of perjury. ECF 146, Ex. A, at 1–3.

> I actually have a lawyer here in the courtroom
> who's willing to represent your husband's mother's
> estate. But she's been unable to get a hold of your
> husband. And, we're trying to get him a lawyer so
> he's not in default. But it looks like the Govern-
> ment is simply going to win this case because an es-
> tate can't represent itself.  It has to be represented
> by a lawyer and not by a natural person.  We have
> a lawyer who's willing to do that but Mr Golz just
> won't communicate with anybody.

ECF 146, Ex. A, at 5, ¶ 7.  Asking Mrs. Golz if she had a "pencil and a piece of pa-

per[,]" the Magistrate painstakingly said:

> OK, Meredith (spells out Meredith), Callan (spells
> out Callan). 7 2 0 6 3 6 0 6 9 6.  With an email of
> Meredith (spells Meredith) dot Callan, that's (spells
> Callan) dot e s q, which is short for esquire, at
> gmail dot com.

In that same verbal passage, Magistrate Hegarty reiterated that Defendant was

facing a loss to a default if he did not call Ms. Callan:

> If Mr. Golz is interested in not defaulting and the
> estate being able to litigate this case I would highly
> recommend that he give [Ms. Callan] a call.

Magistrate Hegarty reiterated a third time:

> I highly recommend that you pass that information
> on to Mr. Golz, and have him contact that lawyer.

ECF 146, Ex. A, at 6.

> **(iv)   The Magistrate's January-23 courtroom minutes/minute order**

8

The Magistrate's January-23 courtroom minutes/minute order stated:

> The Court gave Mrs. Golz the contact information
> for Meredith Callan, pro bono counsel contacted to
> represent the Estate of Verna Mae Golz.

ECF 141.[5]

### (v) The Clerk advises that Courtroom Deputy Molly Davenport did not record the January-23 conference

Defendant enclosed his January-23 and February-4, 2019 written requests for the official audio-record in a February 9, 2019 letter to Jeffrey P. Colwell, Clerk of the Court. See ECF 150, Ex. A.  In a February-13, 2019 letter (attached hereto as Exhibit A), Mr. Colwell replied to Defendant that, "[t]he recording equipment was available, but it was erroneously not started by" Courtroom Deputy Molly Davenport.[6]

### (C) The District Judge Prejudicially Denied a Hearing to Try Well-Supported Factual Allegations of Fraud On The Court

On February 20, 2019, Defendant filed combined motions with the District Judge, ECF 150, for, *inter alia*: orders to Mr. Colwell to provide certain information regarding the recording equipment and to have Ms. Davenport furnish a list

---

5  Magistrate Hegarty's proffer of Ms. Callan's services pro bono violated D.C.COLO.LCivR 15, Pro Bono Representation, ECF 144, Ex. C, at 2–7, which includes among its requirements safeguards to ensure that a judge does not have ex parte contact regarding a case with any attorney.

6  Failure to make a record of a court proceeding is, at a minimum, a violation of 28 U.S.C § 753(b), which provides, in pertinent part: "Each session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim[.]"  The Clerk has not provided the requested information for the FTR equipment used in the courtroom, see ECF 150, Ex. A, at 2, which will be required at the reconstruction hearing to be held.

of all persons present at the January-23 conference; a hearing to determine the nature of Magistrate Hegarty's relationship with, and extent and substance of his ex parte contacts with, Ms. Callan, and to provide for testimony and evidence on Magistrate Hegarty's statements at the January-23 conference; and a stay in proceedings until that hearing was completed. All facts and exhibits summarized above in this document and supported by Defendant's and Mrs. Golz's declarations were available when:

> **(i)    The District Judge's order stating "I found absolutely nothing indicating any improper conduct by Magistrate Judge Hegarty" is insupportable**

In his order, ECF 155, the District Judge stated: "I reviewed the file entries for the period December 18, 2018 to January 23, 2019. I found absolutely nothing indicating any improper conduct by Magistrate Judge Hegarty." ECF 155, at 3, ¶ 2.

As the Commentary for Canon 3A(4) of the Judicial Code of Conduct (the "Code") provides, in pertinent part:[7]

> The restriction on ex parte communications concerning a proceeding includes communications from lawyers, law teachers, and others who are not participants in the proceeding.

Magistrate Hegarty promulgated the above proscription in his Practice Standards in Section II.B.2, which states:[8]

---

7  www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges.

8  www.cod.uscourts.gov/Portals/0/Documents/Judges/MEH/MEH_Practice_Standards.pdf.

> Ex parte communications with my Chambers are
> not permitted, except for the purpose of discussing
> settlement.

Canon 1 of the Code, providing that "[a] judge should maintain and en-force high standards of conduct and should personally observe those standards" is applicable to these facts as the complement to the Colorado Rules of Professional Conduct (the "RPC"), wherein Comment [2] of Rule 3.5 provides, in relevant part:[9]

> When a judge initiates a communication, the
> lawyer must discontinue the communication if it
> exceeds the judge's authority under the applicable
> rule of judicial conduct.

Magistrate Hegarty was acting without jurisdiction and was not con-ducting the business of the Court at the January-23 conference nor in his courtroom minutes/minute order when he stated he had contacted "Meredith Callan, pro bono counsel [ ] to represent the Estate of Verna Mae Golz." *Supra.* The Magistrate's duty to his Canon required him to recognize that, because the federal bench gave him power, prestige, and influence in the legal community, a lawyer may fear dam-age to their career if they broke off an improper communication from a judge. This could be particularly difficult for a young attorney like Ms. Callan who had been li-censed in California since 2011, in Colorado since 2017, and was admitted to the bar of this Federal District Court in August 2018.

---

9  www.cobar.org/For-Members/Opinions-Rules-Statutes/Rules-of-Professional-Conduct/
Rule-35-Impartiality-and-Decorum-of-the-Tribunal.

The District Judge not only had a duty to intercede and terminate the cause of action that had been maintained without jurisdiction since May 2018, but, where facts are sufficient to a reasonable inference of violations of the Code or the RPC:

> A judge should take appropriate action upon learning of reliable evidence indicating the likelihood that a judge's conduct contravened this Code or a lawyer violated applicable rules of professional conduct.

Pursuant to the above Canon, 3B(5), Judge Jackson became responsible for Magistrate Hegarty's material misrepresentations of law and improper ex parte contacts with Ms. Callan when Defendant provided signed declarations attesting to the authenticity of signed letters, emails, and other facts supporting those allegations. In lieu of investigating:

**(ii)    The District Judge made obviously false defamatory accusations of criminal conduct by Mrs. Golz in an effort to discredit facts submitted under penalty of perjury**

In his order, the District Judge claimed that Defendant's:

> wife – also a non-lawyer and not a party to the case – attempted to represent him during that hearing.

ECF 155, at 3. This clearly worded accusation that Mrs. Golz committed the crime of attempting to practice law without a license, *see* Colo. Rev. Stat. § 12-5-112 and 18 U.S.C. § 13, denies the truth of statements Defendant entered into the record of this proceeding supported by Mrs. Golz's declaration under penalty of perjury, that:

12

> [M]y husband is not here, he's not available, and I
> think in his response that was sent, he explained
> that, so I'm just trying to answer the phone because
> I got the email saying they were going to call.

See § II(B)(ii), *supra*; ECF 146, Ex. A, 1–6.

In another factually insupportable and defamatory statement, the District Judge claimed:

> Most importantly, however, I found that the source
> of Dr. Golz's ire was his speculation that the court
> would award the plaintiff victory in the case be-
> cause the estate could not represent itself.

ECF 155, at 3.  Defendant has taught engineering, mathematics, and science from the university to middle school from which he learned to be patient even with those of his students who habitually misrepresented the facts.  The Judge's use of the word ire although a falsehood is consistent with his other efforts including his attempt to dismiss as "speculation"[10] Mrs. Golz's attestation that Magistrate Hegarty said:

> [I]t looks like the Government is simply going to
> win this case because an estate can't represent it-
> self.  It has to be represented by a lawyer and not
> by a natural person.
> ...

---

10 Speculation, "upon which neither court in nonjury case nor jurors in jury case may base verdict, is the art of theorizing about a matter[,]" Black's Law Dictionary 1255 (5th ed. 1979), does not describe Mrs. Golz's declaration accompanied by Defendant's request that the Court set a hearing where Mrs. Golz's testimony can be heard and admissible evidence entered in support thereof.

13

> If Mr. Golz is interested in not defaulting and the
> estate being able to litigate this case I would highly
> recommend that he give [Ms. Callan] a call.

*Supra.* Whereas Magistrate Hegarty was acting without jurisdiction when he contacted Ms. Callan, and when he made the above statements which constitute a material misrepresentation of law, he was not carrying out the business of the Court.

### (iii) The denial of a hearing blocked a trial of facts sufficient to an allegation of fraud on the Court

There is no doubt that Defendant was the only person in this case that did not know that the Court was violating its jurisdictional authority. The District Judge, Plaintiff's counsel, and the agency's trial attorney all knew and violated their respective ethical canons along with Magistrate Hegarty, who, beginning on May 8, 2018 and, acting with Ms. Callan from December 18, 2018 to January 23, 2019, "sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) (citations omitted).

## III.   SUMMARY OF FACTS PERTINENT TO JURISDICTION

On April 27, 2018, Magistrate Hegarty converted Defendant's motion to dismiss the Estate to a motion for summary judgment. On May 7, Defendant filed the Probate Closing Statement and reminded the Court of its duty to dismiss

the "Estate as a defendant as a matter of law[.]" On May 8, the Magistrate reiter-

ated his intent to provide for summary judgment against the Estate. On May 17,

the Magistrate ordered "Plaintiff to respond to [the] motion for summary

judgment[.]" On May 22, Defendant advised that the Court lacked "subject-matter

jurisdiction" and renewed his request to "dismiss the Estate ... without further de-

lay." On May 24, 2018, Plaintiff filed the Probate Docket showing closure. During

the January-23, 2019 conference, and in the courtroom minutes/minute order, Mag-

istrate Hegarty misrepresented the Court's jurisdiction to retain an action for sum-

mary judgment against, and to require Defendant to obtain licensed counsel for, the

Estate.

## IV.   CONCLUSION

The Recommendation of United States Magistrate Judge, ECF 156, is

void for lack of jurisdiction. Minute Order re: 156 Recommendation of United

States Magistrate Judge, ECF 157, and any order that would purport to accept the

recommendation, is moot. Consider the following:

Consequent to the closing of probate on May 2, 2018, when the Estate

became a legal nullity, this Court's duty to dismiss its actions against the Estate

was purely ministerial. Absent Plaintiff's reopening of probate, this Court lacked

jurisdiction to maintain any action against the Estate. This Court's seminal May-8,

2018 assertion that it had jurisdiction was a material misrepresentation, and it has

no jurisdiction to dismiss an action it has maintained against the Estate illegally and in violation of its jurisdictional limits.

In closing, the Court's decision in *Bradley v. Fisher*, 80 U.S. 335 (1871), is noteworthy: "Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible." *Id.*, at 351–52.

## V.   REQUESTS FOR RELIEF

### (A)   Request for Sua Sponte Relief from the District Judge

Defendant requests that the District Judge sua sponte bring a motion before the Court to disqualify himself from this case as one need look no further than the facts recounted in this Objection to recognize that the District Judge is automatically disqualified.[11]

### (B)   Anticipated Requests for Relief in the District Court

Consequent to this Court's order, ECF 155, denying Defendant's request for orders necessary to a hearing, Defendant worked to complete a petition to the appeals court. Defendant, who did not complete the research and writing of this

---

11 As the Ninth Circuit noted in *Preston v. U.S.*, 923 F.2d 731 (9th Cir. 1991), "[s]ection 455(a) covers circumstances that appear to create a conflict of interest, whether or not there is actual bias. *Davis v. Xerox*, 811 F.2d 1293, 1295 (9th Cir. 1987). Section 455(b) covers situations in which an actual conflict of interest exists, even if there is no appearance of one. *Id.* Section 455(b) also describes situations that create an apparent conflict, because it provides examples of situations in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a)." (citations omitted). *Preston*, 923 F.2d, at 734.

Objection until March 22, 2019, anticipates being out of the country on a planned business trip during the weeks of April-1, April-8, and April-15, 2019.  Defendant therefore anticipates making the following motions for:

    (i)    additional time to research and write an objection, to include Defendant's second-amended answer, to the Recommendation of United States Magistrate Judge, ECF 159, or, in the alternative,

    (ii)    a temporary stay in District Court proceedings.

**(C)    Anticipated Requests for Relief in the Tenth Circuit**

Defendant anticipates submitting petitions to the appeals court for:

    (i)    writs of mandate to the trial court to disqualify both judicial offi-cers and vacate the proceedings, or, in the alternative,

    (ii)    a writ of mandate to the trial court to provide a reconstruction and evidentiary hearing to try factual allegations including, but not limited to, the period December 18, 2018 to January 23, 2019.

DATED this 22nd day of March, 2019.

Respectfully Submitted,



William J. Golz, Ph.D.
*Defendant, Pro Se*
29714 North 152nd Way
Scottsdale, Arizona 85262
Phone: (480) 816-5019

# Exhibit A



**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Alfred A. Arraj
United States Courthouse
901 19th Street
Denver, Colorado 80294
www.cod.uscourts.gov

Jeffrey P. Colwell, *Clerk*

Phone: (303) 844-3433

February 13, 2019

Annette Golz
William J. Golz, Ph.D.
29714 N. 152nd Way
Scottsdale, AZ 85262-6942

Re:    Your letter of February 9, 2019

Dr. and Mrs. Golz:

I write in response to your request for a copy of the audio recording of the nine-minute status conference hearing on January 23, 2019 in case 1:17-cv-01152. Unfortunately, we are not able to provide an audio record of that hearing because it simply was not recorded. Our failure to record that hearing was due to human error, not a mechanical failure. The recording equipment was available, but it was erroneously not started by our courtroom personnel. Accordingly, no audio recording exists.

I apologize for our mistake. Failure to record a court hearing is not regarded lightly in our office. Our courtroom deputies are fully trained on the audio recording equipment's operations and understand the importance of preserving the record.

Additionally, I want to address the conversation referenced in your letter between AB Court Reporting and a Court employee. As referenced in the courtroom minutes, docket entry #142, there was courtroom discussion, direction from the bench, and mention of a forthcoming order from the presiding judicial officer. Any determination or mention that "…nothing happened" from my office was inaccurate and ill advised.

This matter has received my personal attention and we will continue to make efforts to avoid further errors in the future. Thank you for bringing this matter to my attention.

Sincerely,

Jeffrey P. Colwell
Clerk, United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that I will transmit the foregoing to AB Document Services for hand

delivery on March 22, 2019 to the Clerk of the Federal District Court for the District

of Colorado who will send notification of such filing to any party who has entered an

appearance in this matter to the email addresses on file with CM/ECF.


DATED this 22nd day of March, 2019.

William J. Golz, Ph.D.
*Defendant, Pro Se*