IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 17-cv-01152-RBJ-MEH

BENJAMIN S. CARSON, Secretary of Housing and Urban Development,

    Plaintiff,
v.

ESTATE OF VERNA MAE GOLZ,
WILLIAM J. GOLZ,
MARCUS J. GOLZ,
MATTHEW J. GOLZ, and
UNKNOWN HEIRS AND CLAIMAINTS OF THE ESTATE OF VERNA MAE GOLZ,

    Defendants.

# ORDER

This matter is before the Court on two recommendations of Magistrate Judge Michael E. Hegarty, ECF No. 156 and ECF No. 159. These recommendations are incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The first recommendation addresses defendant William J. Golz's "Position Paper on Proceeding Pro Se and Motion to Dismiss the Estate as a Defendant," ECF No. 103. Judge Hegarty recommends that Dr. Golz's motion should be granted, and that the Estate of Verna Mae Golz ("Estate") should be dismissed as a defendant. ECF No. 156. The second recommendation addresses plaintiff's motion for summary judgment, ECF No. 127, and recommends that plaintiff's motion should be granted. ECF No. 159. After the issuance of both recommendations, Dr. Golz filed a "Motion for Leave to Amend and to Declare Certain Motions and Recommendations Moot without Prejudice and

Notice of Intent to File Counterclaims and Add an Intervenor by May 1, 2019." ECF No. 166.
For the reasons discussed in this motion, I DENY Dr. Golz's motion, ECF No. 166, and I
ACCEPT and ADOPT both of Judge Hegarty's recommendations, ECF Nos. 156, 159 in full.

## STANDARD OF REVIEW

When a magistrate judge makes a recommendation on a dispositive motion, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). For an objection to be proper, it must be timely and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). However, the district court need not consider frivolous, conclusive or general objections. *Id.* "In the absence of a timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summars v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Although the first recommendation was that Dr. Golz's motion to dismiss the Estate should be granted, Dr. Golz filed a timely objection to it. ECF No. 163. However, Dr. Golz did not file an objection as such to the second recommendation, ECF No. 159, which recommended that I grant plaintiff's motion for summary judgment. Instead, on the date an objection was due he filed a motion to amend his answer and to declare the recommendations moot. ECF No. 166.[1]

---

[1] Dr. Golz's objections to the recommendation on the motion for summary judgment were due on Saturday, March 30, 2019 - seventeen days (fourteen days plus three days for service by mail) from the filing of the recommendation on March 13, 2019. That was a Saturday, so the objection was due April 1, 2019.

This pleading also signaled his intent to file counterclaims and to add an intervenor by May 1, 2019. *Id.*

This Court takes into consideration that Dr. Golz proceeds pro se. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). This rule applies to all proceedings involving a pro se litigant. *Id.* at 1110 n.3. At the same time, the Court cannot "assume the role of advocate for the pro se litigant." *Id.* at 1110. Pro se litigants must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Without an objection to the recommendation on the motion for summary judgment, I am not required to conduct a de novo review of the motion. Nevertheless, in my discretion and because a pro se party's pleadings must be construed liberally, I have conducted a de novo review of both recommendations.

## ANALYSIS

### I. <u>Defendant Golz's Motion for Leave to Amend</u>

I will begin with Dr. Golz's motion for leave to amend his amended answer. ECF No. 166. A motion for leave to amend is governed by Fed. R. Civ. P. 15. Fed. R. Civ. P. 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days after serving it. Dr. Golz amended his answer on November 28, 2017. ECF No. 62. He now moves to amend his answer a second time. Fed. R. Civ. P. 15(a)(1) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." It further instructs that leave to amend should be freely granted when justice so requires. This Court freely permits parties to

3

amend their pleadings absent "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). In this case, I find that Dr. Golz's proposed second amended complaint was filed with unjustified delay, with a dilatory or bad faith motive and would be futile. For these reasons I DENY his motion for leave to amend his amended answer. ECF No. 166.

In his motion, Dr. Golz justifies his request by stating:

Defendant's Second Amended Answer is needed to address facts, including but not limited to, those learned from plaintiff's February 11, 2019 reply in support of its motion for summary judgment, ECF 147, from the period December 18, 2018 to January 23, 2019, and issues concomitant to the time-period relating to the District Judge's March-1, 2019 order. ECF N155.

ECF No. 166 at ¶7. First, I have reviewed plaintiff's February 11, 2019 reply in support of its motion for summary judgment and see no new facts or arguments introduced that are material to the resolution of the summary judgment motion. In this reply, in response to Dr. Golz asking for discovery on a disputed $750 of loan charges, HUD offers evidence of these loan charges in exhibits but also offers to deduct this disputed charge plus interest, $825, from the debt owed in the interest of resolving this case. ECF No. 147 at 1-2. Given this stipulation, this evidence is not material to the summary judgment motion, and no other new evidence or arguments are introduced in this reply.

Second, it seems that Dr. Golz wishes to relitigate issues I have already ruled upon in my March 1, 2019 order, ECF No. 155. I issued this order denying Dr. Golz's motion to disqualify the magistrate judge, and I addressed a number of concerns that Dr. Golz raised about the magistrate judge's conduct of pre-trial proceedings in the period between December 18, 2018 to

January 23, 2019, finding "absolutely nothing indicating any improper conduct by Magistrate Judge Hegarty." *Id.* at 4.  I have addressed Dr. Golz's complaints about the hearings conducted in this time period and have issued an order finding these complaints to be groundless.  Relitigation of these issues is not a justifiable basis upon which to grant leave to file an amended answer.

Moreover, this case has been pending for twenty-three months, and Dr. Golz offers no reasoned justification for expressing an intention to file new counterclaims for the first time on the day his objections to the recommendation on summary judgment are due.[2]  Dr. Golz has previously, and improperly, moved to amend his Amended Answer to add counterclaims in his response brief to the motion for summary judgment.  ECF No. 144 at 9, 14.  Magistrate Judge Hegarty addressed this issue in his recommendation on the motion for summary judgment.  ECF No. 159 at 11.  Judge Hegarty highlighted that to the extent Dr. Golz wishes to amend his answer to express "this defense as 'unclean hands,' Judge Jackson struck this affirmative defense on October 4, 2018 for Dr. Golz's failure to plead the defense with particularity as required by Fed. R. Civ. P. 9(b).  ECF No. 125.  Dr. Golz took no action to attempt to amend the Amended Answer following Judge Jackson's order." *Id*.  Judge Hegarty also pointed out that "despite mentioning in a January 3, 2019 motion for extension of time that he intended to file a 'motion for leave to amend his answer,' [Dr. Golz] has not done so." ECF No. 159 at 11-12 (referring to ECF No. 129 at 2).

---

[2] Dr. Golz states in his motion that he has business travel planned the weeks of April-1, April-8, and April 15, 2019, but this does not explain why he was unable to file these counterclaims in the year and a half since plaintiff filed its amended complaint on August 18, 2017 or in the six months since I struck his affirmative defenses on October 4, 2018.

5

Further, though Dr. Golz moved to amend his answer in his response brief, plaintiff stated in its February 11, 2019 reply brief that "Dr. Golz's request to amend has not been properly presented. The Local Rules require a separate motion to amend, accompanied by a redline." EF No. 147 at 4. However, between this reply and Judge Hegarty's recommendation issued on March 13, 2019, Dr. Golz still filed no motion. In moving for leave to file once again, Dr. Golz offers no reasoned justification for his failure to amend his amended answer prior to this point in the litigation.

In addition, instead of expressing his arguments in an objection to Magistrate Judge Hegarty's recommendation which addressed Dr. Golz's attempts to file a second amended answer, Dr. Golz expresses these arguments in a motion that attempts to restart this litigation from ground zero. ECF No. 166 at 3 (Though proceeding pro se, Dr. Golz is aware that "[i]f the Court grants Defendant's Motion for Leave to Amend, the Second Amended Answer will render Plaintiff's pending motion[] . . . for summary judgment, ECF 127, and the recommendation of the United States Magistrate Judge, ECF 159, moot. These would be dismissed without prejudice . . ."). To file a motion declaring an intention to file counterclaims on the day that objections to the recommendation are due, asking the court to "declare certain motions and recommendations moot without prejudice" after these motions have been fully briefed, and without any compelling circumstances as justification, is an eleventh-hour tactic that borders on bad faith. The fact that Dr. Golz justifies this motion by raising arguments that I have previously ruled on, and some that I have deemed frivolous and groundless, *see* ECF No. 155 at 3, push Dr. Golz firmly into bad faith territory.

The untimeliness of this motion and my doubts that this motion was filed in good faith would be sufficient reason alone to deny leave to amend. However, I have also reviewed Dr. Golz's proposed second amended answer, ECF Nos. 166, 167, and have determined that his filing of such an answer would be futile.

I'll discuss the proposed changes to Dr. Golz's second amended answer, referring to the exhibit Dr. Golz submitted that is a black-lined version of the second amended answer, ECF No. 167. Many of the proposed changes to the second amended answer merely describe the procedural history of this case. *Id.* at 1-4. I am already familiar with the procedural history of this case and do not need this history described in his answer to take note of it. Within this procedural history, Dr. Golz also reiterates his jurisdictional argument that he discusses in his objection to the first recommendation, ECF No. 163. ECF No. 167 at 7. I consider this argument below in evaluating his objections, and a second amended complaint is unnecessary to raise this argument.

Dr. Golz changes the wording of some of his admissions, denials and factual allegations. Many alterations are to form rather than substance, and none of these alterations affect my evaluation of the motion to dismiss or the motion for summary judgment. ECF No. 167 at 8-53. Dr. Golz also changes the word "defendants" to "defendant" and "estate" to "defendant" consistent with Judge Hegarty's recommendation to dismiss the Estate as a defendant. *See, e.g.*, *id.* at 37. Those changes that are to substance, rather than simply to form, I also find futile because they restate arguments that have been raised and addressed by the court already or are not relevant to the issues in either the motion to dismiss or the motion for summary judgment.

Within this section, Dr. Golz's substantive changes only reiterate many of the arguments he made in his response to the plaintiff's motion to strike his affirmative defenses or in response to plaintiff's motion for summary judgment concerning issues such as plaintiff's entry into the home, unclean hands and plaintiff's adherence to its agency regulations. *See e.g.*, *id.* at 17, 20, 23. Dr. Golz had the opportunity to make these arguments in his response to the plaintiff's motion for summary judgment, did make the arguments, *see* ECF No. 144 at 7-13, and the issues were addressed in Judge Hegarty's recommendation, ECF No. 159. Those issues that were not raised and addressed in the briefing for the motion for summary judgment were addressed in the briefing concerning plaintiff's motion to strike affirmative defenses, ECF Nos. 71, 81, 84 and in the recommendation and order striking Dr. Golz's affirmative defenses from his first amended answer, ECF Nos 118, 125 (striking the affirmative defenses of (1) foreclosure being contrary to agency regulations; (2) failure to state a claim; (3) estoppel; (4) laches; (5) waiver; (6) plaintiff's final agency action is arbitrary, capricious, and contrary to law; (7) unclean hands). Raising these issues again in a second amended answer would be futile.

In his proposed second amended answer, Dr. Golz also adds the affirmative defense of "fraud upon the court," in which he restates his complaints about Magistrate Judge Hegarty's efforts to assist the Estate in obtaining counsel and his complaints about a courtroom deputy not recording the January 23 conference. I have already ruled on Dr. Golz's motion to recuse Magistrate Judge Hegarty based on these events, ECF No. 155, and Dr. Golz's attempt to add these issues back into the litigation as an affirmative defense would be futile.

Moreover, Dr. Golz restates these arguments, almost identically, in his objections to the recommendation on the motion to dismiss, ECF No. 163 at 5-16, and I address them in ruling on

the recommendation. Dr. Golz then elaborates in his proposed second amended complaint upon affirmative defenses that I have previously stricken. ECF No. 167 at 64-80; *see* ECF Nos. 118, 125 (striking affirmative defenses). I find that reasserting these affirmative defenses would be futile. To the extent that these additions are related to affirmative defenses I have stricken under Fed. R. Civ. P. 9(b) for failure to plead with sufficient particularity, I find that these amendments are filed with unjustified delay given that I struck those affirmative defenses on October 4, 2018, well before any briefing on the motion for summary judgment.

In sum, I find that Dr. Golz's proposed second amended answer would be futile, was filed with undue and unjustified delay, and was not filed in good faith. As such, I DENY this motion, ECF No. 166.

## II.     **Defendant Golz's Motion to Dismiss the Estate as a Defendant.**

Judge Hegarty describes the factual background of this case in his recommendations, ECF No. 156; ECF No. 159 at 1-4, and I have also described the factual background of this case in prior orders, *see, e.g.,* ECF No. 125. Briefly, in 2002 Verna Mae Golz entered into a federally insured Home Equity Conversion Mortgage loan with a private lender. Ms. Golz's home, the real property at issue in this case, is located at 130 Beaver Creek Drive Nederland, Colorado, 80466, with a legal address of Lot 19, Beaver Valley Estates, County of Boulder, State of Colorado (the "Property"). The loan, sometimes called a "reverse mortgage," allowed Ms. Golz to convert the equity in her home into cash through periodic advance payments that increased her loan balance but limited the mortgage holder's recourse to foreclosure on the property if the loan were not repaid. The lender obtained mortgage insurance from the Department of Housing and Urban Development ("HUD" or "plaintiff"), and Ms. Golz executed a second note and deed of

trust in favor of HUD. Later the lender submitted an insurance claim to HUD and assigned its rights under the mortgage to HUD in exchange for a payment by HUD of $242,013.

Ms. Golz did not repay any portion of the loan balance after that assignment, and it became due and payable upon her death on May 16, 2014. The loan had a balance of $288,260.83 as of August 18, 2017. Plaintiff HUD brought this action to foreclose on its deeds of trust. The active defendants initially were her Estate and Ms. Golz's son, William J. Golz, Ph.D., who was the personal representative of the Estate and, he indicated, her sole heir. Dr. Golz is proceeding pro se, and the Estate has also acted pro se, in effect represented by Dr. Golz.

There was always a question whether Dr. Golz, not a lawyer, could represent the Estate in these circumstances. On April 25, 2018 Dr. Golz submitted what he called, in part, a position paper, in which he argued that the Estate could proceed pro se. In the same document he moved to dismiss the Estate as a defendant. ECF No. 103. The court liberally construed this motion as a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c). Because Dr. Golz chose to support his motion to dismiss with documents outside the pleadings, the court informed the parties that it would convert the motion into a motion for summary judgment pursuant to Fed. R. Civ. P. 56 and gave the parties an opportunity to respond to materials submitted by Dr. Golz with any "material that is pertinent to the motion," Fed. R. Civ. P. 12(d). ECF No. 105. Plaintiff did not oppose Dr. Golz's motion. *See* ECF No. 152.

Magistrate Judge Hegarty found as follows:

> It is undisputed that (1) the only asset belonging to the Estate was the real property at 130 Beaver Creek Drive, Nederland, Colorado, (2) such property was transferred to Dr. Golz by a Personal Representative's Deed (ECF No. 103 at 27), and (3) probate on the Estate closed on May 2, 2018 (ECF No. 108 at 6-7); thus, the Court finds the existence of no genuine issue of material fact demonstrating that Plaintiff's claim for foreclosure *against the Estate* remains viable.

ECF No. 156 at 3 (emphasis added).

Judge Hegarty recommended that I dismiss the Estate, granting Dr. Golz the relief he sought in his motion. ECF No. 156. Dr. Golz objects. ECF No. 163.

**A) <u>Objection to Jurisdiction over the Estate.</u>**

Dr. Golz argues that the Court lacks jurisdiction to maintain a cause of action against an estate once probate has been closed, citing *Jenkins v. Estate of Thomas*, 800 P.2d 1358, 1359 (Colo. App. 1990), for support. ECF No. 156 at 2. Dr. Golz points to the fact that the probate on the Estate closed on May 2, 2018. There are a few problems with this objection. *Jenkins* concerned a negligence lawsuit based upon an automobile accident which occurred between plaintiff and a decedent, ten months prior to the decedent's death. Two and a half years after the decedent's death and one and a half year after the personal representative was discharged, plaintiff filed his complaint against the decedent's estate, without seeking to reopen the estate. The appellate court upheld the dismissal of the action, concluding that because the alleged tortfeasor was dead and the personal representative had been discharged at the time the action was filed, there was no legal entity that could be named as a party defendant. 800 P.2d at 1359. However, *Jenkins* was abrogated twenty years later by the Colorado Supreme Court in *Currier v. Sutherland*, 218 P.3d 709 (Colo. 2009), which held that a deceased defendant's lack of capacity to be sued does not divest a court of subject matter jurisdiction over the case. *Id.* at 713-714 (Colo. 2009). Notwithstanding the fact that the law Dr. Golz cites is no longer good law on this issue, I am unconvinced that this line of case law is relevant here. HUD filed suit against the Estate and filed its amended complaint well before probate had closed.

Even more perplexing, however, is Dr. Golz's objection to Judge Hegarty's recommendation to dismiss the Estate on the basis that the Estate should be dismissed. Any arguments that Dr. Golz has about the Court's jurisdiction over the Estate, whether meritorious or not, are moot in light of the Estate's being dismissed as a party in this action, especially given that the Estate was dismissed on Dr. Golz's own motion.

Reading Dr. Golz's objection very broadly as he is proceeding pro se, I infer that perhaps Dr. Golz might be arguing that the lawsuit be dismissed against him personally as well, not just the Estate, though he does not ask for this relief in his motion or the objection. After analyzing the record, I agree with Judge Hegarty's findings of fact in the recommendation on Dr. Golz's motion, ECF No. 156, and in his subsequent recommendation on plaintiff's motion for summary judgment. Significantly, the deeds of trust held by HUD encumber the property. ECF No. 159 at 1-2. The notes and deeds of trust provide that the loan balance becomes immediately due and payable upon Ms. Golz's death. *Id.* at 3. The property, originally an asset of the Estate, was transferred to Dr. Golz by a Personal Representative's Deed. *Id.* at 4. Probate on the Estate closed on May 2, 2018 and the loan balance has not been paid. *Id.* Dr. Golz, as the owner of the property on which HUD holds the notes and deeds of trust encumbering the property, is properly designated as a party in this case. Dr. Golz offers no credible argument or competent summary judgment evidence that the promissory notes and deeds of trust that HUD holds on the property became invalid upon the property's transfer to Dr. Golz. This lawsuit continues against Dr. Golz upon the dismissal of the Estate.

B) **Dr. Golz's Other Objections.**

The bulk of Dr. Golz's remaining objections, ECF No. 163 at 5-15, are aimed not at Judge Hegarty's recommendation but instead at the order I issued denying Dr. Golz's motion to disqualify Judge Hegarty. *See* ECF Nos. 150, 155. Dr. Golz has claimed that Judge Hegarty's conduct of pretrial proceedings reflected both actual bias and the appearance of bias twice now, and, as I indicated earlier in this order, I have (twice) found that claim to be entirely without merit. ECF Nos. 125 at 5-8, 155 at 2-3. In the second order in which I had to address these claims, I warned Dr. Golz that "[a]sserting the same points again in the pending motion is nothing short of groundless, frivolous and vexatious litigation conduct. I would sanction this conduct were it not for the fact that Dr. Golz is an unrepresented party. I will not tolerate it in the future." ECF No. 155 at 3.

I have previously addressed Dr. Golz's concerns regarding the hearings and conferences conducted by Judge Hegarty in his case between December 18, 2018 and February 28, 2018. ECF No. 155 at 3-4. In his objections, Dr. Golz asserts the same theories about a conspiracy behind a nine-minute status conference on January 23 not being recorded by courtroom personnel and Judge Hegarty's efforts to assist the Estate in obtaining counsel from this district's civil pro bono panel. ECF No. 163 at 5-14. Because these objections merely restate arguments that I have previously found to be frivolous, groundless and vexatious on two other occasions, I overrule these objections.

Dr. Golz also requests that I bring a motion before the Court to disqualify myself from this case. ECF No. 163 at 16. The local rules of this district specify that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." D.C.COLO.LCivR. 7.1(d). Similarly, a motion cannot be included in an objection

13

to a recommendation but needs to be filed as a separate document.  This court has already informed Dr. Golz of this rule, *see* ECF No. 159 at 11 n.7, and though proceeding pro se, Dr. Golz must follow the same procedural rules as all other litigants.  *See, e.g., Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  Dr. Golz's grounds for this motion are that "one need look no further than the facts recounted in this Objection to recognize that the District Judge is automatically disqualified."  ECF No. 163 at 16.  Though Dr. Golz does not properly file this motion, in the interest of judicial economy, I note that he has made no allegations or arguments that would support disqualifying myself.

There are no objections to the remainder of the recommendations.  Based on my de novo review, this Court ADOPTS the recommendation, ECF No. 156, as the findings and conclusions of this Court.

### III. <u>Plaintiff's Motion for Summary Judgment.</u>

On December 12, 2018 plaintiff moved for summary judgment against Dr. Golz.  ECF No. 127.  Dr. Golz responded to this motion, ECF No. 144, and plaintiff filed a reply, ECF No. 147.  Judge Hegarty recommended that I grant plaintiff's motion for summary judgment.  ECF No. 159.  No party filed an objection.

Nevertheless, as indicted earlier, I have conducted a de novo review of Magistrate Judge Hegarty's Recommendation on the motion for summary judgment.  Based upon that review, which involved again reading the plaintiff's amended complaint, ECF No. 31, the amended answer, ECF No. 64, the plaintiff's motion for summary judgment, ECF No. 127, the parties' briefs, ECF No. 144, 147, and the recommendation, ECF No. 159, I agree with Judge Hegarty's factual and legal conclusions.  Therefore, the Court ADOPTS the recommendation, ECF No.

159, as the findings and conclusions of this Court. Accordingly, plaintiff is entitled to foreclose on the subject Home Equity Conversion Mortgage in this matter.

**ORDER**

1) The Recommendations of Magistrate Judge Hegarty, ECF Nos. 156, 159 are AFFIRMED and ADOPTED.

2) Defendant William J. Golz's Motion to Dismiss the Estate, ECF No. 103, is GRANTED and the Estate is dismissed as a party.

3) Plaintiff's Motion for Summary, ECF No. 127, is GRANTED and the Court enters judgment in plaintiff's favor.

4) The Court orders the Property to be foreclosed and orders a judicial sale in the manner specified in 28 U.S.C. §§ 2001-2002 and in the Amended Complaint, ECF No. 31 at 12-14.

5) As the prevailing party, plaintiff is awarded costs to be taxed by the Clerk of Court pursuant to Fed. R. Civ. P. 54 (d)(1) and D.C.COLO.LCivR 54.1.

DATED this 8th day of April, 2019.

BY THE COURT:

R. Brooke Jackson
United States District Judge