**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-CV-01152-RBJ-MEH

BENJAMIN S. CARSON,
    Secretary of Housing and Urban Development,

    Plaintiff,

v.

WILLIAM J. GOLZ,

    Defendant.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**FEB 06 2020**

JEFFREY P. COLWELL
CLERK

---

**DOCKETING OF DEFENDANT'S CORRESPONDENCE TO**
**CHIEF JUDGE BRIMMER IN CONFORMITY WITH**
**THE OCTOBER 23, 2019 ORDER (ECF NO. 211)**

---

Chief District Judge Philip Brimmer's October 23, 2019 Minute Order (ECF No. 211) (the "Order") directed that "[l]etters to judicial officers about the case are appropriately docketed." In conformity with that Order, Defendant, William Golz, Ph.D., ("Dr. Golz")[1] hereby dockets his correspondence to Judge Brimmer. This document is divided into three sections, each discussing facts from the court record documented in correspondence from Dr. Golz to Judge Brimmer, which is attached as Exhibits A–D.

---

[1] William Golz has earned first and second professional-degrees in civil engineering: BSCE (*cum laude*) and MSCE. For published research in partial-differential equations and formal logic, the LSU Departments of Civil Engineering and Mathematics awarded him the PhD (Louisiana Board of Regents' Fellow). Dr. Golz's academic degrees and engineering certification required twelve years of university education, a recurring requirement of references from professors and professional engineers, and demonstrated adherence to an ethical canon requiring candor, integrity, and public accountability.

1

The correspondence discussed in Sections I and II had as their princi-
pal subject the usurpation of probate court authority by District Judge Brooke Jack-
son and Magistrate Judge Michael Hegarty whom collaborated with Meredith
Callan, an attorney admitted to this court's bar, to perpetuate the purposes of the
usurped authority.  The facts evident on the face of the record constituted miscon-
duct that fell within Judge Brimmer's purview as a judicial officer responsible for
the adherence of his judicial colleagues to their oath and ethical canon and as a
chief district judge responsible for protecting the court from the disrepute that en-
sues when lawyers and judges violate court rules and the law.

Section III discusses Dr. Golz's October 2 and October 15, 2019 letters
to Judge Brimmer the subject of which was the omission of the statement of evi-
dence of the January 23, 2019 hearing from the record on appeal.

## I.     March 25, 2019 letter regarding Judicial Conduct Complaint No. 10-18-90008

The attached Index to Probate Court Case Documents and Federal
Claims of Authority Over Estate (Exh. A) provides a chronological listing of docket
dates and document numbers for probate court case-administration documents and
acts of Judges Jackson and Hegarty (the "Judges") regarding the closing of the es-
tate of Verna Mae Golz (the "Estate").

Dr. Golz, acting with the authority of the probate court, closed the Es-
tate on May 2, 2018. (*See* Exh. A, entries for Feb. 2, May 2, and May 7, 2018). On

2

May 8, 2018, the Judges repudiated their ministerial duty to note for the record that the Estate had been closed. (Exh. A, entry for May 8, 2018).  Judge Hegarty explicitly reaffirmed the court's denial of the closing of the Estate when he made his recommendation of August 28, 2018 (Exh. A, entry for Aug. 28, 2018), and when Meredith Callan left a voice message on January 8, 2019 advising Dr. Golz that: "I was contacted by Judge Hegarty to assist you on your case. You do need representation on the Estate matter." (Exh. A, entry for Jan. 8 and 11, 2019).  At the January 23, 2019 hearing, Judge Hegarty reiterated the court's claim of authority to refuse the probate court's closing of the Estate in his pronouncement that, "an estate can't represent itself.  It has to be represented by a lawyer" and that "I'll be issuing an order to show cause why a default should not be entered for ... the Estate of Verna Mae Golz failure to appear at a scheduled court hearing." (Exh. A, entry for Jan. 16 and 23, 2019).

On the day of the January-23 hearing, Dr. Golz requested a transcript but was advised by the transcriptionist that the hearing had not been recorded by the court. (Exh. B, Encl. 4, Exh. A at 5, which is ECF 150, Exh. A at 5).  Dr. Golz made requests to the Clerk, Jeffrey Colwell, for information on the FTR recording equipment in Courtroom A-501, the physical storage-location for master recordings, and for meta-data. (Exh. B, Encl. 4, Exh. A at 2, which is ECF 150, Exh. A at 2). Clerk Colwell disregarded those requests in his February 13, 2019 reply to Dr. Golz. (Exh. B, Encl. 1, Exh. A, which is ECF 163, Exh. A).  Dr. Golz then moved the court

on February 20 for orders to the Clerk for the requested forensic data from the FTR equipment. [ECF 150, at 4–5, Part II(B)].  Judge Jackson responded in a March 1, 2019 order that circumvented any discussion of the requests for forensic data which he aggregated in his concluding statement as the unnamed motions "for further orders, ECF No. 150, is DENIED." (ECF 155 at 4).[2]

The facts outlined above were documented in extensive appendices provided with letters to the Circuit Executive and Chief Circuit Judge, Timothy Tymkovich, dated January 31, February 4, and February 7, 2019, which were filed under Judicial Conduct Complaint No. 10-18-90008 (the "Complaint").  One month later, on March 7, 2019, the facts were abridged to, "the subject judge engaged in ex parte communications by asking an attorney to contact them regarding representing their mother's estate[,]"[3] in December 2018 and January 2019, pursuant to which the Complaint was dismissed.  Judge Tymkovich's abridgment omitted the well-documented material fact that the court had been noticed of the Estate's closure by the probate court in May 2018. (*See* Exh. A).

The facts documented in the Complaint and its appendices were transmitted with Dr. Golz's March 25, 2019 letter to Judge Tymkovich (Exh. B at 2)

---

2   Judge Jackson discussed his forensic analysis of whether recorded information existed in *A Just Cause v. United States*, where, " '[u]nfortunately,' the court wrote, 'this portion of the sidebar was not transcribed by the reporter.' " 45 F. Supp. 3d 1258, 1265 (D.Colo. 2014) [*and see* Judge H. Lee Sarokin, *The Case of the Missing Transcript* (Updated Jul. 5, 2014) https://www.huffpost.com/entry/the-case-of-the-missing-transcipt_b_5267338].

3   Available at http://www.ca10.uscourts.gov/sites/default/files/misconduct/10-18-90008.O.pdf.

which was copied to Judge Brimmer as an attachment to an email of even date. (Exh. B at 1). The March-25 letter enclosed about seventy pages of case filings that included Annette Golz's notes from the January-23 hearing submitted under penalty of perjury. (*See* Exh. B, Table of Enclosures).

## II.    May 4, 2019 transmittal of audio recordings and transcripts of Meredith Callan's voice messages and the January 23, 2019 hearing

On May 4, 2019, Dr. Golz sent two email messages to Judge Brimmer which attached audio recordings and transcripts of Ms. Callan's voice messages and the January 23, 2019 hearing. (Exh. C, which is ECF 176, Exh. D at 2 and 3).

## III.    Letters of October 2 and October 15, 2019 regarding omission from the ROA of the Statement of Evidence for the January 23, 2019 hearing

The purpose of Dr. Golz's October 15, 2019 letter to Judge Brimmer was to request the removal of Dr. Golz's October-2 letter from the docket to avert an opportunity for the facile misconstruction that Clerk Colwell had certified the statement of evidence of the January 23, 2019 hearing (ECF 204) ("Statement of Evidence") to the record on appeal ("ROA") in response to Dr. Golz's October-2 letter. (Letters of Oct. 2 and Oct. 15, 2019 are provided in Exh. D).

The Statement of Evidence was docketed on September 11, 2019 but was not certified by Clerk Colwell's office with the ROA on September 12. Because of the importance of that hearing transcript to the appeal, Dr. Golz addressed its omission in a September-12 email to Judge Jackson, Judge Hegarty, and Plaintiff's

5

counsel, copied to Judge Brimmer, which concluded: "I anticipate that the District Court will rectify their omission pursuant to Fed. R. App. P. 10(e)(2)(B) by transmitting a supplemental certified-record to the Tenth Circuit to include the omitted "[Attachment] (2) Statement of Evidence." (Exh. D, Oct.-2 letter to Judge Brimmer, Encl. 2).

Dr. Golz's October 2, 2019 letter to Judge Brimmer, copied to Clerk Colwell, advised that the Statement of Evidence had still not been certified to the ROA.  Clerk Colwell docketed his copy of the October-2 letter (ECF 208) on October 9, after Dr. Golz's October-7 motion to the appeals court to supplement the ROA (10th Cir. Docket No. 10685054) had been acted on by the Tenth Circuit which had retrieved the Statement of Evidence from the district court's CM/ECF system on October 8. (*See* 10th Cir. Docket No. 10685486).

DATED this 4th day of February, 2020.

Respectfully submitted,

William Golz, Ph.D.
29714 North 152nd Way
Scottsdale, Arizona 85262
Phone/Facsimile: (480) 816-5019
Email: wgolz@alumni.lsu.edu[4]
*Defendant, Pro Se*

4  Dr. Golz is served by mail only (is not a CM/ECF participant, is not always able to check email, and has not consented to service by email or any other electronic means). *See* Fed. R. Civ. P. 5(b)(2).

6